

David M. Fry
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0705
dfry@shawkeller.com

September 22, 2017

**BY CM/ECF**
The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

          Re:    *Consumer Financial Protection Bureau* v. *The National Collegiate Master Student Loan Trust et al.*, C.A. No. 17-1323

Dear Judge Sleet:

    I write on behalf of U.S. Bank National Association ("U.S. Bank"), in connection with the above-captioned action (the "Action").

    U.S. Bank serves as Indenture Trustee for the Indentures established for the debt securities that were issued by each of the defendants in the Action, fifteen discrete National Collegiate Student Loan securitization trusts (the "NCSLTs"). In addition, upon the resignation of the original Special Servicer in 2012, U.S. Bank also assumed the role of Successor Special Servicer for each of the NCSLTs.

    At the time of filing the Action, plaintiff Consumer Financial Protection Bureau also moved for court approval of a proposed Consent Judgment against the NCSLTs. The economic interests and contractual rights of noteholders of each of the debt securities will be affected by entry of the proposed Consent Judgment. In addition, both as Indenture Trustee and as Successor Special Servicer, U.S. Bank's contractual responsibilities will be affected if the proposed Consent Judgment is approved.

    On September 20, 2017, Ambac Assurance Corp. ("Ambac") moved to intervene and to request a briefing schedule (D.I. 4) to enable all interested parties to be given an opportunity to participate in the Court's consideration of whether to approve the proposed Consent Judgment. And on September 21, Transworld Systems Inc. submitted a letter to the Court indicating that it intended to intervene and oppose issuance of the proposed Consent Judgment.

    Since the filing of the Action earlier this week, U.S. Bank, as Indenture Trustee, has notified holders of the related debt securities issued pursuant to each Indenture of the proposed Consent Judgment. U.S. Bank believes that noteholders may provide instructions to U.S. Bank as Indenture Trustee to participate in the approval process, and also that some may seek to participate directly.

    There are numerous third parties whose economic and contractual interests would be directly affected by the Court's entry of the proposed Consent Judgment. Ambac's request for a defined briefing schedule would provide for an orderly approval process that in U.S. Bank's view would serve the public interest.

SHAW KELLER LLP
The Honorable Gregory M. Sleet
Page 2

                                Respectfully,

                                */s/ David M. Fry*

                                David M. Fry (No. 5486)

cc:    All Counsel of Record (via e-mail)

Carolyn Hahn, counsel for Plaintiff Consumer Financial Protection Bureau (via ECF)
Daniel Silver, counsel for National Collegiate Student Loan Trusts (via email)
James Kosch, counsel for National Collegiate Student Loan Trusts (via email)
Todd C. Shiltz, counsel for Intervenor Ambac (via ECF)
Allyson B. Baker, counsel for Transworld Systems Inc. (via email)
Jamie Edmonson, counsel for Transworld Systems Inc. (via ECF)
Stephen H. Meyer, Sullivan & Cromwell, LLP, counsel for U.S. Bank National Association