UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>THE NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST, *et al.*,<br><br>Defendants. | No. 17-CV-01323 (GMS) |

### NOTICE OF APPEARANCE BY OBJECTING NOTEHOLDERS AND REQUEST TO INTERVENE FOR THE LIMITED PURPOSE OF OBJECTING TO THE PROPOSED CONSENT JUDGMENT

PLEASE TAKE NOTICE that Andrew D. Cordo of Ashby & Geddes, PA, 500 Delaware Ave., P.O. Box 1150, Wilmington, Delaware 19899, hereby appears on behalf of: Waterfall Eden Master Fund, Ltd., Waterfall Delta Offshore Master Fund, LP, Waterfall Sandstone Fund, LP., Baldr Sherwood Fund, Inc., One William Street Capital Master Fund, Ltd., OWS ABS Master Fund II, L.P., OWS COF I Master, L.P., OWS Credit Opportunity I, LLC, and OWS Global Fixed Income Fund (USD-Hedged), Ltd., LibreMax Master Fund, Ltd., LibreMax Value Master Fund, Ltd.. LibreMax MSW Fund, Ltd., AG Mortgage Value Partners Master Fund, L.P., AG TCDRS, L.P., AG Pisgah, L.P., AG Super RMBS LLC, and AG Opportunistic Whole Loan Select, L.P. (together, the "Objecting Noteholders"). The Objecting Noteholders collectively own notes (the "Notes") with an aggregate face amount of approximately $1.4 billion, and hold Notes issued by each of the defendant Trusts (the "Trusts").

The Objecting Noteholders hereby move to intervene for the limited purpose of objecting to the Proposed Consent Judgment filed on September 18, 2017 (the "Proposed Order") by

{01246657;v1 }

plaintiff Consumer Financial Protection Bureau ("CFPB"), Dkt. 3-1. The Objecting Noteholders hereby join in the requests by Ambac Assurance Corporation ("Ambac"), Dkt. 4, Transworld Systems Inc., Dkt. 6, and GSS Data Services, Inc., Dkt. 7, that the Court refrain from entering the Proposed Order until all interested parties, including but not limited to the Objecting Noteholders, have received notice of the Proposed Order and have been afforded the opportunity to be heard on critically important issues impacting the Trusts.

### The Objecting Noteholders Should Be Granted Leave to Intervene

A nonparty should be granted leave to intervene where: (i) its application for intervention is timely; (ii) it has a sufficient interest in the litigation; (iii) the litigation threatens to impair or affect the nonparty's interest; and (iv) the existing parties to the litigation do not adequately represent the interests of the nonparty. *See*, *e.g.*, *Kleissler v. U.S. Forest Svc.*, 157 F.3d 964 (3d Cir. 1998).[1]

Inasmuch as this action was commenced earlier this week and assigned to this Court just two days ago, the Objecting Noteholders' application is timely. Intervention at this stage of the proceedings will not cause prejudice to any party and will not unduly delay the proceedings.

The Objecting Noteholders have an interest in this litigation by virtue of their ownership of Notes. *See Lansuppe Feeder, LLC v. Wells Fargo Bank, NA ex rel. Soloso CDO 2005-1 Ltd.*, 2015 WL 6455274, at \*\*3-4 (S.D.N.Y. Oct. 26, 2015) (granting motion to intervene by holders of notes issued by trust). The Proposed Order would impose a substantial -- and potentially irreparable -- injury on the Objecting Noteholders. As a preliminary matter, the Proposed Order contemplates that the Trusts, whose assets back and guarantee repayment on the Notes, pay at

---

[1] Virtually all of the grounds for intervention applicable to Ambac (and set forth in Ambac's Motion to Intervene and Request for Briefing Schedule, Dkt. 4), apply with equal force to the Objecting Noteholders.

least $19.1 million in civil penalties and other amounts and bear the costs of extraordinary audits and compliance efforts. More fundamentally, the Proposed Order threatens to vitiate the Objecting Noteholders' rights under the agreements governing the Trusts, including the Indentures. For example, the Proposed Order jeopardizes the payment of principal and interest to Noteholders under the Indentures by, among other things: (i) requiring that the Trusts direct the Special Servicer[2] and any Subservicer to cease all collection efforts related to the Trusts' underlying assets (student loans); (ii) establishing an "escrow" account for all monies received by the Trusts, including monies received in the ordinary course and therefore wholly unrelated to the conduct addressed by the Proposed Order; and (iii) replacing the priority of payments under the Indenture with a compliance regime that permits a self-interested "Board" acting (purportedly) on behalf of the Trusts to determine what amounts, if any, are paid to Noteholders.

Stated simply, the contracts governing the rights of Noteholders should not (and cannot be) rewritten without -- at an absolute minimum -- first affording Noteholders a full and fair opportunity to be heard.

Lastly, neither CFPB nor the Trusts adequately represent the interests of the Objecting Noteholders in connection with the Proposed Order. In the Proposed Order, CFPB seeks to impose upon the Trusts various fees and penalties, and to institute a compliance scheme that, as set forth above, threatens the Objecting Noteholders' core interests. The Trusts may only act through their service providers, and as more fully set forth in Ambac's motion, Dkt. 4: (i) it is not entirely clear at this point what person or entity is acting on behalf of the Trusts; and (ii) whether the person or entity acting for the Trusts actually has the authority to do so. If the entity

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Proposed Order.

purporting to act on behalf of the Trusts with respect to the Proposed Order is VCG Securities, LLC and/or its affiliates ("VCG"),[3] VCG lacks the authority to do so. Also, VCG does not represent the interests of the Objecting Noteholders. VCG, the Trusts' equity owner, has sought to enrich itself personally by, among other things, appointing VCG affiliates to lucrative positions servicing the Trusts, and restructuring the Trusts' servicing agreements to allow VCG's affiliates to acquire the Trusts' loans at a discount. VCG's wrongful attempt to appoint an affiliate to service loans held by the Trusts without obtaining the required approval of noteholders is currently the subject of ongoing litigation in this Court, in which certain of the Objecting Noteholders have challenged VCG's actions.[4]

## Conclusion

For the reasons set forth above, the Objecting Noteholders respectfully request that the Court grant them leave to intervene for the limited purpose of objecting to the Proposed Order, and to refrain from granting the CFPB Motion and approving the Proposed Order until such time as the Objecting Noteholders and all other interested parties have been given notice and an opportunity to intervene and/or otherwise be heard.

---

[3] VCG is the ultimate beneficial owner of the overwhelming residual equity interests in the Trusts.

[4] *See In the Matter of the National Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, and 2005-3*, C.A. No. 16-342-SLR (D. Del.).

|  |  |
|---|---|
|  | ASHBY & GEDDES, PA |
| Of counsel:<br>Michael Hanin<br>Kasowitz Benson Torres LLP<br>1633 Broadway<br>New York, New York 10019<br>Tel: (212) 506-1788<br>mhanin@kasowitz.com<br><br>Henry Brownstein<br>Kasowitz Benson Torres LLP<br>1399 New York Ave., NW<br>Washington, D.C. 20005<br>Tel: (202) 760-3403<br>hbrownstein@kasowitz.com | */s/ Andrew D. Cordo*<br>Andrew D. Cordo (#4534)<br>500 Delaware Ave. 8th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>Tel: (302) 654-1888<br>acordo@ashby-geddes.com<br><br>*Attorneys for the Objecting Noteholders* |

DATED:  September 22, 2017