IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>THE NATIONAL COLLEGIATE STUDENT LOAN MASTER TRUST, *et al.*<br><br>Defendant. | C.A. No. 17-1323-GMS |

## WILMINGTON TRUST COMPANY'S MOTION TO INTERVENE

Wilmington Trust Company ("WTC") in its capacity as Owner Trustee[1] of The National Collegiate Master Student Loan Trust I, The National Collegiate Student Loan Trust 2003-1, The National Collegiate Student Loan Trust 2004-1, The National Collegiate Student Loan Trust 2004-2, The National Collegiate Student Loan Trust 2005-1, The National Collegiate Student Loan Trust 2005-2, The National Collegiate Student Loan Trust 2005-3, The National Collegiate Student Loan Trust 2006-1, The National Collegiate Student Loan Trust 2006-2, The National Collegiate Student Loan Trust 2006-3, The National Collegiate Student Loan Trust 2006-4, The National Collegiate Student Loan Trust 2007-1, The National Collegiate Student Loan Trust 2007-2, The National Collegiate Student Loan Trust 2007-3, The National Collegiate Student Loan Trust 2007-4 (collectively, the "Trusts") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 24(a)(2), to intervene in the above captioned matter (the "Motion"). In support of the Motion, WTC states as follows:

---

[1] Capitalized terms not defined herein shall have the meanings attributed to them in the various and nearly identical trust agreements that govern the Trusts (collectively, the "Trust Agreements").

1

## FACTUAL BACKGROUND

1. The Trusts act through the Owner Trustee. (Ex. A §§ 2.03(b)(i), 2.03(b)(iv); 4.02.) The Trusts were created to "acquire a pool of Student Loans[,]" "enter into the Trust Related Agreements and to provide for the administration of the Trust and the servicing of the Student Loans[,]" "engage in those activities and to enter into such agreements that are necessary, suitable or convenient to accomplish the foregoing or are incidental thereto or connected therewith[,]" and conserve "Trust Property and Distributions to Owners." (*Id.* at § 2.03(a).) The Owner Trustee acts pursuant to the authority granted to it under the Trust Agreements or any Trust Related Agreement,[2] and can be directed by the Owners[3] or the Administrator (*Id.* at §§ 4.01(a); 8.01.) The Owner Trustee does not have discretionary management or regulatory responsibilities, but serves principally as an accommodation party that receives *de-minimus* annual compensation and ensures the Trusts' compliance with Section 3807 of the Delaware Statutory Trust Act. DEL. CODE ANN. tit. 12, § 3807. The Administrator is responsible for management of the Trusts' compliance with the Trust Related Agreements. (*See* Ex. A at § 8.03.)

2. If a conflict exists between an instruction given by the Owners and the terms of the Trust Agreements or the Trust Related Agreements, the Trust Agreements and Trust Related Agreements control. (*See* Ex. A at §§ 2.03(a); 4.02(a)(i) and 4.02(b).) The Owners have an affirmative duty ***not*** to direct the Owner Trustee to take action "contrary to [the Trust

---

[2] "Trust Related Agreements" are defined in the Trust Agreements to include the Trusts' Indentures and other operative documents. (Ex. A at 7.)

[3] A dispute is pending in the Court of Chancery of the State of Delaware about whether NC Owners, LLC, Pathmark Associates LLC, NC Residuals Owners Trust (collectively, the "Purported Owners") validly own all of the beneficial interests of the Trust, and whether they have the power to direct the Owner Trustee under the Trust Agreements (the "Ownership Dispute").

Agreements] or any Trust Related Agreement[,]" and the Owner Trustee is not "obligated to follow such direction, if given." (*Id.* at §4.02(b)) The Trust Agreements further allow the Owner Trustee to decline to act under other circumstances. (*Id.* at §§ 4.02(a), 4.02(c) (providing additional Owner Trustee protections).)

3. On July 5, 2017, after at least several months of negotiation with the United States Consumer Financial Protection Bureau (the "CFPB") without WTC's involvement, the Purported Owners directed WTC, as Owner Trustee on behalf of the Trusts (the "CFPB Instruction"), to execute a consent order proposed by the CFBP (the "Consent Order"). WTC declined to execute the Consent Order in light of the Ownership Dispute and because WTC, in reliance upon the advice of counsel, determined that the CFPB Instruction was contrary to the Trust Agreements because the terms of the Consent Order would contravene the Trusts' Indentures.

4. On July 20, 2017, WTC served the Purported Owners with notice of its resignation as Owner Trustee. Under the terms of the Trust Agreement, WTC's resignation as Owner Trustee cannot take effect until a successor Owner Trustee is appointed. (Ex. A at §12.01(a).) To date, the Purported Owners have not appointed a successor Owner Trustee. WTC has moved the Court of Chancery of the State of Delaware to appoint a successor Owner Trustee; the Purported Owners have moved the Court of Chancery to extend the deadline to appoint a successor Owner Trustee. Both motions are pending before the Court of Chancery.

5. After WTC declined to follow the CFPB Instruction and execute the Consent Order, the CFPB filed a complaint against the Trusts in this Court on September 18, 2017 (the "CFPB Complaint"). (D.I. 1.) The CFPB Complaint seeks relief for various violations of the Consumer Financial Protection Act of 2010 resulting from the Trusts' alleged use of false and

misleading affidavits and improperly notarized affidavits in collection actions, filing of frivolous lawsuits, and efforts to collect time-barred debt. (*Id.*) The CFPB Complaint attached a proposed consent judgment purportedly negotiated between the CFPB and the Trusts (the "Proposed Consent Judgment"). The Proposed Consent Judgment was signed by McCarter & English LLP ("McCarter") in its purported capacity as legal counsel to the Trusts. (*Id.*) The Trust Agreements do not authorize McCarter to execute documents on behalf of the Trusts; WTC has never executed a retention agreement with McCarter for this purpose, and WTC does not believe that the Proposed Consent Judgment has been validly executed.[4] Even if McCarter had such authority, it would not be permitted under the Trust Agreements to bind the Trusts to the Proposed Consent Judgment, which contains substantially the same terms as the Consent Order and, at a minimum, contravenes the Trust's Indentures.

6. In response to the CFPB Complaint, numerous parties including various servicers, the Administrator, the Note Insurer, and other interested parties moved to intervene in this action asserting, *inter alia*, that the Proposed Consent Judgment contravenes the Trusts' Indentures and other Trust Related Agreements. (D.I. 4, 9, 11, 12, 20.)

**ARGUMENT**

7. Pursuant to Federal Rule of Civil Procedure 24(a)(2), intervention is permitted as of right when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). To intervene as of right, WTC must make a

---

[4] That ability rests solely with the Owner Trustee or other agents of the Trusts selected pursuant to the Trust Agreements acting in full compliance with the Trust Agreements. (Ex. A at § 2.03(b)(i), (b)(iv); § 4.02.)

4

timely application for leave to intervene and prove that (1) it has a sufficient interest in the litigation; (2) that the interest will be impaired or affected, as a practical matter, by the disposition of the action, and (3) inadequate representation of the prospective intervenor's interest by existing parties to the litigation. *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998); *see also Endoheart AG v. Edwards Lifesciences Corp.*, Civil Action No. 14-1473-LPS-CJB, 2015 WL 6956603, at *1 (D. Del. Nov. 6, 2015). WTC bears the burden of demonstrating each of these elements. *Delaware Valley Citizens' Council for Clean Air v. Pennsylvania*, 674 F.2d 970, 974 (3d Cir. 1982); *Olympic Sports Data Servs., Ltd. v. Maselli*, Civil Action No. 07-117, 2008 WL 5377626, at *2 (E.D. Pa. Dec. 22, 2008) (citing 6 James W. Moore et al., *Moore's Federal Practice-Civil* § 24.03 (3d ed. 2008)).

8.  The Court should permit WTC to intervene as a matter of right because this application is timely. To determine whether an application is timely, the Court considers (1) the stage of the proceedings when the movant seeks to intervene; (2) possible prejudice caused to other parties by delay; and (3) the reason for delay. *Donovan v. United Steelworkers of Am., AFL-CIO*, 721 F.2d 126, 127 (3d Cir. 1983). The CFPB Complaint was filed on September 18, 2017. WTC moved to intervene on October 6, 2017, before the deadline to file a responsive pleading had passed. There is no conceivable prejudice to any other party and WTC did not delay in filing this motion. The Court should find that WTC timely intervened and grant the motion.

9.  There can be no dispute that WTC has an interest in the subject matter of the litigation. WTC is indisputably the Owner Trustee of the Trusts. Though WTC resigned as Owner Trustee on July 20, 2017, WTC remains the Owner Trustee until a successor Owner

Trustee is appointed. Until such time as a successor Owner Trustee is appointed, WTC retains an interest in the Trusts through its role as Owner Trustee.

10. The Proposed Consent Judgment will impair WTC's interest in the Trusts for at least two reasons. First, it will require the Owner Trustee to take action in violation of the Trust Agreements and the Trust Related Agreements. To that end, and based on the CFPB Complaint, the Purported Owners have already instructed WTC to take action pursuant to the Proposed Consent Judgment in violation of the Trust Agreements. Second, the Consent Order, at least implicitly, will permit McCarter (or other agents designated by the Purported Owners) to act on behalf of the Trusts – a power that rests exclusively with the Owner Trustee or agents selected by the Owner Trustee as provided in the Trust Agreement. The Court should not permit any party to act (or direct the Owner Trustee to act) in the name of Trusts without the proper authority or in a matter that contravenes the Trust Agreements or the Trust Related Agreements.

11. Finally, none of the existing parties to this action will adequately represent WTC's interests in this dispute. The Trusts cannot act, other than through the Owner Trustee with proper direction from the Owners or Administrator. The Purported Owners have already sought to avoid WTC's scrutiny of their instructions by having their counsel, McCarter, execute the Proposed Consent Judgment. The CFPB does not have any interest in the administration or operation of the Trusts; its charge is to protect consumers allegedly harmed by the Trusts.

## CONCLUSION

For the foregoing reasons, the Court should grant WTC's motion to intervene and permit WTC to intervene in this matter for so long as WTC serves as Owner Trustee of the Trusts.

October 6, 2017

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (sb4952)
Sara E. Bussiere (sb5725)
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Proposed Intervenor Wilmington Trust Company*