IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | : : : | C.A. No. 17-1323 (GMS) |
| Plaintiff, | : : | |
| v. | : : | |
| THE NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST et al., | : : : | |
| Defendants. | : | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF AMBAC ASSURANCE CORPORATION'S MOTION TO
INTERVENE AND REQUEST FOR A BRIEFING SCHEDULE**

Proposed Intervenor Ambac Assurance Corporation ("Ambac") submits this reply memorandum of law in further support of its motion to intervene in this action to oppose the Proposed Consent Judgment (D.I. 3-1) filed on September 18, 2017, by plaintiff Consumer Financial Protection Bureau (the "CFPB") and by persons purporting to act on behalf of the defendant student-loan securitization trusts (the "Owners").

**PRELIMINARY STATEMENT**

Neither the CFPB nor the Owners oppose Ambac's motion to intervene. But the CFPB's response to Ambac's motion nevertheless improperly seeks to circumscribe the scope of Ambac's intervention. Moreover, the CFPB misstates the contents of key terms of the governing Trust-related Agreements, the plain language of which demonstrates that the Proposed Consent Judgment ("Proposed Order") is defective. The Proposed Order was not executed by the Trusts' authorized representative and gives discretion over the distribution of millions of dollars to a self-interested party, all in complete disregard of governing trust documents.

Although Ambac continues to believe that full briefing on these issues is needed once the pending motions to intervene are resolved, it submits this reply to clarify the breadth of its intervention and to correct the CFPB's misstatement of what the Trust Agreements require.

## ARGUMENT

### I. AMBAC'S INTERVENTION SHOULD NOT BE "LIMITED" TO BRIEFING PROPOSED REMEDIES UNDER THE PROPOSED CONSENT JUDGMENT

As fully set forth in Ambac's motion, Ambac is entitled to intervene to challenge the validity of the Proposed Order, including the purportedly consented-to facts and remedies contained therein. Ambac Mot. to Intervene (D.I. 4). The CFPB and the Owners have now filed their responses to Ambac's motion, and neither opposes Ambac's motion. CFPB Br. (D.I. 54) at 3 (CFPB "does not oppose the motion[] to intervene filed by Ambac"); Owners' Br. (D.I. 55) at 2 ("The Trusts do not oppose the Court permitting the proposed intervenors to appear in this action . . . .").

The only challenge that either party has raised to Ambac's right to intervene is merely one of scope. The CFPB asserts—incorrectly—that "[n]one of the movants claim to intervene for the purpose of disputing the Trusts' liability for the debt collection misconduct alleged in the Complaint," and for this reason, Ambac's motion to intervene should be granted only "for the limited purpose of presenting briefing on [its] position regarding the remedies ordered by the Proposed Consent Judgment." CFPB Br. at 30. In so arguing, the CFPB overlooks a fundamental premise of Ambac's efforts to intervene: that the Proposed Order improperly seeks to impose drastic remedies against the Trusts—whom CFPB admits "have no employees" and whose operations are instead carried out "through various third parties," CFPB Br. at 4—and not against the entities the CFPB accuses of having engaged in wrongful servicing practices.

To be clear, Ambac vigorously disputes the notion that the Trusts should or can be held liable for the alleged wrongdoing of other entities. The CFPB has admitted that certain loan subservicers are the *only* entities accused of actual wrongdoing. *See* CFPB Br. at 6, 10, 15, 25; *see also* D.I. 56 (CFPB reasserting that various non-servicer parties are not accused of misconduct). Instead of targeting the purported wrongdoers, the Proposed Order seeks to improperly penalize investors and other parties that the CFPB recognizes are not at fault.[1]

Moreover, Ambac opposes the Proposed Order's attempt to rewrite the governing trust documents. Contrary to the CFPB's contention that the Court need not "wade into the labyrinth of trust-related agreements to determine whether to enter" the Proposed Order, CFPB Br. at 2–3, an understanding of those agreements is critical to comprehending how the Proposed Order both misconstrues the Trusts', Owners', and Subservicers' roles in these transactions and subverts longstanding, core assumptions on which the structured finance market is based. Ambac Mot. to Intervene at 2–3, 8–10.

Finally, it bears emphasizing that Ambac has consistently asked this Court for full briefing on the myriad issues plaguing the Proposed Order. Ambac's motion to intervene does not, and does not purport to, set forth a comprehensive listing of the problematic aspects of the Proposed Order. As even the Owners' response acknowledges, those issues are not yet briefed before the Court and will be addressed "in due course." Owners' Br. at 2. For now, it is enough to note that in opposing entry of the Proposed Order, Ambac opposes many of the factual findings and legal conclusions contained therein.[2]

---

[1] In the event the Proposed Order is rejected, and the CFPB maintains the underlying allegations against the Trusts or raises other matters which implicate Ambac's rights and interests, Ambac reserves the right to be heard before any relief is granted.

[2] CFPB's attempt to limit Ambac's intervention is particularly questionable here given that CFPB knowingly excluded Ambac from the investigation and ensuing settlement negotiations. Additionally,

Ambac therefore respectfully renews its request that it be permitted to intervene to contest all facets of the Proposed Order and the allegations on which it is based, and not limited merely to the propriety of the relief sought under the Proposed Order.

## II. THE CFPB'S RESPONSE DEMONSTRATES THAT THE PROPOSED ORDER IS INVALID

On multiple occasions in its response, the CFPB asserts that it was entitled to enter into the Proposed Order with the Owners' counsel, McCarter & English, and that the Proposed Order is binding on the Trusts because "the Trust Agreements explicitly give the Owners the authority to 'compromise any claim or lawsuit brought by or against the Trust.'"  CFPB Br. at 7 (citing Trust Agreement (D.I. 13-1) § 4.01(b)(i)); *see also id.* at 25 ("[T]he Trust-Related Agreements grant the Owners the right to compromise lawsuits brought against the Trusts, and here, a Proposed Consent Judgment was negotiated and agreed to by the Owners (with counsel appointed with the participation of WTC) pursuant to that authority.").

This claim is squarely contradicted by the very Trust Agreement sections the CFPB cites. It is the ***Owner Trustee*** who has the authority under section 4.01(b)(i) of the Trust Agreement to "compromise any claim or lawsuit brought by or against the Trust"— ***not*** the Owners, and certainly not a law firm that was never validly retained.[3]  WTC Mot. to Intervene (D.I. 31) ¶ 5 n.4.  Indeed, the Owner Trustee, WTC, has made clear that it ***refused*** the Owners' instruction to enter into the Proposed Order with the CFPB on the Trusts' behalf because the Proposed Order's terms violate certain trust governing documents, *id.* ¶ 3, and the CFPB does not dispute that it

---

agents acting on behalf of the Owners and purportedly on behalf of the Trusts denied Ambac's records request about the investigation.  Ambac Mot. to Intervene at 7.

[3] It should be noted that even the Owner Trustee's authority to compromise claims against the Trusts is constrained by the Indentures under which all trust assets are pledged to the Indenture Trustee, and therefore the Owner Trustee cannot take any action that would cause the Trusts to violate the Indentures (as the Proposed Order clearly does).

4

was on notice of WTC's refusal to carry out that instruction.  *See* Ambac Mot. to Intervene at 9 n.3.  And while the CFPB suggests that the Owner Trustee initially agreed to let the CFPB negotiate the Proposed Order with the McCarter & English firm, the Owner Trustee's motion to intervene contradicts the CFPB's suggestion.[4]  WTC Mot. to Intervene ¶ 5.

Based on this evident misunderstanding of, or indifference to, the express terms of Trust-related Agreements, the CFPB and the Owners negotiated—and now seek the Court's imprimatur for—an order that would impermissibly reform the underlying trust agreements, and punishes a variety of innocent third parties instead of the alleged wrongdoers.  While Ambac appreciates the CFPB's goal of protecting consumers, the means the CFPB has chosen here to effectuate that end would gratuitously upend a highly negotiated financial securitization in violation of third parties' bargained-for contractual rights.

Ambac should be allowed to intervene to fully oppose entry of the Proposed Order.

## CONCLUSION

Ambac respectfully renews its request that this Court grant Ambac's unopposed motion to intervene as of right pursuant to Rule 24(a), or alternatively with permission pursuant to Rule 24(b), so that it can be heard regarding all aspects of the Proposed Order and the allegations underlying it.  Ambac also respectfully requests that this Court refrain from granting the CFPB's motion to approve the Proposed Order until all interested parties have been given (a) an opportunity to intervene and (b) an opportunity to be heard.

---

[4] Nor does the CFPB explain how the McCarter & English firm was authorized to execute the Proposed Order on behalf of the Trusts.  Indeed, it was not so authorized.

November 20, 2017

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

   */s/ Kurt M. Heyman*
Kurt M. Heyman (# 3054)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
302-472-7302
kheyman@hegh.law

*Attorneys for Proposed Intervenor
Ambac Assurance Corporation*

*Of Counsel:*

Erik W. Haas
Peter W. Tomlinson
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000