IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) ) ) ) |
| Plaintiff, | ) ) C.A. No. 17-1323-GMS |
| v. | ) ) ) |
| THE NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## MOTION TO WITHDRAW AS COUNSEL

Pursuant to D. Del. L.R. 83.7, the law firm of McCarter & English, LLP ("Counsel") hereby moves for leave to withdraw as counsel for Defendants National Collegiate Master Student Loan Trust, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-4 (collectively, "Defendants") in the above-captioned action, effective immediately upon the Court's grant of such leave. In support thereof, Counsel states as follows:

1

1. This action arises out of an investigation by the Consumer Financial Protection Bureau ("CFPB") into certain practices of Defendants and their various agents, servicers and the like.

2. Defendants retained Counsel to represent Defendants in connection with the underlying investigation, which resulted in an agreement between Defendants and CFPB. CFPB commenced this action seeking Court approval of the agreement reached between it and Defendants.

3. Due to litigation in other fora between Defendants and certain of their agents, servicers and the like, Defendants apparently have been unable to pay the substantial legal fees owed to Counsel, despite agreement from Defendants that such legal fees were incurred and are owed to Counsel.

4. Counsel advised Defendants in September 2017, and several times thereafter, of their intent to withdraw from further representation of Defendants, and provided Defendants with ample opportunity to secure replacement counsel and/or make provisions for payment, but Defendants have been unable to do so.

5. Accordingly, Counsel respectfully requests leave to withdraw from representing Defendants in the above-referenced action.

6. Pursuant to D. Del. L.R. 83.6(d), Counsel's motion is governed by the Model Rules of Professional Conduct of the American Bar Association. Counsel is also governed by the Delaware Rules of Professional Conduct.

7. Model Rule 1.16(b) and Rule 1.16(b) of the Delaware Rules of Professional Conduct are identical, and they provide for permissive withdrawal as counsel when any of the following situations exist:

> (a) withdrawal can be accomplished without material adverse effect on the interests of the client…
>
> (e) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (f) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client…

Model Rule 1.16(b) and Delaware Rule 1.16(b).

8. Leave to withdraw should be granted based on each of the above-quoted provisions of Model Rule 1.16(b). At all relevant times, Counsel has acted to protect the rights and interests of Defendants. Counsel has strived to maintain the attorney-client relationship, but cannot continue representing Defendants under the circumstances. Moreover, as Counsel intends to take legal action to seek to recover the substantial fees owed to it by Defendants, continued representation would pose a conflict of interest.

9. Withdrawal can be accomplished without material adverse effect on Defendants, pursuant to Model Rule 1.16(b)(1), because there are no imminent deadlines by which Defendants must take action and Counsel has provided Defendants with more than sufficient notice to identify and retain replacement counsel.

10. The retention agreement whereby Defendants engaged Counsel to represent them in connection with this matter memorializes Defendants' agreement that the fees billed by Counsel would be based upon hourly rates, and that payment would be due promptly upon receipt of Counsel's monthly statements.

11. Defendants have accrued significant unpaid fees and expenses for Counsel's services, and Counsel has been unable to resolve the issue with Defendants.[1] Despite the continuing accrual of unpaid fees and Defendants' failure to retain substitute counsel to date, Counsel has maintained its representation of Defendants in this matter. Counsel informed Defendants that it would have no alternative but to withdraw unless the unpaid fees were addressed. Counsel's withdrawal is accordingly justified under Model Rule 1.16(b)(5).

12. Pursuant to Model Rule 1.16(b)(6), the representation has been rendered unreasonably difficult by the non-payment of costs and attorneys' fees by Defendants. The continued representation of Defendants without payment constitutes an unreasonable financial burden on Counsel.

13. To date, to Counsel's knowledge, despite notice many months ago, Defendants have not retained substitute counsel. However, courts routinely grant motions to withdraw upon similar circumstances, even before the party has retained substitute counsel. *See Buchmeier v. G&G Investments, Inc.*, 222 F. App'x 160, 163 (3d Cir. 2007) ("Courts, often in unpublished opinions, will permit withdrawal and then inform the corporation that it cannot go forward without retaining new counsel."); *id.* at 163 n.3 (collecting cases from various district courts); *WebXchange Inc. v. Dell Inc.*, C.A. No. 08-132-SLR, D.I. 244 (D. Del. July 11, 2011) (granting motion to withdraw and ordering corporation to retain substitute counsel). Accordingly, Counsel respectfully requests that it be permitted to withdraw and that Defendants be afforded a reasonable period of time to retain new counsel.

---

[1] Should the Court request additional information, Counsel will submit it to the Court for *in camera* review.

14. Pursuant to Local Rule 83.7, a copy of this motion will be served on Defendants by email and certified mail.

15. Pursuant to Local Rule 7.1.1, Counsel has conferred with counsel for CFPB concerning this motion. CFPB has indicated that it does not oppose this motion.

16. Once the deadline for objections passes, Counsel will alert the Court whether the Motion is unopposed and present the Motion to the Court for decision.

### **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 83.7**

Pursuant to D. Del. L.R. 83.7, Counsel will cause copies of the present motion papers to be served on the client, by electronic mail and certified mail on July 10, 2018, which is at least 14 days prior to the date that the Motion will be presented to the Court for decision.

### **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1.1**

Pursuant to D. Del. L. R. 7.1.1, Counsel has apprised CFPB of the relief sought in this Motion. CFPB has stated no intent to oppose this motion. Defendants have advised that they will not oppose the Motion.

WHEREFORE, Counsel respectfully requests that this Court enter an order, in the form attached hereto, withdrawing Counsel as counsel of record for Defendants in the above-captioned action.

Dated: July 10, 2018                                  McCARTER & ENGLISH, LLP

<u>/s/ Daniel M. Silver</u>
Daniel M. Silver (# 4758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
*dsilver@mccarter.com*

*Attorneys for Defendants*