1700 G Street NW,
Washington, DC 20552



September 28, 2018

VIA ECF

The Honorable Maryellen Noreika
United States District Judge
United States Courthouse
844 N. King Street
Wilmington, DE 19801

Re:   *Consumer Financial Protection Bureau v. National Collegiate Master Student Loan Trust, et al.,* No. 17-cv-01323(MN)

Dear Judge Noreika,

   The Bureau of Consumer Financial Protection ("Bureau") files this letter in response to the September 21, 2017 order permitting the Bureau to address the effect of Defendants' inability to secure substitute counsel on the pending motions to intervene. ECF No. 84 at 2. The intervention motions are fully briefed, including by Defendants, and the Bureau believes that the Court can resolve these motions on the papers.

   If, however, the Court requests further briefing or oral argument on the intervention motions, the Defendants will not be able to present their position absent representation. Defendants are 15 Delaware statutory trusts, and as such, cannot appear in this matter without counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993) (holding that the rule that a corporation must be represented by counsel in federal court "applies equally to all artificial entities"); *In re Olick,* 571 Fed.Appx. 103, 106 (3d Cir. 2014) ("[W]ithout counsel the Trust may not appear in federal court"); *Marin v. Leslie,* 337 Fed. Appx. 217, 220 (3d Cir. 2009) ("To assert these claims on behalf of the trust, [individual plaintiff] would need to retain counsel"); *Knoefler v. United Bank of Bismarck,* 20 F.3d 347, 348 (8th Cir.1994) (holding that a nonlawyer cannot represent the interest of a trust in federal court).

   Furthermore, if Defendants remain unable to secure new representation, they will not be able to participate in the Court's consideration of whether to enter the Proposed Consent Judgment, an issue which likely will be contested if the Court grants any of the

intervention motions.[1] The Proposed Consent Judgment represents an agreement reached by the Bureau and Defendants after a multiyear investigation and extensive arm's length negotiations. Neither the Bureau nor any proposed intervenor can represent Defendants' interests on the question of whether or not to enter the Proposed Consent Judgment.

Specifically, many of the intervention motions suggest that the proposed intervenors will oppose the Proposed Consent Judgment, at least in part, on the basis that its terms contravene various provisions of the trust-related agreements. For example, U.S. Bank in its capacity as Indenture Trustee argues that "the Proposed Consent places the interests of equity holders ahead of those of debt holders in contravention of the deals' Governing Contracts." ECF No. 36 at 8. While the Bureau does not concede the merits of this or similar arguments, Defendant Trusts, not the Bureau, are signatories to these trust-related agreements. Without the presence of Defendants, the Court would potentially have to address the impact of the Proposed Consent Judgment on these agreements without obtaining the position of the Trusts.

The Court may find the Trusts' perspective particularly valuable given the multiple pending lawsuits among various parties to the trust-related agreements, including one in District of Delaware where the Court adopted the Trusts' interpretation. That matter addressed the payment of fees to a servicer to the Trusts. Judge Bataillon, adopting the Report and Recommendation of Magistrate Judge Fallon, held that the servicer Odyssey was properly retained by the Trusts as a loan servicer and entitled to payment for its services. *U.S. Bank v. National Collegiate Student Loan Trust et al.*, 2018 WL 4462369 (D. Del. Sep. 18, 2018).[2]

As a party to the Proposed Consent Judgment, the Bureau believes that Defendants should be heard on the merits of this litigation.

Respectfully submitted,

KRISTEN DONOGHUE
Enforcement Director

DEBORAH MORRIS
Deputy Enforcement Director

ALUSHEYI WHEELER
Assistant Litigation Deputy

---

[1] The Bureau did not oppose the intervention motions of U.S. Bank (in its capacity as Indenture Trustee and Special Servicer) and Ambac.

[2] The Owners of the Trusts also obtained a judgment in the Delaware Chancery Court that they obtained their ownership interest consistent with Trust Agreement provisions regarding the proper ownership of the Trusts. *See* ECF No. 74, Notice of Supplemental Authority (Dec. 6, 2017).

/s/ Carolyn Hahn
(E-mail: Carolyn.Hahn@cfpb.gov)
(Phone: 202-435-7250
Gabriel Hopkins
(E-mail Gabriel.Hopkins@cfpb.gov)
(Phone: 202-435-7842)
*Enforcement Attorneys*
Bureau of Consumer Financial Protection
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

For the Bureau of Consumer Financial Protection

**cc: All counsel of record (via CM/ECF)**
  Lance Goettenhoffer at lgottoffer@chaitmanllp.com