**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU<br><br>    Plaintiff,<br><br>    v.<br><br>THE NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST, et al.<br><br>    Defendants. | C.A. No. 17-cv-01323 (MN) |

**STIPULATED PROTECTIVE ORDER**

This matter having come before the Court pursuant to Fed. R. Civ. P. 26(c) and Plaintiff, the

Consumer Financial Protection Bureau ("Bureau"), and Ambac Assurance Corporation (Ambac),

Transworld Systems Inc. (TSI), the Objecting Noteholders, Pennsylvania Higher Education

Assistance Agency (PHEAA), GSS Data Services, Inc. (GSS), Wilmington Trust Company, and

U.S Bank National Association (U.S. Bank), separately, in its capacities as Successor Special

Servicer and as Indenture Trustee (Intervenors), (collectively with the Bureau, "Parties"), having

stipulated to the process set forth herein, it is hereby ORDERED:

1.  PURPOSES AND LIMITATIONS

Discovery in this Action may involve production of confidential, proprietary,

or private information requiring special protection from public disclosure and from use for any

purpose other than prosecuting this litigation. Accordingly, the Parties hereby stipulate to and

petition the Court to enter this Stipulated Protective Order. The Parties acknowledge that this

1

Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties also acknowledge the statutory obligations and regulatory permission of the Bureau to share confidential information under this Order with other federal and state agencies. This Order also sets forth procedures for initially filing Protected Material under seal. This Order does not govern the use at trial of material designated under this Order.

This Order also clarifies that the Parties are not required to file discovery requests or materials in the docket of this Action pursuant to Local Rule 5.4.

2.  DEFINITIONS

2.1 Action: this case, *Consumer Financial Protection Bureau v. The National Collegiate Master Student Loan Trust, et al.*, Case No. 17-cv-01323 (MN), pending in the United States District Court for the District of Delaware.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 CONFIDENTIAL: any information, document, thing, or portion of any document or thing ("Material"): (a) that reflects a trade secret or other confidential research, development, or commercial information; (b) that reflects private or confidential personal information (including non-public personal information within the meaning of 12 C.F.R. § 1016.3(p)(1)); or (c) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure (regardless of how it is generated, stored, or maintained).

2.4 <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL.

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, unless and until such person is excluded by order of the Court.

2.8 <u>Final Disposition</u>: the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion of trial, including in both cases the exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.9 <u>In-House Counsel</u>: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, trust, or other legal entity that is not a Party.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to currently represent or advise a Party to this Action and have a current appearance in this Action on behalf of that Party or are affiliated with a law firm that has a

current appearance on behalf of that Party, including support staff.

2.12 <u>Party</u>: the Bureau and the Intervenors, including all of their officers, directors, employees, consultants, contractors, retained experts, and Outside Counsel of Record. The defendant National Collegiate Student Loan Trusts will each be a Party if and when they are represented in this Action and join in this Stipulated Protective Order.

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation-support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as CONFIDENTIAL.

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, presentations, or other disclosures by Parties or Non-Parties who have executed Exhibit A that might reveal Protected Material. The following information shall not be deemed or considered Protected Material under this Stipulated Protective Order: (a) information in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a

4

violation of this Order, including becoming part of the public record through trial or otherwise;
(b) information known to the Receiving Party prior to the disclosure or obtained by the
Receiving Party after the disclosure from a source who obtained the information lawfully and
under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This
Order does not govern the use of Protected Material at trial, except as stated explicitly herein.

4.   DESIGNATING PROTECTED MATERIAL

4.1 <u>Designating Discovery Material as Protected Material</u>. A Producing Party may designate
Discovery Material "CONFIDENTIAL" if the Producing Party has a good faith belief that
the material reflects CONFIDENTIAL information, regardless of whether it is embodied in
physical objects, documents, or the factual knowledge of persons, and which has been so
designated by the Producing Party.

4.2 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-
Party that designates information or items for protection under this Order must take care to
limit in good faith any such designation to specific material that qualifies under the
appropriate standards. If it comes to a Designating Party's attention that information or items
that it designated for protection do not qualify for protection, that Designating Party must
promptly notify all other Parties that it is withdrawing the inapplicable designation.

4.3 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as
otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
under this Order must be clearly so designated at the time the material is disclosed or
produced, or, if it is impractical for the Producing Party to complete such designations in
good faith at the time of disclosure or production, within five business days of disclosure or

production, if the Producing Party so states in writing at the time of the disclosure or production that designations will be forthcoming, in which case all such produced discovery shall be treated as if it had been designated CONFIDENTIAL for that period.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend CONFIDENTIAL, to each page that contains protected material. For information in non-static documentary form (e.g., spreadsheets) for which the application of the legend CONFIDENTIAL is impracticable, a slip or cover sheet with the legend CONFIDENTIAL shall be provided.

(b) for testimony given in depositions, that the Designating Party identify the protected testimony up to 14 days after receipt of the deposition transcript if not so-designated on the record during the deposition. Before the expiration of the 14-day period for designation, a transcript shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.4 Inadvertent Failures to Designate. If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the

Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 <u>Timing of Challenges</u>. A Party objecting to the designation of any document or material as CONFIDENTIAL may challenge such designation at any time or request the party making such designation identify what information it contends is CONFIDENTIAL. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens or significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Treatment of Challenged Material</u>. In the event a party challenges any designation of information as CONFIDENTIAL, such information shall be deemed CONFIDENTIAL under this Order until the challenge is resolved pursuant to the terms of this Order.

5.3 <u>Process for Challenge</u>. A party that challenges a CONFIDENTIAL designation must do so in writing to the Designating Party and must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Challenging Party must identify the challenged material and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the asserted designation. Following written notice to the Designating Party of a challenge, the parties shall have fourteen (14) days to meet and confer in an attempt to reach an informal resolution of the dispute. If attempts at an informal resolution prove unsuccessful, or the Designating Party refuses to participate in the meet and confer process, the Challenging Party may notify the Designating

Party in writing that it is invoking the Court Review stage of the challenge process set forth in paragraph 5.4 of this Protective Order.

5.4 <u>Court Review</u>. After the Challenging Party notifies the Designating Party in writing that it is invoking the Court Review stage of the challenge process, the Challenging Party if it seeks to challenge the CONFIDENTIAL designation may, within 14 days of such notification, contact the Court's Judicial Administrator to schedule an argument. The Court, by separate order, will set dates by which the Designating Party shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues, and a date by which the Challenging Party or any other party that wishes to be heard may file a letter, not to exceed three (3) pages, outlining that party's reasons for its position. Failure by the Designating Party to file a letter response within the time period established by the Court shall automatically waive the confidentiality designation for each challenged designation. The Designating Party shall have the burden to establish that the information has been appropriately designated as CONFIDENTIAL under the terms of this Order and applicable law. Unless the Designating Party has waived the confidentiality designation, all Parties and Non-Parties who have executed Attachment A shall continue to treat the material in question as Protected Material pursuant to the terms of this Order until the Court rules on the challenge.

6.   ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action unless another use is authorized by this Order, permitted by federal statute or regulation applicable to the Bureau, or consented to

in writing by the Designating Party. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order and as permitted by federal statute or regulation applicable to the Bureau. When the Action has been terminated, a Receiving Party must comply with the provisions of paragraph 14 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 <u>Disclosure of CONFIDENTIAL Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, employees (including In-House Counsel) and contractors of the Receiving Party who are assisting in the conduct of the Action;

(c) Experts (as defined in this Order) of the Receiving Party, including employees and others working at the direction of the Expert, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) witnesses in the Action and their attorneys, in preparation for and during their depositions and in preparation for trial testimony to whom disclosure is reasonably necessary provided: (1) the witness and attorney(s) have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j) to a federal or state agency by the Bureau where the disclosure is required or permitted by statute or regulation, provided that the receiving federal or state agency agrees to similar confidentiality restrictions where permitted by the statute or regulations; and

(k) any other person agreed to in writing by the Designating Party.

7.  PROTECTED MATERIAL SUBPOENAED
    OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party or a Non-Party who has executed Exhibit A is served with a subpoena or a court order or other legal process, including discovery requests, issued in other litigation that compels disclosure of any information or items designated in this Action, as CONFIDENTIAL that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order or other legal process;

(b) promptly notify in writing the party who caused the subpoena or order or other legal process to issue in the other litigation, that some or all of the material covered by the subpoena or order or other legal process is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party or Non-Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court from which the subpoena or order or other legal process issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8.  A NON-PARTY'S PROTECTED MATERIAL
    SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement

with the Non-Party not to produce the Non-Party's confidential information, then the Party

shall:

> (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of
>
> the information requested is subject to a confidentiality agreement with a Non-Party;
>
> (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this
>
> litigation, the relevant discovery request(s), and a reasonably specific description of the
>
> information requested; and
>
> (3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days

of receiving the notice and accompanying information, the Receiving Party may produce the

Non-Party's confidential information responsive to the discovery request. If the Non-Party

timely seeks a protective order, the Receiving Party shall not produce any information in its

possession or control that is subject to the confidentiality agreement with the Non-Party

before a determination by the Court. Absent a court order to the contrary, the Non-Party shall

bear the burden and expense of seeking protection in this Court of its Protected Material.

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF
    PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

The production of privileged or work product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. PROCEDURES FOR FILING PROTECTED MATERIAL UNDER SEAL

11.1 Filing Under Seal. In accordance with Local Rule 5.1.3 and the Revised Administrative Procedures Governing Filing and Service by Electronic Means ("Administrative Procedures"), Parties and Non-Parties may file briefs and other documents that contain Protected Material under seal. In accordance with section G of the Administrative Procedures, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document. The filed redacted version shall have the minimum redactions necessary to protect sealable information.

11.2 Motion to Continue Seal. Within fourteen (14) days of the filing of a sealed document, the filing Party must file a motion in accordance with Local Rules 7.1.1 and 7.1.2 providing the legal basis for continuing to seal the filed documents. The motion must be accompanied by (a) a declaration establishing that the document sought to be filed under seal, or portions

thereof, contain Protected Material, and (b) a proposed order that is narrowly tailored to seal only the Protected Material, and which lists in table format each document or portion thereof that is sought to be sealed.

11.2.1 If the document initially filed under seal is a document designated as CONFIDENTIAL by the opposing party or a Non-Party pursuant to this protective order, or is a document containing information so designated by an opposing party or a Non-Party, the filing Party's declaration in support of the Motion to Continue Seal must identify the document or portions thereof which contain the designated Protected Material and identify the Designating Party. The Motion to Continue Seal must be served on the Designating Party on the same day it is filed and proof of such service must also be filed.

11.2.2 Within four (4) days of the Motion to Continue Seal being filed, the Designating Party must file a declaration establishing that all of the designated material is Protected Material under this Protective Order.

11.2.3 If the Designating Party does not file a responsive declaration as required by paragraph 11.2.2 of this Protective Order and the Motion to Continue Seal is denied, the filing Party must file the document in the public record no earlier than four (4) days, and no later than ten (10) days, after the motion is denied. The Court may delay the public docketing of the document upon a showing of good cause.

12. FILING OF DISCOVERY MATERIALS

The Parties are not required to file discovery requests or answers or responses thereto pursuant to Local Rules 5.4(a) and 5.4(b), notwithstanding that the defendant National Collegiate Student Loan Trusts are currently unrepresented. The Parties shall provide

courtesy copies of discovery requests and answers and responses thereto to the Owner

Trustee of the National Collegiate Student Loan Trusts using the same means of service used

for the Parties.

13. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its

modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no

Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any of the

material covered by this Protective Order.

13.3 <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in

this case, the Court does not intend to preclude another court from finding that information

may be relevant and subject to disclosure in another case. Any Party subject to this Order, or

Non-Party who has executed Exhibit A, who becomes subject to a motion to disclose another

Party's information designated as CONFIDENTIAL pursuant to this order shall promptly

notify that Party of the motion so that the Party may have an opportunity to appear and be

heard on whether that information should be disclosed.

14. FINAL DISPOSITION

The confidentiality obligations imposed by this Order shall remain in effect until a

Designating Party agrees otherwise in writing or a court order otherwise directs.

After the final disposition of this Action, within 60 days of a written request by the

Designating Party, each Receiving Party must return all Protected Material to the Producing

Party or destroy such material or retain such material as required by federal recordkeeping requirements in a manner that ensures the confidentiality of the material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material except as required to comply with federal recordkeeping requirements. Whether the Protected Material is returned, destroyed, or retained pursuant to federal recordkeeping requirements, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned, destroyed or retained pursuant to federal recordkeeping requirements and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material except as required pursuant to federal recordkeeping requirements. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

15. JURISDICTION

The Court shall retain jurisdiction after the resolution of this action to enforce or modify the

terms of this order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 6, 2019

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

KRISTEN DONOHUE
Enforcement Director

DEBORAH MORRIS
Deputy Enforcement Director

ALUSHEYI WHEELER
Assistant Litigation Deputy

*/s/ Gabriel Hopkins*
Gabriel Hopkins
gabriel.hopkins@cfpb.gov
202-435-7842
Stephen Jacques
stephen.jacques@cfpb.gov
202-435-7368
Jane Peterson
jane.peterson@cfpb.gov
202-435-9740
Enforcement Attorneys
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

THE INTERVENOR GROUP,

By its attorneys,

OF COUNSEL:                                    /s/ Kurt M. Heyman
Erik Haas                                      Kurt M. Heyman (No. 3054)
Peter W. Tomlinson                             Melissa N. Donimirski (No. 4701)
George A. LoBiondo                             HEYMAN ENERIO GATTUSO & HIRZEL
Joshua Kipnees                                 LLP
PATTERSON BELKNAP WEBB & TYLER LLP             300 Delaware Avenue, Suite 200
1133 Avenue of the Americas                    Wilmington, DE 19801
New York, NY 10036                             (302) 472-7300
                                               kheyman@hegh.law
DATED: March 6, 2019                           mdonimirski@hegh.law
                                               Attorneys for Ambac Assurance
                                               Corporation


OF COUNSEL:                                    /s/ Andrew D. Cordo
Michael A. Hanin                               Andrew D. Cordo (No. 4534)
Uri Itkin                                      ASHBY & GEDDES
KASOWITZ BENSON TORRES LLP                     500 Delaware Avenue, 8th Floor
1633 Broadway                                  P.O. Box 1150
New York, NY 10019                             Wilmington, DE 19899
                                               (302) 654-1888
DATED: March 6, 2019                           acordo@ashby-geddes.com
                                               Attorneys for Objecting Noteholders


OF COUNSEL:                                    /s/ Rebecca L. Butcher
John P. Doherty                                Rebecca L. Butcher (No. 3816)
William Hao                                     LANDIS RATH & COBB LLP
ALSTON & BIRD LLP                              919 Market Street, Suite 1800
90 Park Avenue                                 Wilmington, DE 19801
New York, NY 10016                             (302) 467-4400
                                               butcher@lrclaw.com
DATED: March 6, 2019                           Attorneys for GSS Data Services, Inc.

18

DATED: March 6, 2019

/s/ Stacey A. Scrivani
Stacey A. Scrivani (No. 6129)
STEVENS & LEE, P.C.
919 Market Street, Suite 1300
Wilmington, DE 19801
(302) 425-3006
sasc@stevenslee.com

Nicholas H. Pennington
STEVENS & LEE, P.C.
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
(610) 205-6352
nhp@stevenslee.com

Elizabeth A. Ware
STEVENS & LEE, P.C.
111 N. Sixth Street
Reading, PA 19603
(610) 478-2210
eaw@stevenslee.com
*Attorneys for Pennsylvania Higher Education Assistance Agency d/b/a American Education Services.*

DATED: March 6, 2019

/s/ Jamie L. Edmonson
Jamie L. Edmonson (No. 4247)
VENABLE LLP
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
(302) 298-3535
JLEdmonson@venable.com

Allyson B. Baker
Meredith L. Boylan
Sameer P. Sheikh
Katherine M. Wright
Tiffany C. Williams
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
(202) 344-4000
ABBaker@venable.com
MLBoylan@venable.com
SPSheikh@venable.com

19

KMWright@venable.com
*Attorneys for Transworld Systems, Inc.*

DATED: March 6, 2019

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)
Sara E. Bussiere ( No. 5725)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, DE 19899
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com
*Attorneys for Wilmington Trust Company*

OF COUNSEL:

Stephen H. Meyer
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, DC 20006
(202) 956-7605
meyerst@sullcrom.com

Matthew A. Martel
Joseph B. Sconyers
Keith M. Kollmeyer
JONES DAY
100 High Street
Boston, MA 02110-1781
(617) 960-3939
mmartel@jonesday.com
jsconyers@jonesday.com
kkollmeyer@jonesday.com

DATED: March 6, 2019

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
David M. Fry (No. 5486)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
dfry@shawkeller.com
*Attorneys for U.S. Bank National Association*

IT IS SO ORDERED this 7th day of March 2019.

*Maryellen Noreika*

The Honorable Maryellen Noreika
United States District Judge

20

<u>EXHIBIT A</u>

<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Delaware on _____ [date] in the case of *Consumer Financial Protection Bureau v. The National Collegiate Master Student Loan Trust*, et al., Case No. 17-cv-01323 (MN). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Delaware agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1