1700 G Street NW,
Washington, DC 20552

March 22, 2019

VIA ECF

The Honorable Maryellen Noreika
United States District Judge
United States Courthouse
844 N. King Street
Wilmington, DE 19801

RE:   *Consumer Financial Protection Bureau v. National Collegiate Master*
      *Student Loan Trust, et al.,* No. 17-cv-01323(MN)

Dear Judge Noreika,

The Plaintiff, Consumer Financial Protection Bureau (Bureau), submits this letter to bring several concerns to the Court's attention. These concerns relate to the scheduling order entered on March 14, 2019 (ECF No. 132), which orders the exchange of letter briefs and a teleconference with the Court to resolve several discovery disputes (the Discovery Disputes). Although the Discovery Disputes were brought to the Court by the immediate parties to them,[1] the resolution of the issues raised directly affects the interests of the Bureau, and may also affect the resolution of related discovery disputes between certain intervenors and other recipients of Rule 45 subpoenas in this matter. The Bureau therefore respectfully requests that the Court permit the Bureau to participate in the briefing and hearing that is the subject of the March 14 oral scheduling order, and asks that the Court consider whether some or all of the issues raised by the Discovery Disputes should be consolidated with other related disputes now pending in the District of Delaware.

---

[1] The disputing parties are the intervenors Ambac Assurance Corporation, and the group of 17 holders of Trust-issued notes referred to as the Objecting Noteholders; as well as the Rule 45 subpoena-recipients, McCarter & English, LLP; James Kosch; and VCG Securities, LLC.

**consumerfinance.gov**

Based on discussions the Bureau has had with counsel for the parties involved in the Discovery Disputes, it appears that the Discovery Disputes involve both contested claims of privilege and disagreements about the scope of the Threshold Issues, which were defined in the Court's November 29, 2018, scheduling order. ECF No. 99. As of the writing of this letter, the Bureau has cross-noticed depositions of and served subpoenas for testimony upon two of the three Rule 45 subpoena-recipients that are parties to the Discovery Disputes. The resolution of the privilege issues raised in the Discovery Disputes is therefore directly relevant to the Bureau's preparation for its depositions of these parties. Furthermore, the question of what topics or documents are relevant to the Threshold Issues could significantly impact the scope of any discovery that the Bureau conducts or participates in, and could potentially shape the Phase One merits briefing on the Threshold Issues.

The Bureau therefore respectfully requests an opportunity to be heard on the issues raised by the Discovery Disputes by being permitted to submit a letter brief and to participate in the April 1, 2019 teleconference with the Court. Since the Bureau has not had an opportunity to participate in the meet-and-confer discussions between the immediately disputing parties to the Discovery Disputes, it requests that it be permitted to submit a letter brief on March 29, 2019, in order to give it sufficient time to consider the content of the other parties' submissions.

Finally, the Bureau wishes to alert the Court that two other Rule 45 subpoena recipients in this matter have raised potentially overlapping issues of privilege, scope, and relevance and are currently engaged in ancillary litigation with certain intervenors. First, the law firm of DiCello Levitt & Casey LLC moved to quash a subpoena that it received from the Objecting Noteholders on January 11, 2019. That proceeding was transferred from the Northern District of Illinois to the District of Delaware on February 20, 2019, and was assigned to the Court on February 27, 2019 (C.A. No. 19-cv-0352-MN). Second, the accounting firm Boston Portfolio Advisors, Inc., moved to quash a subpoena that it received from the Objecting Noteholders on January 4, 2019. That proceeding was transferred from the Southern District of Florida to the District of Delaware on March 18, 2019 (C.A No. 1:19-mc-00067-UNA), but has not yet been assigned to a judge. The Bureau respectfully requests that the Court consider the consolidation of some or all of the issues raised by these motions to quash with the pending Discovery Disputes, as there appears to be significant overlap between them, a risk of inconsistent resolutions of the common legal or factual issues, and because the interests of all of the parties to this litigation may be affected by the resolutions of these disputes. Consolidation may serve to protect the interests of all parties and non-parties involved in the pending disputes, and provide an efficient means to

resolve them.

The Bureau met and conferred with counsel for the Intervenors in an effort to obtain their consent to these requests and their agreement to file this letter jointly. Intervenors informed the Bureau that while they do not object in principle to the Bureau participating in the letter briefing and hearing relating to the Discovery Disputes, they do not consent to filing this letter jointly and do not agree with all of the characterizations made herein.

Sincerely,

*/s/* Gabriel Hopkins
*Attorney for Plaintiff*

Gabriel Hopkins
gabriel.hopkins@cfpb.gov
202-435-7842
Stephen Jacques
stephen.jacques@cfpb.gov
202-435-7368
Jane Peterson
jane.peterson@cfpb.gov
202-435-9740
Enforcement Attorneys
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552