April 2, 2019

VIA ECF

The Honorable Maryellen Noreika
United States District Judge
United States Courthouse
844 N. King Street
Wilmington, DE 19801

RE:    *Consumer Financial Protection Bureau v. National Collegiate Master Student Loan Trust, et al.,* No. 17-cv-01323(MN)

Judge Noreika,

Plaintiff Consumer Financial Protection Bureau submits this consolidated response to letters concerning discovery disputes by various parties and non-parties to this litigation pursuant to the Court's March 25, 2019 Oral Order.

The purpose of this litigation is to determine if the Proposed Consent Judgment ("PCJ") is fair, reasonable, adequate, and in the public interest.[1] If approved, the PCJ would resolve serious violations of federal law by the Defendant Trusts that have harmed thousands of student borrowers; would ensure that students harmed by the Trusts' conduct receive the millions of dollars in redress they are due; would require the Trusts to disgorge additional millions in proceeds that they received from their unlawful practices; and would require certain actions by the Trusts to ensure that these violations are not repeated. *See generally* D.I. 1, Complaint. The purpose of this litigation is not, however, to identify how blame should be apportioned among the various entities associated with the Trusts, or how the contracts establishing the Trusts should be read to identify who bears the responsibility of paying for the Trusts' illegal conduct.[2]

---

[1] *See S.E.C. v. Citigroup Global Markets*, 752 F.3d 285, 294 (2d Cir. 2014); *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987); *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983).

[2] The Trusts, Intervenors, certain third parties, and law firms representing some of those parties appear to be involved simultaneously in at least eight separate lawsuits which may present more appropriate venues to resolve those issues. *See National Collegiate Student Loan Master Trust, et al. v. Pennsylvania Higher Educ. Assistance Agency*, No. 12111-VCS (Del. Ch.); *National Collegiate Master Student Loan Trust I, et al. v. U.S. Bank Nat'l Ass'n, et al.*, No. 2018-0167-JRS (Del. Ch.); *AG Mortg. Value Partners Master Fund, L.P., et al. v. VCG Owners Trust*, et al., No. 2018-0825-JRS (Del. Ch.); *McCarter & English, LLP v. The National Collegiate Master Student Loan Trust I, et al.*, No. 654144/2018 (N.Y. Sup. Ct.); *The National Collegiate Master Student Loan Trust I, et al. v. Wilmington Trust Co. and GSS Data Servs.*, No. 652165/2017 (N.Y. Sup. Ct.); *DiCello Levitt & Casey LLC v. The National Collegiate Master Student Loan Trust I, et al.*, No. 2018-CH-08828 (Ill. Ch. Ct.); *Boston Portfolio*

In September 2017, the Bureau and the Defendant Trusts jointly moved for court approval of a PCJ designed to achieve the objectives identified above. While the Intervenors to this action sought and obtained court approval to conduct narrow, targeted discovery on two threshold issues, the letters submitted yesterday to the Court by the Bureau and numerous non-parties suggest that there is significant disagreement on the scope of the threshold issues and the relevance of certain areas of inquiry to those issues. Intervenors are pursuing an expansive range of topics that appear to venture far beyond both the core purpose of this litigation, and at minimum go beyond the narrow threshold issues for which the Court approved limited discovery in its November 29, 2018 scheduling order. D.I. 99 (hereinafter "Nov. 29 Order").

As stated previously, the Bureau argues that the plain language of the Nov. 29 Order and the limited nature of the discovery permitted in that order indicate that the threshold issues are limited to the narrow questions of whether: (1) the McCarter & English law firm had authority to negotiate the PCJ on behalf of the Trusts, and (2) whether the terms of the PCJ violated the terms of the Trust Agreements. *See* D.I. 139, Apr. 1, 2019, Bureau Ltr. Regarding Discovery Disputes, at 1-2.

The Intervenors, in contrast, propounded discovery requests that take an extremely expansive view of the threshold issues including whether the PCJ "was negotiated on an arm's length basis,"[3] what information Intervenors were entitled to during the PCJ's negotiation,[4] and even "the extent to which the Trusts or other deal parties should be held liable for the alleged misconduct" at the core of this litigation.[5] Regardless of whether these issues are appropriate for the second phase of this litigation – the Bureau would argue that they are not – they are clearly beyond the limited scope of the threshold issues identified in the Nov. 29 Order.

The Bureau also notes the numerous disputes between the Intervenors and non-parties regarding assertions of privilege. Considering the complexity of the privilege issues raised in the letters, and their potential to impact the conduct of further discovery, the Bureau respectfully requests that it be permitted to participate if the Court orders the immediately disputing parties to submit full briefing on the issues raised in the letters.

The Bureau respectfully reiterates its request that the Court clarify the narrow and limited scope of the threshold issues set for discovery and briefing in Phase One of this litigation, to exclude the taking of any 30(b)(6) deposition of the Bureau on these issues, and to exclude the taking of any deposition of former lead counsel for the Bureau in this matter on these issues. *See* D.I. 139,

---

*Advisors, Inc. v. The National Collegiate Master Student Loan Trust I, et al.*, No. CACE-18-009295 (Fla. Cir. Ct.); *U.S. Bank N.A. v. National Collegiate Student Loan Trusts*, No. 16-cv-00341 (D. Del.) (judgment currently on appeal to Third Circuit).

[3] No. 1:19-mc-00067-MN, D.I. 12, at 5 n.6.

[4] *Id.*

[5] No. 1:19-cv-00352-MN, D.I. 19, at 10.

Apr. 1, 2019, Bureau Ltr. Regarding Discovery Disputes. In the alternative, the Bureau requests an opportunity to participate in a full briefing of and hearing on these questions.

Sincerely,

*/s/* Gabriel Hopkins
*Attorney for Plaintiff*
Gabriel Hopkins
gabriel.hopkins@cfpb.gov
202-435-7842
Stephen Jacques
stephen.jacques@cfpb.gov
202-435-7368
Jane Peterson
jane.peterson@cfpb.gov
202-435-9740
Enforcement Attorneys
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552