IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU<br><br>       Plaintiff,<br><br>       v.<br><br>THE NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST, et al.<br><br>       Defendants. | C.A. No. 17-cv-01323 (MN) |

## **INTERVENOR AMBAC ASSURANCE CORPORATION'S LETTER MOTION FOR CLAIRIFICATION**

                                  HEYMAN ENERIO
                                  GATTUSO & HIRZEL LLP

                                  */s/ Melissa N. Donimirski*
                                  Kurt M. Heyman (#3054)
                                  Melissa N. Donimirski (# 4701)
                                  300 Delaware Avenue, Suite 200
                                  Wilmington, DE 19801
                                  (302) 472-7300
                                  mdonimirski@hegh.law
                                  *Attorneys for Ambac Assurance Corporation*

OF COUNSEL:

PATTERSON BELKNAP WEBB & TYLER LLP
Erik W. Haas
Peter W. Tomlinson
Joshua Kipnees
George A. LoBiondo
Peter Shakro
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

Dated: February 27, 2020

Dear Judge Noreika:

We write on behalf of Ambac and the Noteholder Group ("Movants") to request that the Court clarify that its December 18, 2019 Order (D.I. 197) ("Order") applies equally to the use of Trust-privileged materials (the "Materials") in briefing the Threshold Issues to the Court. The Materials—which are highly relevant to the Threshold Issues—consist of documents produced to the Movants and designated as Trust-privileged by certain parties and nonparties pursuant to the Court's May 17, 2019 order (D.I. 181).

Ambac previously moved for an order permitting the use of the Materials in depositions and in briefing to this Court on the Threshold Issues. (D.I. 195). The Court ordered that "Ambac may use the Materials to the extent necessary in depositions." (D.I. 197). Movants did so, and all parties, including the CFPB, received copies of those Materials and had the opportunity to question deponents regarding them. Movants request clarification of the Order because the Court did not address the use of Trust-privileged documents in briefing.

In briefing the Threshold Issues, Movants intend to rely on (i) certain Materials used at depositions, and (ii) a small number of Materials not used at depositions. The Movants' request as to category (i)—Materials used in depositions—is unopposed, as the CFPB does not object to the use of those Materials in briefing.

The CFPB does, however, object to the use of the Materials in category (ii), purportedly on the ground that it has not had the opportunity to review them. This objection is meritless, because the CFPB alone is responsible for not having access to these Materials. During a November 20, 2019 meet-and-confer call, Ambac told the CFPB it would consider providing <u>all</u> Materials produced in this litigation, subject to entry of an appropriate order. The CFPB expressed no interest in reviewing the Materials then, and on a meet-and-confer call earlier this week, the CFPB reiterated that it <u>still</u> takes no position as to whether it would actually like to review these Materials. The CFPB cannot have it both ways: having repeatedly refused the opportunities to review the Materials, the CFPB cannot now complain of unfair surprise—and certainly not to prevent the Intervenors from submitting highly relevant evidence to the Court.[1] Nor will the CFPB be prejudiced by the introduction of this evidence, since the CFPB will have a full opportunity to review the Materials once they are filed, and can fully address them in its 40-page reply brief.

Accordingly, Movants request that the Court clarify that the Order applies equally to Movants' use of the Materials (and related testimony) in briefing, regardless of whether such Materials were used at a deposition.

---

[1] In meet and confer discussions, the Bureau invoked Federal Rule of Civil Procedure 37(c). But this Rule is inapposite because it concerns sanctions for a party's own failure to disclose information—not where, as here, Movants received information from third parties and offered to consider sharing it with the CFPB, which declined the offer.

Respectfully submitted,

*/s/ Melissa N. Donimirski*

Melissa N. Donimirski (#4701)
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7302