# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Consumer Financial Protection Bureau, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 1:17-cv-01323-MN |
| v. ) | |
| ) | |
| The National Collegiate Master Student ) | |
| Loan Trust, *et al*. ) | |
| ) | |
| Defendants. ) | |

**OPENING BRIEF IN SUPPORT OF INTERVENOR TRANSWORLD SYSTEMS INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Respectfully submitted,

Daniel A. O'Brien (No. 4897)
VENABLE LLP
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Phone: (302) 298-3523
Fax: (302) 298-3550
daobrien@venable.com

OF COUNSEL

Allyson B. Baker (*pro hac vice*)
Meredith L. Boylan (*pro hac vice*)
Sameer P. Sheikh (*pro hac vice*)
Tiffany C. Williams (*pro hac vice*)
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
Phone: (202) 344-4000
Fax: (202) 344-8300
ABBaker@venable.com
MLBoylan@venable.com
SPSheikh@venable.com
TCWilliams@Venable.com

-and-

*Counsel for Intervenor Transworld Systems Inc.*

Date: March 19, 2020

# **TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 1

SUMMARY OF THE ARGUMENT ........................................................................................... 1

RELEVANT FACTUAL BACKGROUND.................................................................................. 2

STANDARD OF REVIEW ........................................................................................................... 3

ARGUMENT.................................................................................................................................. 4
      THE COURT MUST DISMISS THE BUREAU'S COMPLAINT BECAUSE
      THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION .................................... 4
           The Trusts Are Not "Covered Persons" Under the CFPA ...................................... 5

CONCLUSION............................................................................................................................... 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Arbaugh v. Y&H Corp.*,
  546 U.S. 500 (2006)................................................................................................................3

*Eaton v. Dorchester Development, Inc.*,
  692 F.2d 727 (11th Cir. 1982) ................................................................................................1

*Kehr Packages, Inc. v. Fidelcor, Inc.*,
  926 F.2d 1406 (3d Cir. 1991)..................................................................................................3

*Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*,
  111 U.S. 379 (1884)................................................................................................................3

*In re Philadelphia Newspapers, LLC.*,
  433 B.R. 164 (Bankr. E.D. Pa. 2010) .....................................................................................6

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998)..................................................................................................................3

**Statutes**

12 Del. C. § 3801, *et seq.* ..............................................................................................................2

12 U.S.C. § 5481................................................................................................................2, 4, 5, 6

12 U.S.C. § 5531..................................................................................................................1, 2, 4

12 U.S.C. § 5536......................................................................................................................1, 4

12 U.S.C. § 5565.............................................................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(1).................................................................................................................3

Fed. R. Civ. P. 12(h)(3).................................................................................................................3

**Other Authorities**

S. Rep. No. 111-176 (2010) ...........................................................................................................5

## NATURE AND STAGE OF THE PROCEEDINGS

On September 18, 2017, the Consumer Financial Protection Bureau ("CFPB" or "Bureau") filed a Complaint (D.I. 1, "Compl.") against fifteen Delaware statutory trusts (the "Trusts"). Contemporaneous with its Complaint, the Bureau filed a motion to approve a Proposed Consent Judgment (D.I. 3 ("PCJ")) executed by the Bureau and purported authorized representatives of the Trusts. Intervenor Transworld Systems Inc. ("Transworld"), along with six other parties, intervened in this matter to oppose entry of the PCJ, and the Court permitted discovery of certain threshold issues.

The parties recently concluded Phase One discovery. Nothing adduced during the discovery process supports the Bureau's allegation that the Trusts are "covered persons" within the meaning of the Consumer Financial Protection Act. Although the Court's scheduling order (D.I. 99) contemplates briefing on this issue at a later date to the extent it relates to the Bureau's "enforcement authority," the question presented here concerns subject matter jurisdiction. Given the completion of threshold discovery, the issue of whether this Court must dismiss this action for lack of subject matter jurisdiction is particularly ripe for review. *See Eaton v. Dorchester Development, Inc.,* 692 F.2d 727 (11th Cir. 1982).

For the reasons below, Transworld respectfully requests that the Court dismiss the Bureau's Complaint with prejudice for lack of subject matter jurisdiction.

## SUMMARY OF THE ARGUMENT

1. The Court should dismiss the Bureau's Complaint with prejudice for lack of subject matter jurisdiction.

2. In its Complaint, the Bureau alleges violations of a single federal law: the CFPA's prohibition against unfair, deceptive, or abusive acts or practices ("UDAAP"; *see* 12 U.S.C. §§ 5531, 5536). *See* Compl. ¶¶ 60-61, 70, 75, 82, 87, 93.

1

3. The Complaint pleads that the Bureau's authority to pursue UDAAP claims under the CFPA confers federal question jurisdiction in this matter. *See* Compl. ¶ 4.

4. The Bureau, however, can only assert UDAAP claims against entities that are defined as "covered persons" within the meaning of the CFPA. 12 U.S.C. § 5531(a); 12 U.S.C. § 5481(6).

5. The Bureau alleges that the Trusts are "covered persons" under 12 U.S.C. § 5481(6) because they engage in "offering or providing a consumer financial product or service." In support of this allegation, the Bureau cites 12 U.S.C. § 5481(15)(A)(i), which defines a financial product or service as "extending credit and servicing loans," and 12 U.S.C. § 5481(15)(A)(x), which relates to "collecting debt." *See* Compl. ¶ 8.

6. The Trusts do not offer or provide any consumer financial products or services, including "extending credit and servicing loans" or "collecting debt," and thus the Trusts are not covered persons within the meaning of the CFPA.

7. It follows, therefore, that the Bureau's UDAAP claims against the Trusts cannot proceed as a matter of law. And, thus, there is no federal question jurisdiction conferred.

8. Accordingly, this Court must dismiss this action for lack of subject matter jurisdiction.

## **RELEVANT FACTUAL BACKGROUND**

The fifteen Delaware statutory trusts were created pursuant to the Delaware Statutory Trust Act (12 Del. C. § 3801, *et seq.*) between 2001 and 2007, and are governed by certain trust agreements ("Trust Agreements"). *See* Compl. ¶ 9. The Trusts were formed to hold private student loans. Because the Trusts have no employees or management (Compl. ¶ 12), they cannot act

independently. Rather, the Trusts are administered by the Owner Trustee and Administrator.[1] And "all actions relating to the administration of the Trusts," including servicing of student loans and collecting debt, are carried out by third parties. Compl. ¶ 12.

## STANDARD OF REVIEW

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). For purposes of a 12(b)(1) motion, unlike a 12(b)(6) motion, the plaintiff bears the burden of persuasion. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (holding that the court must determine jurisdiction over a case before deciding legal issues on the merits).

---

[1] *See* Intervenors' Consolidated Answering Brief to Plaintiff's Motion to Approve the Consent Judgment, Section A (D.I. 226).

## ARGUMENT

### THE COURT MUST DISMISS THE BUREAU'S COMPLAINT BECAUSE THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION

The Complaint fails to plead the elements of subject matter jurisdiction. The law is clear that the CFPA only confers subject matter jurisdiction when the Bureau is pursuing a cause of action that arises from a violation of a Federal consumer financial law. *See* 12 U.S.C. § 5565(a)(1). The Bureau's Complaint acknowledges as much. *See* Compl. ¶ 4. But the Complaint does not – indeed, cannot – plead a violation of a federal consumer financial law against the Trusts because the Trusts do not offer or provide a "consumer financial product or service" (12 U.S.C. § 5481(6)). Compl. ¶¶ 8. Thus, the Complaint does not present a federal question under 28 U.S.C. § 1331. *Id.*

The Complaint alleges a violation of a single Federal consumer financial law: the CFPA's prohibition against unfair, deceptive, or abusive acts or practices as set forth in 12 U.S.C. §§ 5531 and 5536(a)(1)(B). *See* Compl. ¶¶ 70, 75, 82, 87, 93 (alleging that conduct "constitute[s] deceptive acts or practices in violation of the CFPA"); *see also* Compl. ¶¶ 60-61. Section 5531, however, states that the Bureau may take action only against "a covered person or service provider from committing or engaging in an unfair, deceptive, or abusive act or practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service." 12 U.S.C. § 5531(a). *See also* 12 U.S.C. § 5536(a)(1)(B) (unlawful for any covered person or service provider to engage in unfair, deceptive, or abusive acts or practices).

Because the Trusts are not covered persons or service providers, the Bureau's UDAAP claims cannot proceed as a matter of law, and there are no other federal claims in the Complaint. The Court is, thus, deprived of federal question jurisdiction.

<u>The Trusts Are Not "Covered Persons" Under the CFPA</u>

The CFPA defines the type of conduct that renders an entity a "covered person." A "covered person" is defined as (1) any person that engages in offering or providing a "consumer financial product or service" and (2) any "affiliate" of such person if the affiliate "acts as a service provider" to them. 12 U.S.C. § 5481(6)(A). The offer or provision of a "consumer financial product or service" is defined in the CFPA through eleven enumerated and specific examples that are entirely inclusive of the definition. *See* 12 U.S.C. § 5481(15)(A)(i)-(xi).

A plain reading of the CFPA's enumerated definitions of a "financial product or service" demonstrates that the statutory provisions on which the Bureau's Complaint relies do not apply to the Trusts because the Trusts are passive repositories of private student loans. They have no employees or management (Compl. ¶ 12) and can take no independent action.[2]

Specifically, the definitions and descriptions of "financial product or service," on which the Bureau relies in the Complaint, are:

> (i) ***extending credit***[3]***and servicing loans***, including acquiring, purchasing, selling, brokering, or other extensions of credit . . .
> …
>
> (x) ***collecting debt related to any consumer financial product or service*** . . .

---

[2] In an April 30, 2010 Senate Report, which discusses a prior version of the CFPA, Chairman Dodd noted that the Committee on Banking, Housing and Urban Affairs "intends, however, that a financial institution's exercise of bona fide trust or fiduciary powers would not be subject to the jurisdiction of the Bureau. In addition, financial products and services delivered for establishing a trust, or to a trust itself, would not be for use by a consumer primarily for personal, family, or household purposes." S. Rep. No. 111-176, at 170 (2010). Further, a "financial product or service . . . is modeled on the activities that are permissible for a bank or a bank holding company . . . ." *Id.*, at 160.

[3] The term "credit" is defined as the right "to defer payment of a debt, incur debt and defer its payment, or purchase property or services and defer payment for such purchase." 12 U.S.C. § 5481(7). The Trusts do not extend credit.

12 U.S.C. § 5481(A)(1)(i), (x).[4] Neither of these defined terms applies to the Trusts, and the Bureau alleges no other definitions of consumer financial product or service within the CFPA would apply to the Trusts' conduct (nor could it do so).

The Trusts do not engage in the type of statutorily-governed conduct, namely the offering or provision of a financial good or service, ascribed to "covered persons" within the meaning of the CFPA. *See* 12 U.S.C. § 5481(15). In fact, the Bureau's Complaint asserts facts that distinguish the Trusts from the very entities that engage in the servicing of loans and collections efforts for the NCSLT portfolio. *See* Compl. ¶ 12 (The "[Trusts] do not have employees, and all actions relating to the administration of the Trusts, servicing of the student loans, and collecting debt are carried out by [third parties]").

The Bureau does not go so far as to allege that the Trusts meet the definition of a "service provider," and it could not do so. The CFPA defines a "service provider" as "[a]ny person that ***provides*** a material service to a covered person in connection with the offering or provision by such covered person of a consumer financial product or service, including a person that—(i) ***participates*** in designing, operating, or maintaining the consumer financial product or service; or (ii) ***processes*** transactions relating to the consumer financial product or service . . . ." 12 U.S.C. § 5481(26(A) (emphasis added). As stated previously, the Trusts merely hold loans, as

---

[4] The plain language of the statute – particularly the usage of the conjunctive 'and' in "extending credit ***and*** servicing loans" – is reflective of the legislative intent that both requirements be fulfilled for the statutory definition to apply. 12 U.S.C. § 5481(15)(A)(i) (emphasis added); *see also In re Philadelphia Newspapers, LLC.,* 433 B.R. 164, 172 (Bankr. E.D. Pa. 2010) ("Where two or more requirements are provided in a section and it is the legislative intent that all of the requirements must be fulfilled in order to comply with the statute, the conjunctive 'and' should be used.") (quoting 1A Sutherland Statutes and Statutory Construction § 21:14 (Thomson Reuters/West, 7th ed.2008)). Notwithstanding, it is not necessary for the Court to proceed to the question of statutory interpretation because the Trusts can only act through others and therefore cannot extend credit or service loans.

acknowledged in the Bureau's Complaint, and do not provide any material service to a covered person.

## CONCLUSION

The Trusts are not covered persons, and thus the Bureau's UDAAP claims cannot proceed as a matter of law. The Complaint pleads only a UDAAP violation, and no other violation of Federal consumer financial law. Accordingly, there is no federal question jurisdiction.

For the foregoing reasons, Intervenor Transworld respectfully requests that the Court dismiss this action with prejudice for lack of subject matter jurisdiction. Transworld further requests such other relief as the Court deems appropriate.

## Oral Hearing Requested

Pursuant to Local Rule 7.1.4, Transworld respectfully requests an oral hearing on this motion.

Dated: March 19, 2020

        **VENABLE LLP**

        /s/ *Daniel A. O'Brien*
        Daniel A. O'Brien (No. 4897)
        1201 N. Market Street, Suite 1400
        Wilmington, DE 19801
        Phone: (302) 298-3523
        Fax: (302) 298-3550
        DAO'Brien@venable.com

        -and-

Allyson B. Baker (*pro hac vice*)
Meredith L. Boylan (*pro hac vice*)
Sameer P. Sheikh (*pro hac vice*)
Tiffany C. Williams (*pro hac vice*)
600 Massachusetts Ave., NW
Washington, DC 20001
Phone: (202) 344-4000
Fax: (202) 344-8300
ABBaker@venable.com
MLBoylan@venable.com
SPSheikh@venable.com
TCWilliams@venable.com

*Counsel for Intervenor Transworld Systems Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2020, a copy of the foregoing document was electronically filed with the court and served via CM/ECF, on parties with counsel of record identified on the Court's docket.

                                         /s/ Daniel A. O'Brien
                                         Daniel A. O'Brien (No. 4897)