**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>The National Collegiate Master Student Loan Trust, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:17-cv-01323-MN |

**PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU'S EMERGENCY MOTION TO STAY CONSIDERATION OF INTERVENOR TRANSWORLD SYSTEMS INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Consumer Financial Protection Bureau ("Bureau"), by and through counsel, hereby submits an emergency request to stay briefing and consideration of Intervenor Transworld Systems Inc.'s ("TSI") Motion to Dismiss for Lack of Subject Matter Jurisdiction (D.I. 242). Undersigned counsel avers that pursuant to Local Rule 7.1.1. a reasonable effort was made to reach an agreement with TSI regarding this request, but TSI declined to withdraw its motion.

By filing this motion now, TSI has ignored this Court's Scheduling Order. After granting motions by TSI and other parties to intervene in this matter, the Court entered a Scheduling Order that bifurcated consideration of the PCJ into two phases. D.I. 99. Phase One, under which the parties are currently operating, limited the parties to arguing two discrete threshold issues and specifically excluded argument regarding whether the Trusts are "covered persons." D.I. 99, at 1. TSI attempts to avoid this plain direction from the Court by claiming the scheduling order sought to put off consideration of the Bureau's "enforcement authority" while TSI's motion focuses on

"subject matter jurisdiction." D.I. 243, TSI Supporting Brief at 1. This is a distinction without a difference. TSI's argument turns on whether or not the Trusts are "covered persons" under the CFPA, *see* TSI Supporting Brief at 1-2, which is the very question the Court said it would not address. TSI should not be allowed to unilaterally rewrite the Court's Scheduling Order by prematurely filing this motion.[1]

THEREFORE, the Bureau requests the Court stay any deadlines for responding to TSI's motion until after the parties' file their joint proposal for proceeding with Phase Two, which is scheduled to occur within 15 days of the Court's Order on the Threshold Issues. (D.I. 99 at 2, para. 6). In the alternative, the Bureau requests the Court rely upon its inherent authority to manage its docket to strike TSI's motion, without prejudice to refile consistent with any Phase Two scheduling order.

Dated: March 27, 2020

Respectfully submitted,

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

THOMAS WARD
Enforcement Director

DEBORAH MORRIS
Deputy Enforcement Director

ALUSHEYI WHEELER
Assistant Litigation Deputy

---

[1] In light of the on-going briefing on the Threshold Issues and certain logistical and resource limitations created by the COVID-19 pandemic, the Bureau would request additional time to respond to this motion should the Court decide to consider the merits of the motion.

/s/ Gabriel Hopkins______________
Gabriel Hopkins
gabriel.hopkins@cfpb.gov
202-435-7842
Stephen Jacques
stephen.jacques@cfpb.gov
202-435-7368
Jane Peterson
jane.peterson@cfpb.gov
202-435-9740
Enforcement Attorneys
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2020 I electronically filed Plaintiff's Emergency Motion to Stay Consideration of Intervenor TSI's Motion to Dismiss with the Clerk of Court using CM/ECF which will send notification of such filing(s) to all parties to this matter registered for CM/ECF.

I hereby further certify that on March 27, 2020 I have set a copy of Plaintiff's Emergency Motion to Stay Consideration of Intervenor TSI's Motion to Dismiss by email to Intervenor Wilmington Trust Company which is agent authorized to accept service on behalf of the Defendants.

Dated: March 27, 2020

/s/ Gabriel Hopkins
Consumer Financial Protection Bureau
1700 G St. NW
Washington, DC 20552
gabriel.hopkins@cfpb.gov

*Attorney for Plaintiff Consumer Financial Protection Bureau*