**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>The National Collegiate Master Student Loan Trust, *et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:17-cv-01323-MN |

**TRANSWORLD SYSTEMS INC.'S OPPOSITION TO CONSUMER FINANCIAL PROTECTION BUREAU'S EMERGENCY MOTION TO STAY CONSIDERATION OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Intervenor Transworld Systems, Inc. ("TSI"), by and through its undersigned counsel, hereby submits this brief in Opposition to the Consumer Financial Protection Bureau ("Bureau")'s emergency request to stay briefing and consideration of TSI's Motion to Dismiss for Lack of Subject Matter Jurisdiction (D.I. 247; "Emergency Motion").[1] [2]

---

[1] As counsel for TSI advised the Bureau on at least two occasions, and prior to the Bureau's filing of the Emergency Motion, TSI consents to the Bureau's request for an extension to respond to TSI's Motion to Dismiss. Counsel understands and appreciates the adverse impact the COVID-19 pandemic continues to have on each of the parties and, thus, is supportive of any measure that offers flexibility and reprieve from deadlines during this difficult time.

[2] TSI objects to the Bureau's misplaced argument that TSI is somehow attempting to "rewrite" this Court's November 2018 scheduling order (D.I. 99). The November 2018 scheduling order stated that the Court would not "at this time" consider the issue of whether the Trusts are subject to the Bureau's "enforcement authority." TSI's Motion to Dismiss, however, does not turn on the issue of the scope of the Bureau's enforcement authority. Instead, the Motion to Dismiss presents the fundamental and threshold question of whether the Bureau's Complaint failed to plead the elements of subject matter jurisdiction.

## INTRODUCTION

The Bureau's Emergency Motion seeks to delay the Court's consideration of a threshold issue that is fatal to the Complaint – the lack of federal subject matter jurisdiction. The Bureau's argument that resolution of this issue should be delayed ignores binding precedent that objections to subject matter jurisdiction may be raised by any party, or *sua sponte* by the court, at any time and that, where subject matter jurisdiction is lacking, the Court must dismiss the matter. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006). In addition, resolving this threshold issue at the current juncture furthers the interests of judicial economy. *Id.* at 501 (demonstrating that delayed consideration of potentially fatal jurisdictional issues can result in a "waste [of] judicial resources"). For these and the reasons set forth below, TSI respectfully requests that this Court deny the Bureau's Emergency Motion and proceed with considering the threshold question of whether the Bureau's failure to plead elements of subject matter jurisdiction demands dismissal of this action in its entirety.[3]

## ARGUMENT

A. <u>The Bureau's Emergency Motion Is Without Factual Support And Legal Precedent</u>

The Bureau fails to plead any facts showing why its Emergency Motion to stay is necessary, let alone appropriate here. Nor does the Bureau plead any facts showing why it would suffer prejudice or injury in the absence of an order staying consideration of a threshold jurisdictional question. Emergency motions to stay are typically filed where there are dispositive issues pending on appeal that, when resolved, could moot or dispose of the underlying controversy. *See, e.g., Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). This

[3] In the interests of brevity, but without waiving arguments in support of dismissal, TSI responds only to the Bureau's arguments that are relevant to the immediate question of whether the Court should grant the Emergency Motion.

is not such a case. Indeed, TSI knows of no case in which a court granted an emergency motion to stay consideration of a threshold jurisdictional question. Tellingly, the Bureau's Emergency Motion cites no supporting case law – or any law for that matter. For these reasons alone, the Court should deny the Bureau's Emergency Motion and proceed with considering TSI's motion to dismiss.

B. TSI's Motion to Dismiss for Lack of Subject Matter Jurisdiction is Ripe, Appropriate, and Necessary

Whether federal subject matter jurisdiction is lacking is a question that may be raised by a party (or *sua sponte* by a court) "at any stage of the litigation." *Arbaugh*, 546 U.S. at 506–07 (2006). The Court must determine whether it has jurisdiction "before deciding legal issues on the merits." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)). And, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When federal subject matter jurisdiction is challenged, it must be timely resolved and "the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc.*, 926 F.2d at 1409 (3d Cir. 1991) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Accordingly, TSI's Motion to Dismiss for Lack of Subject Matter Jurisdiction is not premature, and the Court should proceed with considering this threshold question.

[*Remainder of page intentionally left blank.*]

THEREFORE, Intervenor TSI respectfully requests that the Court deny the Bureau's Emergency Motion to Stay.

Dated: March 31, 2020

Respectfully submitted,

By: /s/ *Daniel A. O'Brien*

Daniel A. O'Brien (No. 4897)
VENABLE LLP
1201 N. Market Street
Suite 1400
Wilmington, DE 19801
Phone: (302) 298-3523
Fax: (302) 298-3550
DAO'Brien@venable.com

Allyson B. Baker (*pro hac vice*)
Meredith L. Boylan (*pro hac vice*)
Sameer P. Sheikh (*pro hac vice*)
Tiffany C. Williams (*pro hac vice*)
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
Phone: (202) 344-4000
Fax: (202) 344-8300
ABBaker@venable.com
MLBoylan@venable.com
SPSheikh@venable.com
TCWilliams@venable.com

*Counsel for Intervenor Transworld Systems Inc.*