**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>The National Collegiate Master Student Loan Trust, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:17-cv-01323-MN |

**PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION TO STAY CONSIDERATION OF INTERVENOR TRANSWORLD SYSTEMS INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

The Bureau's request for a stay raises a simple question of sequencing and use of judicial resources and the Court is squarely within its discretionary powers to grant that request. Indeed, the Court already determined how best to sequence the resolution of issues in this matter in its original scheduling order (D.I. 99); the Bureau's pending request merely asks the Court to remain on the course that all the parties, save TSI, have followed to date.[1] TSI has offered no good reason to depart from that course now.

The Bureau asks for nothing extraordinary.[2] It is axiomatic that courts may entertain a stay in a civil matter as part of their inherent power to control their dockets. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Bureau has not even asked for a stay of all proceedings in this litigation, simply the consideration of one legal issue. There can be no doubt that the Court's

[1] No other Intervenor has joined TSI's motion to dismiss.

[2] The Bureau filed this motion as a matter of "emergency" because it wanted to ensure treatment of its request before the time to substantively respond to TSI's motion to dismiss expired. Notwithstanding TSI's amenability to extending the time to respond, the Bureau could not know at the time of the filing of its motion to stay how and when the Court would respond to the Bureau's motion.

inherent power to stay the entire proceeding includes the power to delay consideration of discreet questions.

There is also nothing unusual about the Bureau's request to stay the consideration of the particular issue raised by TSI's motion to dismiss. Assuming for the sake of argument that TSI has properly called the Court's subject matter jurisdiction into question,[3] the Court must assure itself of its jurisdiction "before deciding legal issues *on the merits*." D.I. 251, TSI Opp. to Mot. to Stay, at 3 (internal quotation omitted) (emphasis added). But this principle does not forbid a court from first addressing other "threshold questions" that might dispose of an action or claim. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425, 431 (2007) (holding that a court may elect to dismiss an action for *forum non conveniens* before addressing subject matter or personal jurisdiction); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) (federal courts may "choose among threshold grounds for denying audience to a case on the merits").

Here, of course, the parties are in the midst of briefing the two Threshold Issues on which the Court requested briefing and permitted discovery in its Scheduling Order. The resolution of these issues will not be a resolution of the merits of any of the Bureau's claims in this litigation, or even the merits of its initial motion to approve and enter the Proposed Consent Judgment ("PCJ"). Furthermore, the Court's decision on the Threshold Issues may dispose of the Bureau's motion to enter the PCJ or close off other avenues of dispute among the parties.

[3] The Bureau does not concede that TSI has raised a genuine subject matter jurisdiction concern regarding whether the Trusts are "covered persons" under the CFPA. Indeed, authority cited in TSI's own opposition brief strongly militates for the opposite conclusion. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514-16 (2006) (holding that Title VII's provision restricting the statute's coverage to those employers with 15 or more employees was "an element of a plaintiff's claim for relief, not a jurisdictional issue.")

Moreover, as the Court is fully aware, related threshold contract questions are being briefed by many of the parties to this action in the Delaware Chancery Court. While there may not be strict preclusion or abstention implications to these parallel proceedings, it is the Bureau's understanding that the Court sees broad overlap between the matters. District courts have not hesitated to exercise their power to grant a stay in similar circumstances and to do so before a challenge to subject matter jurisdiction is entertained. *See Masdar Solar & Wind Cooperatif U.A. v. Kingdom of Spain*, 397 F. Supp. 3d 34, 38-39, 40-41 (D.D.C. 2019) (citing *Sinochem* and staying proceedings pending resolution of relevant issues in parallel litigation without addressing jurisdictional challenges); *Seneca Nation of Indians v. U.S. Dep't of Health & Human Servs.*, 144 F. Supp. 3d 115, 118-19 (D.D.C. 2015) (same); *cf. Univar, Inc. v. Geisenberger*, 409 F. Supp. 3d 273, 284-85 (D. Del. 2019) (Noreika, J.) (staying proceedings to permit resolution of issues pending in the Delaware Chancery Court before Vice Chancellor Slights).

The Bureau respectfully requests that the Court grant the relief requested in its motion to stay consideration of TSI's motion to dismiss. *See* D.I. 247 at 2.

Dated: April 7, 2020

Respectfully submitted,

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

THOMAS WARD
Enforcement Director

DEBORAH MORRIS
Deputy Enforcement Director

ALUSHEYI WHEELER
Assistant Litigation Deputy

*/s/* Gabriel Hopkins______________
Gabriel Hopkins
gabriel.hopkins@cfpb.gov
202-435-7842
Stephen Jacques
stephen.jacques@cfpb.gov
202-435-7368
Jane Peterson
jane.peterson@cfpb.gov
202-435-9740
Enforcement Attorneys
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2020 I electronically filed Plaintiff's Emergency Motion to Stay Consideration of Intervenor TSI's Motion to Dismiss with the Clerk of Court using CM/ECF which will send notification of such filing(s) to all parties to this matter registered for CM/ECF.

I hereby further certify that on April 7, 2020 I have sent a copy of Plaintiff's Emergency Motion to Stay Consideration of Intervenor TSI's Motion to Dismiss by email to Intervenor Wilmington Trust Company which is agent authorized to accept service on behalf of the Defendants.

Dated: April 7, 2020

/s/ Gabriel Hopkins
Consumer Financial Protection Bureau
1700 G St. NW
Washington, DC 20552
gabriel.hopkins@cfpb.gov

*Attorney for Plaintiff Consumer Financial Protection Bureau*