mdonimirski@hegh.law<br>T: (302) 472-7314

June 9, 2020

**Via ECF**

The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

          Re:    *CFPB v. NCMSLT et al.*, No. 17 Civ. 1323 (D. Del.)

Dear Judge Noreika:

      We submit this joint letter on behalf of Ambac, Plaintiff Consumer Protection Bureau ("CFPB"), and Intervenor Transworld Systems Inc. (TSI") (collectively, the "parties") to seek the Court's guidance regarding a dispute as to how this litigation should proceed.

      As the Court is aware, on March 19, 2020, TSI filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (D.I. 242). The Court directed CFPB to respond to TSI's motion on or before June 19, 2020 (D.I. 273). Ambac wishes to be heard regarding the issue of the Court's subject matter jurisdiction. CFPB does not oppose Ambac's request to be heard, although it reserves the right to oppose the substance of Ambac's submission, including the issue of Intervenor standing. The parties agree that, to promote efficiency and reduce duplication of effort by the parties and the Court, TSI's motion and any other Rule 12(b)(1) motions should be placed into a coordinated briefing schedule moving forward.

      The parties disagree, however, on the scope of the impending briefing: Ambac and TSI contend that this stage of briefing should be limited to the subject matter jurisdiction issue, while CFPB contends that under the Federal Rules of Civil Procedure, all available grounds for dismissal should be raised at this time.

      The parties' positions are set forth below.

**Ambac's position**

      Like TSI, Ambac believes that the Court lacks subject matter jurisdiction over CFPB's complaint because the Trusts are not "covered persons" subject to CFPB's enforcement authority. Prioritizing this discrete issue of law is consistent with the Court's obligation to assure itself, "at any time," that it has subject matter jurisdiction over the action. Fed. R. Civ. P. 12(h)(3). CFPB's contrary proposal that all conceivable grounds for dismissal should be briefed now is highly inefficient: if the Court determines that it lacks jurisdiction over the action, judicial and party resources expended on other issues will have needlessly been wasted. The best course is to resolve the subject matter jurisdiction question first.

      Rule 12 is clear: a party may raise subject matter jurisdiction at any time, and may separately raise failure to state a claim in a variety of ways, including by Rule 12(b) or 12(c)

motion. *See* Fed. R. Civ. P. 12(b), (h). Rule 12 does not allow the plaintiff to dictate when and how it will face these motions. Nor does *Leyse v. Bank of America National Ass'n*, 804 F.3d 316 (3d Cir. 2015); that case concerned successive "motions to dismiss *for failure to state a claim*," *id.* at 321 (emphasis added), which Ambac is not seeking to make here. Indeed, courts interpreting *Leyse* have found that it may actually be "premature" to consider Rule 12(b)(6) arguments before the issue of subject matter jurisdiction is resolved. *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 320 (9th Cir. 2017). Most important, *Leyse* does not disturb the well settled principle that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *E.g.*, *Katz v. Feldman*, No. 18-213 (MN), 2019 U.S. Dist. LEXIS 8845, at *3–4 (D. Del. Jan. 18, 2019) (quoting *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016)).

In urging otherwise, CFPB assumes the exact opposite position than it took barely two months ago, when it asked the Court to "stay" consideration of subject matter jurisdiction (D.I. 247). Then, CFPB argued that the Court should remain "on the course" it had set out for briefing and that it had the inherent "power to delay consideration" of other issues (D.I. 254 at 1–2). CFPB claimed that this its request was "a simple question of sequencing" that the Court was "squarely within its discretionary powers to grant" (*id.* at 1). And, CFPB urged, it would be prudent for the Court to sequence the issues because doing so "may dispose of … or close off other avenues of dispute among the parties" (*id.* at 2).

CFPB's prior reasoning applies squarely to this dispute. The parties should continue to brief the question of subject matter jurisdiction, as contemplated in the Court's May 31 Order. If the Court concludes that subject matter jurisdiction is absent, then the case will be over. If, instead, the Court finds subject matter jurisdiction, then the parties can proceed to expeditiously briefing any other Rule 12 issues that may exist. Either outcome will have been more efficient than CFPB's kitchen-sink proposal.

To be sure, in a garden-variety case involving only two parties, it may make sense to require a single, comprehensive round of dispositive briefing before the pleadings close. But as that Court has repeatedly recognized, this is not such a case. It began nearly three years ago with the filing of an unauthorized proposed "consent" judgment, which precipitated the resignation of counsel for the Defendants and the intervention of *eight* intervenor groups. The defendant Trusts remain unrepresented. Under these unique circumstances, the Court should prioritize the investigation of its subject matter jurisdiction before turning to the questions that may follow.

**TSI's position**

TSI, without waiving arguments in support of dismissal and any right to make additional Rule 12(b) arguments, out of consideration for other Intervenor parties that wish to be heard on the issue of subject matter jurisdiction and the Court's time and resources, consents to a limited extension of the briefing schedule on the subject matter jurisdiction issue. However, TSI disagrees with the CFPB's position that the parties must file motions to dismiss on other grounds at the time they raise subject matter jurisdiction defenses.

The CFPB cites to *Leyse v. Bank of Am. Nat'l Assoc.,* 804 F.3d 316, 320-21 (3d Cir. 2015), which does not involve a motion to dismiss on subject matter jurisdiction grounds and, therefore,

does not apply to the circumstances here.[1] Indeed, *Leyse* recognizes that motions to dismiss for lack of subject matter jurisdiction are exempt from Rule 12(g)(2), under the exception found in Rule 12(h)(3). This is consistent with the well-settled principle that "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006).

Resolving the threshold issue of subject matter jurisdiction in the first instance is in the interests of judicial economy and party economy.

TSI is available at the convenience of the Court to answer any questions.

**CFPB's position**

The Bureau welcomes a scheduling order that would consolidate the presentation of motions to dismiss that Ambac and other Intervenors may choose to file,[2] but it objects to any such order that would permit Intervenors to file motions directed only to arguments under Rule 12(b)(1) and reserve other arguments for potential future motions. The Federal Rules clearly require that all available grounds for dismissal be raised at the same time. A departure from this limitation would invite multiple rounds of motions practice, precisely the outcome the Rules seek to avoid.

Rule 12 provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Here, Ambac seeks to move for dismissal for a lack of subject matter jurisdiction under Rule 12(b)(1). Because it is moving for dismissal under Rule 12, Rule 12(g)(2) directs that any other Rule 12 grounds for dismissal available to Ambac should be raised in this motion.

If either of the two exceptions to this limitation, contained in Rules 12(h)(2) and (3), applies to some future argument for dismissal, the Court and parties can address them at that time. There is no reason for the Court to create an ad hoc exception to Rule 12(g)(2) in a scheduling order and do to so would likely be error. *See Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320-21 (3d Cir. 2015) (holding that it was error to consider second Rule 12(b)(6) motion that did not fit within exceptions provided by Rule 12(h)); *see also Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1078 (E.D. Pa. 2017) (denying successive motion under Rule 12(b)(6) for violation of Rule 12(g)(2)); *Freed v. St. Jude Med., Inc.*, No. CV 17-1128-CJB, 2019 WL 5102643, at *2 (D. Del. Oct. 11, 2019) (same).

Nothing in the Court's prior scheduling orders indicates that it has sanctioned a diversion from the established practice set forth in the Rules. This case has been pending for almost three years, leaving many consumers harmed by defendants' practices unremediated. Ambac's request to deviate from the Federal Rules of Civil Procedure would only serve to further delay finality for

---

[1] The additional cases cited by the CFPB, *see Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1078 (E.D. Pa. 2017); *Freed v. St. Jude Med., Inc.*, No. CV 17-1128-CJB, 2019 WL 5102643, at *2 (D. Del. Oct. 11, 2019), are also distinguishable for the same reasons.

[2] The Bureau does not concede that the Intervenors have standing to move to dismiss.

these consumers. The Bureau believes it is appropriate to move the case forward as expeditiously as possible.

\*     \*     \*

Accordingly, the parties request a status conference to receive the Court's guidance as to whether the next round of briefing should be limited to the issue of the Court's subject matter jurisdiction or whether the Court would prefer omnibus Rule 12 briefing by all parties. The parties agree that, within two business days of receiving the Court's guidance, they will confer and jointly propose a briefing schedule for the motion(s).

As always, we thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Melissa N. Donimirski*

Melissa N. Donimirski (#4701)

MND/ram

cc: Counsel of Record (via CM/ECF)