IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Consumer Financial Protection Bureau,  )<br> )<br>             Plaintiff,          )<br> )<br>      v.                                )<br> )<br>The National Collegiate Master Student )<br>Loan Trust, *et al.*,                  )<br> )<br>             Defendants.              )  | C.A. No. 1:17-cv-01323-MN |

## PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU'S REPLY IN SUPPORT OF ITS APPLICATION FOR ENTRY OF DEFAULT

The Court should direct the Clerk of the Court to enter default as to all Defendants because the Bureau's Application for Entry of Default (D.I. 295) satisfies the elements of Federal Rule of Civil Procedure 55(a) and entry of default is appropriate. Ambac's "response" to the Bureau's application should be stricken as procedurally improper. If the Court deems Ambac's response to be properly lodged, entry of default should still proceed because Ambac has no standing or authority to speak for Defendants, and it has raised no valid ground for not entering default.

The elements of Rule 55(a) have been satisfied and the fact of Defendants' failure to plead or otherwise defend the action is evident from the face of the Court's docket. Rule 55(a) provides in full that, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." When this action was initially filed, Defendants waived service of process in the terms of the Proposed Consent Judgment. *See* D.I. 3-1 at 2. After the Court

1

determined counsel for Defendants did not have authority to sign the Proposed Consent Judgment and denied the Bureau and Defendants' joint motion to approve the consent judgment, *see* D.I. 273, the Bureau promptly served the complaint and a summons on each Defendant on June 11, 2020, and filed proof of service with the Court, *see* D.I. 277 - 291. Defendants then had 21 days to make a responsive pleading or move to dismiss. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). After Defendants made no responsive pleading, motion, or appearance within 21 days of being served, the Bureau requested that the Clerk of the Court enter Defendants' default on the docket. *See* D.I. 295. The elements of Rule 55(a) having been satisfied, and Defendants' failure to defend being evident in the docket, the Clerk should enter default as against all Defendants.

Ambac's response, *see* D.I. 296, Ambac's Opposition to Application for Entry of Default ("Ambac Opp."), should be stricken as procedurally improper because the Bureau's application for entry of default is not a motion to which an opposition would be appropriate. In contrast to the many motions filed by the parties on the Court's docket, the Bureau's application was a "request," not a "motion." Entry of default under Rule 55(a) is simply a prerequisite step that must be taken before a motion for default judgment can be filed and is typically notated in the docket by the Clerk "automatically." *See Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 185-86 (E.D.N.Y. 2009). Ambac's response to the Bureau's request is therefore procedurally defective and should be stricken.

Even if a response to the Bureau's request were procedurally proper, Ambac's opposition should be disregarded because it has neither standing nor authority to speak on behalf of Defendant Trusts in this action. The Bureau's request for entry of default was against the Defendants in this litigation, not against Ambac or any of the other Intervenors. *See* D.I. 295. Ambac's opposition on behalf of Defendants therefore violates a basic principal of prudential

standing that requires, among other things, that "a litigant assert his [or her] own legal interests rather than those of third parties." *UPS Worldwide Forwarding, Inc. v. USPS,* 66 F.3d 621, 627 (3d Cir. 1995) (citing *Wheeler v. Travelers Ins. Co.,* 22 F.3d 534, 538 (3d Cir.1994) (internal citations and quotation marks omitted)); *see also Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992) (prudential standing concerns are essential aspects of "judicial self-government"). Ambac has standing to represent its own legal interests in this litigation; it does not have standing to represent the legal interests of the Defendants. Its opposition on behalf of Defendants should therefore be rejected for lack of standing.

The specifics of the relationship between Ambac and Defendants only underscore the importance of adhering to these prudential principles, because Ambac does not even have authority within the context of the Defendants' governing agreements to speak on their behalf. As the Court has already noted multiple times, the agreements that formed the Defendant Trusts and govern their operations strictly provide for which parties may take what action on the Trusts' behalf. *See* D.I. 272, Order Denying Motion to Approve Proposed Consent Judgment, at 2; D.I. 95, Order Granting Motions to Intervene, at 1-2. Ambac's role is to provide "financial guarantee insurance with respect to securities in nine of the fifteen trusts." D.I. 4, Ambac's Motion to Intervene, at 5. Ambac's opposition points to no provision of any of the Trusts' governing agreements that would give it the authority to speak on behalf of the nine Trusts in which it has an interest, let alone the six others in which it has none. Nor does it provide any support in law or the governing agreements for its sweeping assertion that Intervenors as a group are authorized to represent the Trusts' interests in litigation. *See* Ambac Opp. at 3.[1] Ambac's attempt to litigate on

---

[1] Further undercutting this assertion is the fact that Ambac filed this opposition on behalf of itself and no other Intervenor appears to have joined it. Moreover, not all parties to the Trusts have

3

the Trusts' behalf should therefore be disregarded as it has no authority to do so under the Trusts' governing agreements.

Finally, Ambac argues that default should not be entered because the Court's recent scheduling orders supposedly relieve the Defendants of their obligation to answer the Bureau's complaint. *See generally* Ambac Opp. at 1-3. The orders do no such thing. The Court's May 31 and June 17, 2020 scheduling orders (D.I. 273, 296) relate solely to Intervenors' motions to dismiss, and make no mention of Defendants' obligations under the Federal Rules of Civil Procedure. Likewise, the teleconference held before the Court on May 31, 2020, was explicitly limited to Intervenors' motions to dismiss. *See generally* D.I. 296-1. Although one Intervenor raised the possibility of Intervenors eventually filing an answer, the Court declined to opine on that possibility and left the question for another day. *See* D.I. 296-1 at 10-11.

The Bureau's comments to the proposed scheduling order, which Ambac filed with its opposition, show clearly that the Bureau viewed the proposed schedule as applying only to Intervenors, and that "the Federal Rules already provide for whatever further responses or answers are available as well as their timing and sequencing." *See* D.I. 296-3. In no event did either the Court or the parties – during the teleconference, in negotiations over the proposed scheduling order, or in the scheduling orders issued by the Court – discuss when Defendants must file their answer. And with good reason: the Federal Rules are clear and unequivocal about when an answer must be filed, and Intervenors are not Defendants. Baseless speculation and allegations about the Bureau's intentions and "tactics" change neither of those facts. Ambac's manufactured outrage and mischaracterizations of the record are no cure for Defendants' failure

---

intervened in this action, most notably the equity owners of the Trusts – currently NC Owners, LLC (which is controlled by VCG Securities, LLC) and Pathmark Associates, LLC.

to answer the Bureau's complaint, or grounds to not enter default against Defendants under Rule 55(a).

\* \* \* \*

As Ambac's opposition itself notes, "[d]efault judgments serve as deterrents to delay in judicial proceedings," *Byrd v. Keene Corp.*, 104 F.R.D. 10, 11 (E.D. Pa. 1984), and protect diligent parties from "interminable delay and continued uncertainty as to [their] rights," 10 Wright, Miller & Kane, Federal Practice and Procedure § 2681. On July 16, 2018, the Court granted Defendants' counsel's motion to withdraw and ordered the Trusts to retain new counsel within thirty days. *See* D.I. 80 at 2. Defendants did not retain new counsel and have been unrepresented in this action and in violation of the Court's order to retain new counsel since August 17, 2018. As the Bureau noted at that time, this would leave Defendants unable to prosecute a defense or otherwise participate in this action. *See* D.I. 89, Bureau's Sept. 28, 2018 Ltr. re: Defendants' Lack of Counsel, at 1 (citing *In re Olick,* 571 Fed. Appx. 103, 106 (3d Cir. 2014) ("[W]ithout counsel the Trust may not appear in federal court."); *Marin v. Leslie***,** 337 Fed. Appx. 217, 220 (3d Cir. 2009) ("To assert these claims on behalf of the trust, [individual plaintiff] would need to retain counsel."); *Knoefler v. United Bank of Bismarck,* 20 F.3d 347, 348 (8th Cir.1994) (holding that a nonlawyer cannot represent the interest of a trust in federal court)). Nearly two years later, the parties that ostensibly are empowered to ensure that the Trusts have counsel but have failed to do so may not simply litigate on the Trusts' behalf. Defendants' failure to defend this action has consequences, which are provided, in part, by Rule 55(a). Default should be entered in the docket as to all Defendants.

Dated: July 13, 2020

Respectfully submitted,


*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

THOMAS G. WARD
*Enforcement Director*

DEBORAH MORRIS
*Deputy Enforcement Director*

ALUSHEYI J. WHEELER
*Assistant Litigation Deputy*


/s/ Gabriel Hopkins

Gabriel Hopkins
gabriel.hopkins@cfpb.gov
Phone: 202-435-7842
Stephen Jacques
stephen.jacques@cfpb.gov
202-435-7368
Jane Peterson
jane.peterson@cfpb.gov
202-435-9740

*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2020, I electronically filed Plaintiff's Reply in Support of its Application for Entry of Default with the Clerk of Court using CM/ECF which will send notification of such filing(s) to all parties to this matter registered for CM/ECF.

I hereby further certify that I sent a copy of Plaintiff's Reply in Support of its Application for Entry of Default by certified mail to the agent authorized to accept service on behalf of the Defendants.

Dated: July 13, 2020

/s/ Gabriel Hopkins
Consumer Financial Protection Bureau
1700 G St. NW
Washington, DC 20552
gabriel.hopkins@cfpb.gov

*Attorney for Plaintiff Consumer Financial Protection Bureau*