# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE NATIONAL COLLEGIATE STUDENT LOAN MASTER TRUST, *et al.*<br><br>                    Defendant. | C.A. No. 17-1323-MN |

## INTERVENOR WILMINGTON TRUST COMPANY'S
## RESPONSE TO PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU'S
## APPLICATION FOR ENTRY OF DEFAULT

Intervenor Wilmington Trust Company ("WTC"), by and through its undersigned counsel, hereby responds to Plaintiff Consumer Financial Protection Bureau's ("Plaintiff" or "CFPB") Application for Entry of Default (the "Application") against the Trusts, filed on July 2, 2020, as follows:

1.      On June 12, 2020, a teleconference was held in the above-captioned action during which the Court addressed the sequencing and scope of the Intervenors' forthcoming motions to dismiss. In seeking guidance from the Court as to whether motions to dismiss for lack of subject matter jurisdiction should proceed on the same briefing schedule as motions to dismiss for failure to state a claim, counsel for Ambac Assurance Corporation ("Ambac") reminded the Court that the Trusts remain unrepresented in this Action. (Ex. A at 6:15-16.)[1] Counsel for Ambac further advised the Court that the Court of Chancery is in the process of deciding contractual issues

---

[1] All cites to Exhibits herein refer to the Exhibits appended to Ambac Assurance Corporation's Opposition to Plaintiff's Application for Entry of Default Against Defendant Trusts, filed on July 6, 2020. [D.I. 296]

concerning, among other things, the mechanism by which counsel for the Trusts can be retained in various litigation pending in multiple fora. (*Id.* at 6:22-7:1.) Accordingly, counsel for Ambac respectfully requested that "if the Court think it makes sense for the Trust to have counsel before all Rule 12 motions are considered, then we think it would be better to have the benefit of Vice Chancellor Slights' ruling and Judge Farnan's efforts which will allow us to get Trust counsel retained[.]" (*Id.* at 7:6-11.)

2.  Ultimately, the Court requested that the Intervenors' motions to dismiss address all issues that they are aware of now, and the Court would "deal with what the Defendants [the Trusts] want to do when they get counsel." (Ex. A at 7:22-8:3.) Counsel for the CFPB agreed with the Court's proposal. (*Id.* at 9:2-6.)

3.  Also during the teleconference, counsel for U.S. Bank requested guidance from the Court as to the timing for filing answers to the operative complaint. (Ex. A at 10:3-12.) In response to U.S. Bank's inquiry, counsel for the CFPB acknowledged that he did not presently have a position as to timing for the filing of answers, but expressed a willingness to discuss the issue with the Intervenors. (*Id.* at 10:15-22.) Thereafter, the parties negotiated a briefing schedule for the Intervenors' forthcoming motions to dismiss and agreed to address timing for the filing of answers to the operative complaint after the motions to dismiss were resolved. (*See* Ex. B at 1 ("Finally, in the Bureau's view any proposal should be limited to a schedule for briefing the anticipated motion to dismiss. We expect the court to set any appropriate deadlines that follow ruling on the MTD.").)

4.  From the foregoing, WTC understood that the CFPB agreed that the Trusts could respond to the complaint, if necessary, after the motions to dismiss were resolved. As one of the Intervenors with authority to act for the Trusts, WTC has been working to retain counsel for the

Trusts in this action, but that process is complicated and impaired by the governance issues that are pending before Vice Chancellor Slights in the Court of Chancery of the State of Delaware. While WTC has been working diligently to retain counsel for the Trusts in this action, and in reliance on the CFPB's agreement, from which it now seeks to retreat, WTC has not yet been able to retain counsel for the Trusts in this action.

5.  Notwithstanding the Court's directive and the CFPB's prior representations, on July 2, 2020, the CFPB filed the pending Application against the Trusts "on the ground that they have failed to timely appear, answer, or otherwise defend this action." (D.I. 295.) The CFPB's Application runs counter to the Court's directive during the teleconference and seemingly abandons the CFPB's agreement that issues concerning the Trusts be addressed once counsel for the Trusts was retained. As such, WTC respectfully requests that the Court deny the Application. In the alternative, WTC respectfully requests that the Court stay the request for 30-days to allow the Trusts to attempt to retain counsel to defend themselves in this action.

Dated: July 16, 2020

BAYARD, P.A.

*/s/ Elizabeth A. Powers*
Jason C. Jowers (#4721)
Stephen B. Brauerman (#4952)
Elizabeth A. Powers (#5522)
600 North King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
jjowers@bayardlaw.com
sbrauerman@bayardlaw.com
epowers@bayardlaw.com

*Attorneys for Intervenor Wilmington Trust Company*