# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Consumer Financial Protection Bureau, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 1:17-cv-01323-MN |
| v. ) | |
| ) | |
| The National Collegiate Master Student ) | |
| Loan Trust, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU'S REPLY IN SUPPORT OF ITS APPLICATION FOR ENTRY OF DEFAULT

For the reasons already stated in Plaintiff Consumer Financial Protection Bureau's Reply in Support of Entry of Default ("Bureau Reply") (D.I. 306), the Court should direct the Clerk of the Court to enter default as to all Defendants and should strike Intervenor Wilmington Trust Company's Response to Plaintiff's Application for Default ("Wilmington Response") (D.I. 307) as procedurally improper. Wilmington's Response suffers the same deficiencies as the nearly identical response filed by Intervenor Ambac Assurance Corp. ("Ambac Response") (D.I. 296). Wilmington has neither standing nor authority to litigate on behalf of the Defendants, and even if it did, it presents no persuasive arguments for not entering default against the Defendants. Because the Bureau's Application for Entry of Default (D.I. 295) satisfies the elements of Federal Rule of Civil Procedure 55(a), immediate entry of default is appropriate here.[1]

---

[1] Because each of the arguments the Bureau advanced in its reply to Ambac's Response applies with equal force here, the Bureau incorporates by reference the arguments made therein. *See* D.I. 306, Bureau Reply.

1

It bears reiterating that the Bureau did not agree to suspend Defendants' obligations under the Federal Rules during the hearing the Court held on June 12, 2020. That hearing concerned the scope of motions to dismiss to be filed by Intervenors. *See* D.I. 296-1, Transcript of June 12, 2020 Hearing ("Transcript") at 5:9-11 ("I wanted to understand what the parties have in mind with respect to the letter that I got about motions to dismiss."). Indeed, the letter that prompted the June 12 hearing only addressed the Intervenors' potential motions to dismiss, not the timing of Defendants' answer or responsive pleading. *See* D.I. 275, June 8, 2020 Joint Ltr. Re: Scope of Rule 12 Briefing, at 1.

And while Ambac's counsel represented to the Court that Defendants were seeking counsel to represent them in this action, nowhere did they, or any other party, suggest that the Court suspend all deadlines or obligations Defendants might have under the Federal Rules. *See* Transcript at 6:15-7:15. Thus, the Court's statement that it would "deal with what the Defendants want to do when they get counsel" did not represent any such suspension. *Id.* at 8:2-3. It is absurd to suggest, as both Ambac and Wilmington do, that the Bureau agreed to a proposal that had not even been made, with a party that was not even represented at the hearing. And, as noted in the Bureau's previous reply, when Intervenors actually did propose a suspension of Defendants' obligations in a draft scheduling order, the Bureau did not agree. *See* Bureau Reply at 4 (citing D.I. 296-3).

\* \* \* \*

No "stay" is warranted here. The Bureau served its Complaint on Defendants more than five weeks ago, and Defendants have unquestionably failed to respond to that Complaint or even enter an appearance in this case. Individual Intervenors, improperly petitioning the Court ad hoc and seriatim, should not be permitted to delay resolution of this matter any further by claiming

that they speak for Defendants or represent their interests. Wilmington and Ambac are not defendants to this action. The Defendant Trusts have known for years that if Intervenors were successful in challenging the PCJ the Trusts would need representation to defend themselves in this action but have failed to secure counsel. If the Defendant Trusts do retain counsel after default is entered, they can attempt to persuade the Court to set aside that default. But defendants who have not even appeared in this case should not be preemptively excused from complying with the Federal Rules of Civil Procedure.

Almost three years after this case was filed, student borrowers harmed by Defendants' illegal practices are still awaiting the remediation they deserve, and additional students who may have been similarly harmed have not been identified. No further delay is warranted. The elements of Federal Rule of Civil Procedure 55(a) have been satisfied and entry of default is appropriate.

Dated: July 20, 2020

Respectfully submitted,

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

THOMAS G. WARD
*Enforcement Director*

DEBORAH MORRIS
*Deputy Enforcement Director*

ALUSHEYI J. WHEELER
*Assistant Litigation Deputy*

/s/ Gabriel Hopkins
Gabriel Hopkins
gabriel.hopkins@cfpb.gov
Phone: 202-435-7842
Stephen Jacques
stephen.jacques@cfpb.gov
202-435-7368
Jane Peterson
jane.peterson@cfpb.gov
202-435-9740

*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2020, I electronically filed Plaintiff's Reply in Support of its Application for Entry of Default with the Clerk of Court using CM/ECF which will send notification of such filing(s) to all parties to this matter registered for CM/ECF.

I hereby further certify that I sent a copy of Plaintiff's Reply in Support of its Application for Entry of Default by certified mail to the agent authorized to accept service on behalf of the Defendants.

Dated: July 20, 2020

/s/ Gabriel Hopkins
Consumer Financial Protection Bureau
1700 G St. NW
Washington, DC 20552
gabriel.hopkins@cfpb.gov

*Attorney for Plaintiff Consumer Financial Protection Bureau*