**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>The National Collegiate Master Student Loan Trust, *et al*.<br><br>Defendants. | ) | C.A. No. 17--01323-MN |

**REPLY IN FURTHER SUPPORT OF TRANSWORLD SYSTEMS INC.'S**
**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Respectfully submitted,

Daniel A. O'Brien (No. 4897)
VENABLE LLP
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Phone: (302) 298-3523
Fax: (302) 298-3550
daobrien@venable.com

-and-

*Counsel for Intervenor Transworld Systems Inc.*

OF COUNSEL

Allyson B. Baker (*pro hac vice*)
Meredith L. Boylan (*pro hac vice*)
Sameer P. Sheikh (*pro hac vice*)
Tiffany C. Williams (*pro hac vice*)
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
Phone: (202) 344-4000
Fax: (202) 344-8300
ABBaker@venable.com
MLBoylan@venable.com
SPSheikh@venable.com
TCWilliams@Venable.com

Date: August 28, 2020

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 1

1. TSI Has Standing to Bring Its Motion to Dismiss. ........ 1

2. The Bureau Has Failed to Meet Its Burden of Establishing that Subject Matter Jurisdiction Exists; the Mere Recitation of Federal Statutes Does Not Confer Subject Matter Jurisdiction. ........ 2

3. The Bureau's Lengthy Discussion about Whether "Covered Person" is a Jurisdictional Requisite or an Element of a UDAAP Claim Ignores the Salient Fact that the Trusts Are Not "Covered Persons" Under Either Scenario. ........ 3

4. The Bureau Fails to Plead or Even Show in Its Opposition Brief that the Trusts Meet the Statutory Definition of "Covered Person." ........ 5

5. The Bureau Recites Irrelevant Facts to Support Its Assertion that the Trusts Are "Covered Persons." ........ 6

CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arbaugh v. Y&H Corp.*,
546 U.S. 500 (2006)....................4

*Avitts v. Amoco Prod. Co.*,
53 F.3d 690 (5th Cir. 1995)....................2

*Church of Universal Bhd. v. Farmington Twp. Supervisors*,
296 Fed. Appx. 285 (3d Cir. 2008)....................3

*Common Cause of Pa. v. Pennsylvania*,
558 F.3d 249 (3d Cir. 2009)....................3

*Fort Bend Cty., TX v. Davis*,
139 S. Ct. 1843 (2019)....................4

*Gould Elecs. Inc. v. United States*,
220 F.3d 169 (3d Cir. 2000)....................4

*Lincoln Ben. Life Co. v. AEI Life, LLC*,
800 F.3d 99 (3d Cir. 2015)....................2, 3

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
549 F.2d 884 (3d Cir. 1977)....................4

*Reed Elsevier Inc. v. Muchnick*,
559 U.S. 154 (2010)....................4

*Save the Dunes Council, Inc. v. United States*,
476 U.S. 1108 (1986)....................2

*United States v. 36.96 Acres of Land, More or Less, Situated in LaPorte Cty., State of Ind.*,
754 F.2d 855 (7th Cir. 1985)....................1

**Statutes**

12 U.S.C. § 5481....................3, 5, 8

12 U.S.C. § 5531....................3, 4, 5

12 U.S.C. § 5536....................3, 5

12 U.S.C. § 5564....................2

12 U.S.C. § 5565 .......... 2, 4, 6

28 U.S.C. § 1331 .......... 2

28 U.S.C. § 1345 .......... 2

**Rules**

Rule 12(b)(1) .......... 3

Rule 24(a)(2) .......... 1

**Other Authorities**

S. Rep. No. 111-176 (2010) .......... 7

**PRELIMINARY STATEMENT**

None of the arguments raised by the Consumer Financial Protection Bureau ("CFPB" or "Bureau") in its brief in opposition ("Opposition Brief") (D.I. 320) demonstrates that subject matter jurisdiction exists in this case.

The Bureau incorrectly argues that the Intervenors, including Transworld Systems Inc. ("TSI"), lack standing. Further, the Opposition Brief oversimplifies the subject matter jurisdiction analysis; conflates the elements of a UDAAP claim with jurisdictional requisites; and misconstrues the definition of "covered person" within the meaning of the Bureau's enabling statute.

For the reasons stated herein, as well as in TSI's Opening Brief (D.I. 243), the Bureau has failed to meet, and cannot meet, its burden of establishing that subject matter jurisdiction exists. Accordingly, the Court should decline to exercise jurisdiction and dismiss the Bureau's Complaint with prejudice.

**ARGUMENT**

**1. TSI Has Standing To Bring Its Motion To Dismiss.**

The Court's October 19, 2018 Order (D.I. 95) (the "October 19 Order") states that "the Court will place no limitation on the Intervenors' right to participate in this action." D.I. at 12. Specifically, the Court recognized that the Intervenors, including TSI, are able to intervene as of right under Rule 24(a)(2), because each of the moving Intervenor parties demonstrated sufficiently specific interest in the outcome of the litigation and that each Intervenor will be directly affected by the relief the Bureau seeks. *See id.* The Court, therefore, should reject the Bureau's argument that the Movants do not have standing. *See, e.g., United States v. 36.96 Acres of Land, More or Less, Situated in LaPorte Cty., State of Ind.*, 754 F.2d 855, 859 (7th Cir. 1985) (explaining that "[t]he interest of a proposed intervenor must be greater than the interest sufficient to satisfy the

standing requirement"), cert. denied *sub nom Save the Dunes Council, Inc. v. United States*, 476 U.S. 1108 (1986). Further, the Bureau's argument concerning TSI's September 15, 2017 Consent Order (D.I. 310-3) also is incorrect, as that Order does not include any jurisdictional allegations regarding the Trusts, and TSI made no admissions as to jurisdiction involving the Trusts. Accordingly, the Court should summarily dispose of the Bureau's meritless argument that the Movants lack standing to challenge the Complaint.

**2. The Bureau Has Failed To Meet Its Burden Of Establishing That Subject Matter Jurisdiction Exists; The Mere Recitation Of Federal Statutes Does Not Confer Subject Matter Jurisdiction.**

As the party asserting subject matter jurisdiction, the Bureau "has the burden of proving its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). The Bureau has failed to satisfy its burden, therefore its UDAAP claims cannot proceed as a matter of law. The Bureau contends that "valid grounds for subject matter jurisdiction" exist because its Complaint references three federal statutes, including the CFPA generally (12 U.S.C. § 5565(a)(1)), and specifically as to UDAAP (12 U.S.C. § 5564(a)), as well as 28 U.S.C. § 1331 and 28 U.S.C. § 1345. Opposition Br. at 13. But as courts have repeatedly held, "subject matter jurisdiction cannot be created by simple reference to federal law." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 694 (5th Cir. 1995). Thus, although U.S. District Courts may have jurisdiction to hear cases arising under federal law, a plaintiff must properly plead the cause of action under the cited federal statute to establish subject matter jurisdiction. *Id.* (finding no subject matter jurisdiction notwithstanding plaintiff's references to CERCLA and OPA).

Under the CFPA, federal jurisdiction is conferred on civil actions that plead a "Federal consumer financial law," *see* 12 U.S.C. § 5565(a), and, here, the Federal consumer financial law the Bureau seeks to enforce against the Trusts is the CFPA's prohibition against unfair, deceptive,

or abusive acts or practices. *See* Compl. ¶¶ 70, 75, 82, 87, 93. But the CFPA's UDAAP prohibition applies only to "covered persons," which the Trusts are not. *See* 12 U.S.C. §§ 5531 and 5536(a)(1)(B). It is irrelevant for the Bureau to argue that it has asserted that the Trusts are "persons" that have violated a Federal consumer financial law, when the sole Federal consumer financial law cited in the Complaint can apply only to a "***covered*** person."[1] Thus, the Bureau has not pled the violation of a "Federal consumer financial law" sufficient to confer subject matter jurisdiction.

**3. The Bureau's Lengthy Discussion About Whether "Covered Person" Is A Jurisdictional Requisite Or An Element Of A UDAAP Claim Ignores The Salient Fact That The Trusts Are Not "Covered Persons" Under Either Scenario.**

The Bureau argues that FRCP Rule 12(b)(6), and not 12(b)(1), is the proper procedural vehicle for resolving TSI's motion to dismiss. Opposition Br. at 13. This argument is unavailing for two reasons: (i) it ignores standing Third Circuit precedent that 12(b)(1) challenges may be facial or factual; and (ii) whether the 12(b)(1) or 12(b)(6) standard is used is inconsequential to the Court's determination that dismissal is necessary because the Trusts are not "covered persons."[2]

---

[1] A "Federal consumer financial law" is defined as: "enumerated consumer laws, the laws for which authorities are transferred under subtitles F and H, and any rule or order prescribed by the Bureau under this title, an enumerated consumer law, or pursuant to the authorities transferred under subtitles F and H. The term does not include the Federal Trade Commission Act." 12 USC § 5481(14). These laws include, for example, the Equal Credit Opportunity Act (15 U.S.C. § 1691 et seq.), Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), Home Mortgage Disclosure Act of 1975 (12 U.S.C. § 2801 et seq.); Real Estate Settlement Procedures Act of 1974 (12 U.S.C. § 2601 et seq.), and the Truth in Lending Act (15 U.S.C. § 1601 et seq.). *See* 12 U.S.C. § 5481(12).

[2] As the Third Circuit has repeatedly held, "[c]hallenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (quoting *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009)). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *Id.* In reviewing a facial attack, the Court must consider only the allegations in the complaint and any documents referenced in or attached to the complaint, in the light most favorable to the plaintiff. *Church of Universal Bhd. v. Farmington Twp. Supervisors*, 296 Fed. Appx. 285, 288 (3d Cir. 2008). In contrast, when reviewing a factual attack, the Court may weigh and consider

The Opposition Brief misconstrues *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). The CFPA's "covered person" requirement is not solely an element of a UDAAP claim. And *Arbaugh* is critically distinct from the case at present. In *Fort Bend Cty., TX v. Davis*, 139 S. Ct. 1843 (2019), also cited by the Bureau, the Supreme Court characterized *Arbaugh* and other "claims processing" decisions as involving rules that "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times."[3] *Id.* at 1849-1850. But a party's status as a "covered person" is not a "claim processing" procedural requirement, nor is it properly construed as an element of a UDAAP claim – rather, it is a *jurisdictional* requirement.[4] The CFPA provision granting federal court subject matter jurisdiction, *see* 12 U.S.C. § 5565(a)(1), is predicated specifically on whether the Bureau is authorized to pursue a claim under the Federal consumer financial law; here, the violation of UDAAP. *See id.* § 5531(a).

If, however, the 12(b)(6) standard is applied, as the Bureau suggests it should be, the Bureau's Complaint nevertheless must be dismissed because the Complaint still does not plausibly

evidence outside the pleadings. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). But, in the case of a factual challenge, "no presumptive truthfulness attaches to plaintiffs' allegations." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Looking to either legal standard, the Bureau's Complaint still fails to plead subject matter jurisdiction.

[3] The posture in *Arbaugh* is also different. TSI has not belatedly pursued its 12(b)(1) motion. Indeed, in *Arbaugh* the question of whether the motion to dismiss was properly one concerning subject matter jurisdiction affected the disposition of the case. The Court held that the numerosity claim at issue "could not be raised defensively ***late in the lawsuit***, *i.e.*, after [defendant] had failed to assert the objection prior to the close of trial on the merits." *Arbaugh*, 546 U.S. at 501.

[4] For this reason, the Bureau's reliance on *Reed Elsevier Inc. v. Muchnick* is misplaced. 559 U.S. 154, 162-63 (2010) (holding that pre-suit registration requirement under Copyright Act as a precondition to filing infringement claim does not restrict a federal court's subject matter jurisdiction).

allege that the Trusts are covered persons, as required under the *Twombly—Iqbal* pleading standard. *See infra* Section 4.

**4. The Bureau Fails To Plead Or Even Show In Its Opposition Brief That The Trusts Meet The Statutory Definition Of "Covered Person."**

Under the CFPA, 12 U.S.C. § 5531, the Bureau may pursue a UDAAP claim only against a "*covered person* or service provider"[5] to prevent the covered person from "*committing* or *engaging* in an unfair, deceptive, or abusive act or practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service." 12 U.S.C. § 5531(a). *See also* 12 U.S.C. § 5536(a)(1)(B) (unlawful for any covered person or service provider to engage in unfair, deceptive, or abusive acts or practices).

The CFPA unambiguously defines a "covered person" as (1) any person that ***engages*** in ***offering*** or ***providing*** a "***consumer financial product or service***" and (2) any "affiliate" of such person if the affiliate "acts as a service provider" to them. *Id.* § 5481(6)(A). The offer or provision of a "consumer financial product or service" is defined in the CFPA through eleven enumerated and specific examples that are entirely inclusive of the definition. *See id.* § 5481(15)(A)(i)-(xi). A plain reading of the CFPA's enumerated definitions of a "financial product or service" demonstrates that the statutory provisions on which the Bureau's Complaint relies do not apply to the Trusts. The Bureau, relying on definitions (i) and (x), contends that it has sufficiently alleged that the Trusts engage in "acquiring and servicing consumer loans and the collection of debts." Opposition Br. at 17-18. But the Complaint asserts, and the Court has repeatedly found in its prior orders (*see e.g.*, D.I. 272 at 2), that the Trusts have no employees or management. Indeed, the

---

[5] The Bureau does not argue that the Trusts meet the definition of "service provider," 12 USC § 5481(26)(A).

Bureau concedes in its Complaint that the Trusts *do not themselves* carry out servicing or collection activities. *See e.g.*, Opposition Br. at 2 ("Defendants, *through their servicer*, filed over 90,000 debt collection lawsuits . . ."), 18 ("Defendants, *through their servicers*, engaged in the collection of debts by filing collections lawsuits against consumers."), 19 ("Defendants engage in debt collection and . . . they do so ***through their servicers***."). Neither of the Bureau's cited definitions of a "financial product or service" applies to the Trusts.

**5. The Bureau Recites Irrelevant Facts To Support Its Assertion That The Trusts Are "Covered Persons."**

The Bureau's Opposition Brief posits several arguments that do not concern the question of whether the Trusts meet the definition of "covered persons." First, the Bureau invokes provisions from the Trust Agreements and the Delaware Statutory Trust Act ("DSTA") and claims that the Complaint "properly alleges that Defendants are 'persons' within the meaning of the CFPA" – notwithstanding the fact that the now-cited provisions were not invoked in Complaint and, further, do not establish that the Trusts are "covered persons." Opposition Br. at 17-18. Moreover, whether the Trusts are "persons" does not inform whether they are "covered persons" within the meaning of the CFPA. The CFPA does allow the Bureau to pursue causes of action in federal district court against any "person," but that "person" still must be subject to an underlying consumer financial law, which is UDAAP in this case. *See* 12 U.S.C. § 5565. And only "covered persons" are subject to a UDAAP cause of action.

Second, the Bureau asserts that service providers have engaged in collections activities on behalf of the Trusts.[6] Opposition Br. at 18. But this fact does not convert the Trusts into "covered persons" and, indeed, the Bureau cites no legal or statutory authority to demonstrate otherwise.

[6] The Bureau takes issue with TSI's plain reading of the statutory definition for consumer financial product or service on which the Complaint relies – particularly the usage of the

Third, whether the Trusts can "sue and be sued" is not dispositive of whether the Trusts engage in the provision or offering of a consumer financial product or service within the meaning of the CFPA. *See* 12 U.S.C. § 5481(6)(A).[7] *Id.* at 19.

Fourth, the Trust Agreements also provide no support for the Bureau's claim that the Trusts are "covered persons." Indeed, one such Agreement expressly contemplates that the Trusts will "enter into such agreements that are necessary" for servicing and collections activities, thus, contemplating the involvement of service providers. *Id.* at 21.

Finally, the Bureau declines to rely on the CFPA's legislative history, stating instead that the Court should consider only the plain language of the statute. *Id.* at 22. Indeed, TSI's arguments rely on the unambiguous language of the CFPA. And, as outlined in Section 4 above, the Trusts do not meet the statutory definition, and thus, they are not "covered persons." The Complaint does not – indeed cannot – plead otherwise. *See* 12 U.S.C. § 5481(15).

The Court should dismiss the Complaint with prejudice.[8]

**CONCLUSION**

For the foregoing reasons and those set forth in TSI's Opening Brief in Support of Dismissal, the Bureau has not met, and cannot meet, its burden of proving that subject matter

---

conjunctive 'and' in "extending credit and servicing loans." Opposition Br. at 18 n.8. This reading is consistent with the canons of statutory construction.

[7] As purported evidence that the Trusts are "covered persons," the Bureau cites several unrelated lawsuits where the Trusts are named Defendants. *See* Opposition Br. at 19. But those collection and other private lawsuits are not actions by the CFPB against the Trusts, let alone involve the question of whether the Trusts are "covered persons."

[8] The Bureau should not now be permitted to amend its Complaint for failure to plead the elements of subject matter jurisdiction. The Bureau has been on notice as to these issues and had ample opportunity to amend its complaint, since 2017, when TSI first raised the "covered persons" issue as a fatal deficiency in the Complaint. *See* TSI's Motion to Intervene (D.I. 9).

jurisdiction exists over the Complaint. Accordingly, Intervenor TSI respectfully requests that the Court dismiss the Bureau's Complaint without leave to amend.

Dated: August 28, 2020

Respectfully submitted,

*/s/ Daniel A. O'Brien*

Daniel A. O'Brien (No. 4897)
VENABLE LLP
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Phone: (302) 298-3523
Fax: (302) 298-3550
daobrien@venable.com

-and-

OF COUNSEL

Allyson B. Baker (*pro hac vice*)
Meredith L. Boylan (*pro hac vice*)
Sameer P. Sheikh (*pro hac vice*)
Tiffany C. Williams (*pro hac vice*)
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
Phone: (202) 344-4000
Fax: (202) 344-8300
ABBaker@venable.com
MLBoylan@venable.com
SPSheikh@venable.com
TCWilliams@Venable.com

*Counsel for Intervenor Transworld Systems Inc.*

**CERTIFICATE OF SERVICE**

I, Daniel A. O'Brien, hereby certify that on this 28th day of August, 2020, a copy of the foregoing document was electronically filed with the court and served via CM/ECF, on parties with counsel of record identified on the Court's docket.

*/s/ Daniel A. O'Brien*
Daniel A. O'Brien (No. 4897)