IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Consumer Financial Protection Bureau, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 1:17-cv-01323-MN |
| v. ) | |
| ) | |
| The National Collegiate Master Student ) | |
| Loan Trust, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff the Consumer Financial Protection Bureau submits this Notice to inform the Court of recent authority relevant to the Court's adjudication of the pending Motion to Dismiss filed by Intervenors Ambac Assurance Corp., Wilmington Trust Co., and Pennsylvania Higher Education Assistance Agency (D.I. 300).

Since *Seila Law v. CFPB* was decided, two courts have issued decisions addressing the Bureau's ratification of pending enforcement actions—and both of those courts have held that the ratifications were valid and resolved any problem relating to the statutory removal restriction that the Supreme Court held invalid, but severable, in *Seila Law*. *See* 140 S. Ct. 2183, 2192, 2211 (2020).

In *BCFP v. Chou Team Realty LLC*, No. 8:20-cv-00043 (C.D. Cal. Aug. 21, 2020) (attached as Ex. 1), the court rejected a defendant's argument that the unconstitutional removal restriction meant that the Bureau's ongoing enforcement action had to be dismissed and could not be ratified. Slip op. at 4. The court held that "[a]ny constitutional deficiency regarding the removability issue at the time the Complaint was filed was cured by the Supreme Court severing

1

the removal provision from the rest of the organic statute, coupled with the Director's … ratification of the action." *Id*.

And in *BCFP v. Law Offices of Crystal Moroney, P.C.*, No. 7:20-cv-03240 (S.D.N.Y. Aug. 19, 2020) (attached as Ex. 2[1]), the court granted a petition by the Bureau to enforce a civil investigative demand (CID). The Bureau had filed that action before the Supreme Court issued its decision in *Seila Law*, but the Bureau's Director ratified the action after the *Seila Law* ruling confirmed that she is removable at will by the President. That ratification, the court held, cured any defect in the initial filing of the case. Ex. 2 at 69-70 (concluding that "where the for-cause removal provision has been severed, and thus, the constitutional violation has dissipated, the ratification of the prior action is valid"). The court ordered the CID to be enforced, rejecting the respondent's arguments that the Director's ratification was invalid. *See id*. at 58-72, 78.

Dated: September 8, 2020

                                          Respectfully submitted,

                                          *Attorneys for Plaintiff*
                                          *Bureau of Consumer Financial Protection*

                                          THOMAS G. WARD
                                          *Enforcement Director*

                                          DEBORAH MORRIS
                                          *Deputy Enforcement Director*

                                          ALUSHEYI J. WHEELER
                                          *Assistant Litigation Deputy*

                                          /s/ Gabriel Hopkins

---

[1] The court ruled from the bench. A preliminary transcript of that hearing is attached.

2

Gabriel Hopkins
gabriel.hopkins@cfpb.gov
Phone: 202-435-7842
Stephen Jacques
stephen.jacques@cfpb.gov
202-435-7368
Jane Peterson
jane.peterson@cfpb.gov
202-435-9740

*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, I electronically filed Plaintiff's Notice of Ratification with the Clerk of Court using CM/ECF which will send notification of such filing(s) to all parties to this matter registered for CM/ECF.

I hereby further certify that I sent a copy of Plaintiff's Notice of Ratification by certified mail to the agent authorized to accept service on behalf of the Defendants.

Dated: September 8, 2020

/s/ Gabriel Hopkins
Consumer Financial Protection Bureau
1700 G St. NW
Washington, DC 20552
gabriel.hopkins@cfpb.gov

*Attorney for Plaintiff Consumer Financial Protection Bureau*