IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Consumer Financial Protection Bureau, ) <br> ) <br> Plaintiff, ) <br> )    C.A. No. 1:17-cv-01323-MN <br> v. ) <br> ) <br> The National Collegiate Master Student ) <br> Loan Trust, *et al.*, ) <br> ) <br> Defendants. ) | |

## FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff the Consumer Financial Protection Bureau submits this Notice to inform the Court of additional recent authority relevant to the Court's adjudication of the pending Motion to Dismiss filed by Intervenors Ambac Assurance Corp., Wilmington Trust Co., and Pennsylvania Higher Education Assistance Agency (D.I. 300)—specifically, the argument that the Bureau was barred from ratifying this action by the statute of limitations.

The U.S. District Court for the Middle District of Pennsylvania recently rejected that same argument in *CFPB v. Navient Corp.*, No. 3:17-cv-00101 (M.D. Pa. Jan. 13, 2021) (slip op. attached as Ex. A). Defendant in that action argued, just as Intervenors do here:

> (1) that, as a result of *Seila* [*Law LLC v. CFPB*, 140 S. Ct. 2183 (2020)], the CFPB never had the constitutional authority to bring this action and thus the filing of the action in 2017 was unauthorized and unlawful, and
>
> (2) that Director Kraninger could not properly ratify the action in July, 2020 because the statute of limitations had already run on each of the CFPB's claims.

Slip. op. at 7.

On the first point, the court disagreed that *Seila Law* meant that the Bureau itself lacked authority to bring an enforcement action and that the Bureau could not ratify the filing of such an

1

action. *Id.* at 7-18. The court thus reached the same conclusion on this question as did the courts in the five cases the Bureau previously submitted as supplemental authority. *See* D.I. 326; D.I. 330; D.I. 332.

On the second point, the court in *Navient* concluded that the statute of limitations was no impediment to the Bureau ratifying that action. Slip op. at 19-32. Even "assuming that the statute of limitations may otherwise bar this lawsuit," the court explained, "due to CFPB's diligent pursuit of its rights, and the existence of an extraordinary circumstance which stood in its way, the doctrine of equitable tolling operates to toll the statute of limitations in this action and save the CFPB's case from dismissal." *Id.* at 23. The court therefore rejected the "potentially draconian result" defendant had sought. *Id.*

Dated: January 14, 2021

Respectfully submitted,

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

THOMAS G. WARD
*Enforcement Director*

DEBORAH MORRIS
*Deputy Enforcement Director*

ALUSHEYI J. WHEELER
*Assistant Litigation Deputy*

/s/ Gabriel Hopkins
Gabriel Hopkins
gabriel.hopkins@cfpb.gov
Phone: 202-435-7842
Stephen Jacques
stephen.jacques@cfpb.gov

202-435-7368

*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

CERTIFICATE OF SERVICE

      I hereby certify that on January 14, 2021, I electronically filed Plaintiff's Notice of Ratification with the Clerk of Court using CM/ECF which will send notification of such filing(s) to all parties to this matter registered for CM/ECF.

      I hereby further certify that I sent a copy of Plaintiff's Notice of Ratification by certified mail to the agent authorized to accept service on behalf of the Defendants.

Dated: January 14, 2021

/s/ Gabriel Hopkins
Consumer Financial Protection Bureau
1700 G St. NW
Washington, DC 20552
gabriel.hopkins@cfpb.gov

*Attorney for Plaintiff Consumer Financial Protection Bureau*