# HEYMAN ENERIO GATTUSO & HIRZEL LLP
### PRACTICING THE ART OF LAW

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472 7300 • Fax: (302) 472.7320 • www.hegh.law

DD:  (302) 472-7314
Email:  mdonimirski@hegh.law

January 15, 2021

**<u>Via CM-ECF</u>**
The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: *<u>CFPB v. NCMSLT et al.</u>*, No. 17 Civ. 1323 (D. Del.)

Dear Judge Noreika:

We write on behalf of Intervenor Ambac Assurance Corporation ("Ambac") to respond to the Notice of Supplemental Authority filed yesterday by Plaintiff Consumer Financial Protection Bureau ("CFPB") regarding the recent decision in *CFPB v. Navient Corp.*, No. 17-101 (M.D. Pa. Jan. 13, 2021) ("*Navient*").

Notwithstanding the CFPB's representation, the *Navient* decision confirms that Director Kraninger's attempt to "ratify" this action on July 9, 2020, *see* D.I. 308-1, came too late to be effective. *See* Slip Op. at 23. There, as here, the CFPB brought an enforcement action in 2017, while it was unconstitutionally structured. *Id.* There, as here, Director Kraninger purported to ratify the action in July 2020, after the statute of limitations had run on the CFPB's claims. *Id.* And there, as here, the CFPB insisted that it was impossible that "the statute of limitations in this case not only began to run, but, in fact, expired before the Bureau could ever lawfully file suit." *Compare id.* at 22, *with* D.I. 319 at 11 (CFPB repeating this argument verbatim in the instant action).

The *Navient* court squarely rejected the CFPB's positions. *Navient*, Slip Op. at 23 ("[T]he CFPB's argument that the statute of limitations does not bar the Director from properly ratifying the action is without support."). It applied the Third Circuit's decision in *Advanced Disposal Servs. East, Inc. v. NLRB*, 820 F.3d 592 (3d Cir. 2016), and in particular identified the "timing problem" the Third Circuit addressed, *i.e.*, that "the ratifier [must] have the 'power' to reconsider the earlier decision at the time of ratification." *Id.* (quoting *Advanced Disposal*, 820 F.3d at 603). Applying this "basic principle of ratification," the court concluded that "Director Kraninger's ratification came outside the statute of limitations for the CFPB's claims and she was thus without the ability to act in this action at the time the ratification was made in July of 2020." *Id.* Thus, the CFPB's present contention that the *Navient* court "concluded that the statute of limitations was no impediment to the Bureau ratifying that action," Notice at 2, is a gross mischaracterization of the decision, which in fact held the opposite.

To be sure, the *Navient* court ultimately determined that the particular facts of that case warranted equitably tolling the statute of limitations to "save the CFPB's case from dismissal." *Id.* Ambac believes that this aspect of the ruling—which appears to be the first instance of any court applying the doctrine of equitable tolling to a structural constitutional violation—was wrongly decided. Ambac respectfully refers the Court to the Intervenors' reply brief, which set forth the reasons why the doctrine is inapplicable as a matter of law. *See* D.I. 325 at 8–10. But even if equitable tolling were available in *Navient*, the circumstances of that case are distinguishable in two key respects.



The Honorable Maryellen Noreika
January 15, 2021
P a g e | 2

First, the *Navient* court adopted the CFPB's argument that tolling was appropriate in that case because the litigation had already progressed to a "significantly advanced stage," including years of "extensive discovery" and fully submitted cross-motions for summary judgment.  *Id.* at 30; *see id.* at 2, 27; *accord Navient*, D.I. 518, 2020 WL 5391835 (CFPB's brief arguing for equitable tolling because "the parties have already completed discovery").  Here, by contrast, the CFPB never offered that justification for equitable tolling, because after three years, this case is still at the pleadings stage—with significant open questions concerning potentially dispositive flaws in the CFPB's complaint, even setting aside the untimeliness of Director Kraninger's ratification.  *See* D.I. 309 at 16–27.  Indeed, the CFPB did not even *serve* its complaint in this matter until June 11, 2020.  *See* D.I. 277–291.

Second, equitable tolling is unavailable in this action due to the CFPB's conduct.  *See Bishop v. Bishop*, 257 F.2d 495, 500 (3d Cir. 1958) ("If a party seeks relief in equity, he must be able to show that on his part there has been honesty and fair dealing.").  As the Court is aware, the CFPB spent months collaborating with a hedge fund to foist an unauthorized $20 million "consent" judgment upon the defendant Trusts.  *See* D.I. 238 at 16–19.  The CFPB knew that its proposed order had been concealed from Ambac—whose consent, the CFPB also knew, was a contractual requirement that had never been fulfilled.  *See* D.I. 272 at 11–12.  The CFPB further knew that its proposed order violated the Trusts' core governing agreements, and consequently, the rights of numerous third parties.  *See* D.I. 238 at 22–23.  And the CFPB knew that the Owner Trustee—*i.e.*, the party with the contractual authority to execute the consent order on the Trusts' behalf—had refused to do so.  *See id.* at 23 n.26; D.I. 228 Ex. 4 at -0001467.  Nevertheless, the CFPB chose to file its proposed consent judgment as a *fait accompli*—despite its knowledge of the foregoing fatal flaws, and without disclosing them to this Court—and thereafter spent years defending the indefensible until the Court threw out the proposed consent judgment on May 31, 2020.  D.I. 272.  In view of this history of inequitable conduct, the CFPB cannot now rely on equity to salvage this action.  *See* D.I. 325 at 8.

Respectfully submitted,

*/s/ Melissa N. Donimirski*

Melissa N. Donimirski (#4701)

MND/ram
cc:   All Counsel of Record (via CM-ECF)