

**HEYMAN ENERIO**
**GATTUSO & HIRZEL**
LLP
PRACTICING THE ART OF LAW

300 DELAWARE AVENUE • SUITE 200 • WILMINGTON, DELAWARE 19801
TEL: (302) 472 7300 • FAX: (302) 472.7320 • WWW.HEGH.LAW

DD: (302) 472-7314
Email: mdonimirski@hegh.law

February 8, 2021

**VIA ECF**
The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: ***CFPB v. NCMSLT et al.*, No. 17 Civ. 1323 (D. Del.)**

Dear Judge Noreika:

We write on behalf of Intervenor Ambac Assurance Corporation ("Ambac") to bring to the Court's attention a recent submission by Plaintiff Consumer Financial Protection Bureau ("CFPB") that is relevant to the issues raised in Intervenors' motion to dismiss.

At oral argument on January 26, 2021, this Court asked the CFPB how many cases are affected by the "timing problem" that compels dismissal of the complaint here. *See* Ex. 1 at 43:9–10. The CFPB was not able to answer that question with specificity at argument, but has now advised another district court that the answer is "only one" in the Third Circuit, and five in other jurisdictions. *See* Ex. 2, *CFPB v. Navient Corp.*, No. 17-101 (M.D. Pa.) ("*Navient*"), D.I. 562 at 10 & n.6. The relevant passage is as follows:

> [E]quitable tolling is only relevant in ongoing Bureau law enforcement actions that were initiated sufficiently long ago so that the relevant statute of limitations would have expired by the time the Bureau's Director ratified the initiation of the action. There is only one other case brought within the Third Circuit that satisfies these conditions. *See CFPB v. Nat'l Collegiate Master Student Loan Tr.*, No. 17-cv-1323 (D. Del. Complaint filed Sept. 18, 2017).[1] And in that case, one of the defendants [*sic*] has argued that this Court's application of equitable tolling is distinguishable as a matter of fact: It contends that, unlike here, the Bureau did not prosecute its case diligently. *Id.* at ECF No. 336 (Letter dated Jan. 15, 2021). Accordingly, a decision by the Third Circuit would not result in an opinion of nationwide significance.

*Id.* at 10–11. This clarifies the CFPB's view that dismissal of the instant case on untimeliness grounds will not impair other pending CFPB enforcement actions.

---

[1] The CFPB's brief notes here that "[t]here are five other law enforcement actions brought by the Bureau where the timing of the Director's ratification has been challenged, none in the Third Circuit." Ex. 1 at 10 n.6. Notably, in at least three of those five cases—not including *Seila Law* itself—the CFPB procured a ratification from Acting Director Mulvaney. *See CFPB v. All American Check Cashing, Inc.*, No 18-60302 (5th Cir.) July 2, 2018 filing (Doc. 00514537721) at Record Excerpts 69–70; *CFPB v. Cashcall, Inc.*, Nos. 18-55407, 18-55479 (9th Cir.) D.I. 38 (Feb. 19, 2019) at 57–58; *CFPB v. RD Legal Funding*, No. 18-2743 *et al.* (2d Cir.), D.I. 117 at JA 780–785; *see also CFPB v. Seila Law LLC*, No. 17-56324 (9th Cir.), D.I. 56 at 8.

The Honorable Maryellen Noreika
February 8, 2021
P a g e | **2**

Moreover, the CFPB's *Navient* brief is relevant in another important respect:   the CFPB admits that it did not satisfy the limitations period here, explaining that this action was "initiated sufficiently

long ago so that the relevant statute of limitations would have expired by the time the Bureau's Director ratified the initiation of the action" in July 2020.   *Id.* at 10.


Respectfully submitted,

*Melissa N. Donimirski*

Melissa N. Donimirski (# 4701)

MND/ram
Encl.
cc:   Counsel of Records (via CM-ECF)