

1700 G Street NW, Washington, D.C. 20552

February 11, 2021

VIA ECF

The Honorable Maryellen Noreika
United States District Judge
United States Courthouse
844 N. King Street
Wilmington, DE 19801

RE: *Consumer Financial Protection Bureau v. National Collegiate Master Student Loan Trust, et al.,* No. 17-cv-01323 (MN)

Dear Judge Noreika:

Plaintiff Consumer Financial Protection Bureau (Bureau) writes in response to Intervenor Ambac Assurance Corporation's (Ambac) letter of February 8, 2021. D.I. 348. Ambac points to a Bureau filing in a separate litigation to argue that dismissal is appropriate here, but Ambac seriously misconstrues that filing.

Ambac incorrectly claims that the Bureau believes "dismissal of the instant case on untimeliness grounds will not impair other pending CFPB enforcement actions." D.I. 348 at 1 (citing D.I. 348-2, *CFPB v. Navient Corp.*, No. 17-101 (M.D. Pa.), D.I. 562, at 11). But the filing Ambac cites addressed a different question: it was an opposition to a request for interlocutory appeal that addressed, among other things, whether a particular point in the *Navient* court's equitable-tolling analysis involved a question of "nationwide significance." D.I. 348-2 at 11. That is a question of law distinct from whether dismissing this action could impair other pending Bureau enforcement actions. Depending on its reasoning, such a decision by this Court could indeed impair other Bureau actions to the extent it convinced other courts to follow suit. Dismissal would also, of course, impair the interests of the consumers injured by Defendants' alleged illegal debt-collection practices. Ambac's erroneous claim is also irrelevant to any legal issue raised by the motion to dismiss.

Ambac also mischaracterizes the Bureau's filing in *Navient* as somehow agreeing that the statute of limitations expired in this action before Director Kathleen L. Kraninger ratified the

action. *See* D.I. 348 at 2. That is not an accurate description of the Bureau's filing. As it did in this case, the Bureau argued in the *Navient* filing that "the statute of limitations presents no obstacle to Director Kraninger's ratification even without equitable tolling" because the Bureau satisfied the statute of limitations when it brought suit within the applicable limitations period. D.I. 348-2 at 4-5. The language Ambac points to simply made clear that equitable tolling would be an issue only if the court concluded that the Bureau had not satisfied the statute of limitations at the outset. This has been and remains the Bureau's position, Ambac's distortions notwithstanding. *See, e.g.*, D.I. 319, Bureau's Opp. to Mots. to Dismiss, at 10-12.

Finally, Ambac notes that Acting Director Mick Mulvaney ratified several Bureau enforcement actions before his tenure ended in December 2018. *Id.* at 1 n.1. But in all of those actions, unlike this one, defendants had previously sought dismissal on the grounds that the statutory removal restriction was unconstitutional. In this case, the removal restriction was not raised until July 2020, 19 months after Acting Director Mulvaney's departure. There was no indication at any point in his tenure that an intervenor would later seek to interject that issue into this case. Indeed, at the time Acting Director Mulvaney stepped down, the parties' proposed consent judgment remained pending before the Court and it was unclear there would be any further litigation in this matter at all. Given the circumstances, Ambac has no basis to argue that the head of the agency (who was simultaneously the head of another agency) was required to devote his limited time to expressly ratifying this case—as well as countless other enforcement and regulatory actions that had not been challenged on these grounds, but conceivably could be—and that because he did not, the Bureau did not diligently pursue its claims.[1]

Sincerely,

/s/ Gabriel Hopkins
Attorney for Plaintiff

---

[1] In any event, to the extent that Acting Director Mulvaney was required to ratify this action, the record before the Court shows that he implicitly ratified this action by allowing it to proceed when he could have ordered its dismissal. *See CFPB v. Fair Collections & Outsourcing, Inc.*, No. 19-cv-2817, 2020 WL 7043847, at *7 (Nov. 30, 2020) (holding that Bureau's "continued prosecution of this case" ratified the filing of the complaint); *see also Doolin Sec. Savings Bank, F.S.B. v. Office of Thrift Supervision*, 139 F.3d 203, 212-14 (D.C. Cir. 1998) (finding similar "implicit ratification" of agency enforcement proceeding); Restatement (Third) of Agency § 4.01, cmt. b (2006) ("The sole requirement for ratification is a manifestation of assent or other conduct indicative of consent by the principal.").

3

Gabriel Hopkins
gabriel.hopkins@cfpb.gov
202-435-7842
Stephen Jacques
stephen.jacques@cfpb.gov
202-435-7368

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552