**HEYMAN ENERIO GATTUSO & HIRZEL LLP**
PRACTICING THE ART OF LAW

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472 7300 • Fax: (302) 472.7320 • www.hegh.law

DD:  (302) 472-7314
Email:  mdonimirski@hegh.law

February 11, 2021

**VIA ECF**
The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:   *CFPB v. NCMSLT et al.*, No. 17 Civ. 1323 (D. Del.)

Dear Judge Noreika:

On behalf of Intervenor Ambac Assurance Corporation ("Ambac"), we are compelled to briefly address the improper new argument in the letter submitted earlier today by Plaintiff Consumer Financial Protection Bureau ("CFPB").

The CFPB's letter largely serves to rehash old contentions, but it introduces one argument that the CFPB has never raised before: that Acting Director Mulvaney "implicitly" ratified this case. *See* D.I. 351 at 2 n.1. The CFPB did not advance this argument in its opposition brief, even after the Intervenors squarely raised the ratification issue. *See* D.I. 309 at 12–16. In fact, the Intervenors explicitly noted then that "the CFPB has not alleged in this case that its previous Acting Director . . . ratified this action." *Id.* at 13. Having chosen not to respond in its brief, the CFPB waived its right to do so, and certainly may not respond via post-argument letter seven months later. *See, e.g.*, *DUSA Pharm., Inc. v. River's Edge Pharm., LLC*, No. 06 Civ. 1843, 2006 WL 1320049, at *5 n.5 (D.N.J. May 15, 2006) (declining to consider arguments "which were not properly raised in Defendant's opposition papers," but instead were belatedly submitted after oral argument). Nor can the CFPB's new theory erase its repeated concessions at oral argument that "Acting Director Mulvaney ***did not*** ratify this case during his tenure." *See* D.I. 348-1 at 40:7–10 (emphasis added); *id.* at 37:20–23; *id.* at 38:21–23.

Aside from being untimely, the CFPB's theory of "implicit" ratification is also meritless. The Third Circuit has explained that it is not enough to "simply rubberstamp the earlier action" or "blindly affirm the earlier decision without due consideration." *Advanced Disposal Servs. E., Inc. v. NLRB*, 820 F.3d 592, 603 (3d Cir. 2016). Rather, for ratification to be effective, "the ratifier must have full knowledge of the decision to be ratified," and thereafter "make a detached and considered affirmation of the earlier decision." *Id.* at 602–03. The CFPB has not even attempted to show how Acting Director Mulvaney fulfilled these requirements.[1] In cases where they ***were*** satisfied, the CFPB demonstrated as

---

[1] *Advanced Disposal* also notes that ratification can sometimes be inferred from a subsequent act that is "necessarily an affirmation of" the earlier decision, and that reflects "detached and considered judgment." *See id.* at 603. But no such subsequent act was ever undertaken by Acting Director Mulvaney—who, the CFPB now suggests, was too busy to consider this matter at all. *See* Letter at 2. And insofar as the CFPB implies that ***in***action by the Director somehow demonstrates ratification, that is not the rule in the Third Circuit, nor of *Doolin Security Savings Bank, F.S.B. v. Office of Thrift Supervision*, the D.C. Circuit case the CFPB cites. *See Advanced Disposal*, 820 F.3d at 604 (stating that the director in *Doolin* ratified the agency's charges when he, *inter alia*, "issued a final written opinion and a cease and desist order against Doolin Bank" (citing *Doolin*, 139 F.3d at 213)).

The Honorable Maryellen Noreika
February 11, 2021
P a g e | 2

much by filing a Notice of Ratification signed by the Acting Director. D.I. 325 at 9; D.I. 348 at 1 n.1. The CFPB's failure to do so here dooms its claim that it diligently protected its rights, and in turn, its request that the Court apply equitable tolling to salvage its time-barred complaint.

                    Respectfully submitted,

                    *Melissa N. Donimirski*

                    Melissa N. Donimirski (# 4701)

MND/ram
Encl.
cc:     Counsel of Records (via CM-ECF)