IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Consumer Financial Protection Bureau | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:17-cv-01323-MN |
| | ) | |
| The National Collegiate Master | ) | |
| Student Loan Trust, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**THE NATIONAL COLLEGIATE STUDENT LOAN TRUSTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT**

Pursuant to the Court's direction by order entered on February 11, 2021, D.I. 352, undersigned counsel, on behalf of The National Collegiate Master Student Loan Trust, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-4 (collectively the "Trusts"), hereby opposes the Consumer Financial Protection Bureau's ("CFPB") Application For Entry of Default ("Application"), D.I. 295, and state in support as follows:

1. Counsel retained to represent the Trusts entered their appearances on February 5, 2021, D.I. 346, and February 10, 2021, D.I. 349.

2. The parties, including the CFPB, have been well-aware of the practical difficulties facing the Trusts in hiring counsel, as well as the fact that issues bearing upon the administration of the Trusts have been the subject of disputes pending before Vice Chancellor Slights in the Court of Chancery. As Vice Chancellor Slights described there, the parties' differing interpretations of the Trusts' governing documents left the Trusts "in a state of near paralysis". *In re National Collegiate Student Loan Trusts Litigation*, Del. Ch., C.A. No. 12111-VCS (August 27, 2020) (memo op. at 5). On August 27, 2020, Vice Chancellor Slights rendered an opinion (*see* D.I. 345) addressing numerous issues relating to the governance of the Trusts, which has helped enable the Trusts' retention of counsel in this matter.

3. The CFPB filed their Application on July 2, 2020. The Application was opposed by Ambac Assurance Corporation ("Ambac"), D.I. 296, and Wilmington Trust Company ("WTC"), D.I. 307. The Trusts join Ambac and WTC in opposing the entry of default.

4. The CFPB correctly points out in its reply to the Ambac opposition that entry of default is a ministerial step before a motion for default could proceed. D.I. 306 at 2. But, entry of such default now, where counsel has entered on behalf of the Trusts, would be a futile and unnecessary act as any subsequent motion for default filed by the CFPB would be denied.

5. Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. Pro. 55(c). Good cause exists not to default the Trusts.

6. The decision regarding the "entry of a default pursuant to Federal Rule of Civil Procedure 55(c) is left primarily to the discretion of the District Court." *Int'l Bhd. of Elec.*

*Workers, Local Union No. 313 v. Skaggs*, 130 F.R.D. 526, 528–29 (D. Del. 1990) (citation omitted). Entry of default is not favored, rather the Third Circuit prefers "that cases be decided on their merits." *Id.* The Third Circuit has identified three factors that inform a court's analysis: "(1) prejudice to the plaintiff if default is [set aside], (2) whether the defendant appears to have a [meritorious] defense, and (3) whether defendant's delay is due to culpable conduct." *Girafa.com, Inc. v. Smartdevil Inc.*, 728 F. Supp. 2d 537, 544 (D. Del. 2010) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir.2000)). "[D]oubtful cases [are] to be resolved in favor of the party moving to set aside the default judgment." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984).

7. Each of these factors militate against entering default in the first instance against the Trusts. First, there is no prejudice to the CFPB. The case has moved forward with ongoing dispositive motion practice. Second, meritorious defenses to the Complaint have been raised and have been fully briefed and argued. Third, the Trusts' delay in responding to the Complaint is not due to culpable conduct on the part of the Trusts; it has been the practical effect of the disputes among the parties regarding the governance of the Trusts and authority to engage counsel under the governing documents. Indeed, this Court has itself ruled that counsel purportedly acting for the Trusts were not actually authorized to enter into the Proposed Consent Judgment filed at the commencement of this action. *See* D.I. 272.

8. As to moving the case forward vis a vis the Trusts, the Trusts hereby join in and adopt the legal arguments set forth in the motions to dismiss and briefs in support thereof made by the Intervenors, and the brief of the amicus curiae, reserving all rights with respect to all other defenses and arguments as counsel reviews the extensive record in this case.

9. Accordingly, the Trusts request the Application be denied.

Respectfully,

PINCKNEY, WEIDINGER, URBAN & JOYCE

*/s/ Michael A. Weidinger*
Michael A. Weidinger (DE No. 3330)
Megan Ix Brison (DE No. 6721)
2 Mill Road, Suite 204
Wilmington, DE 19806
(302) 504-1497 (Tel.)
(302) 442-7046 (Fax)
Email: mweidinger@pwujlaw.com
mixbrison@pwujlaw.com

*Counsel for The National Collegiate Master Student Loan Trust, The National Collegiate Student Loan Trust 2003-1, The National Collegiate Student Loan Trust 2004-1, The National Collegiate Student Loan Trust 2004-2, The National Collegiate Student Loan Trust 2005-1, The National Collegiate Student Loan Trust 2005-2, The National Collegiate Student Loan Trust 2005-3 The National Collegiate Student Loan Trust 2006-1, The National Collegiate Student Loan Trust 2006-2, The National Collegiate Student Loan Trust 2006-3, The National Collegiate Student Loan Trust 2006-4, The National Collegiate Student Loan Trust 2007-1, The National Collegiate Student Loan Trust 2007-2, The National Collegiate Student Loan Trust 2007-3, and The National Collegiate Student Loan Trust 2007-4*