

1700 G Street NW, Washington, D.C. 20552

March 2, 2021

VIA ECF

The Honorable Maryellen Noreika
United States District Judge
United States Courthouse
844 N. King Street
Wilmington, DE 19801

RE:   *Consumer Financial Protection Bureau v. National Collegiate Master Student Loan Trust, et al.,* No. 17-cv-01323 (MN)

Dear Judge Noreika:

    Plaintiff Consumer Financial Protection Bureau writes in response to Intervenor Ambac Assurance Corporation's (Ambac) letter of March 2, 2021. D.I. 357.

    Ambac's letter notes that the district court in *CFPB v. Navient Corp.*, No. 17-cv-101 (M.D. Pa.), recently certified for interlocutory appeal its decision with respect to equitable tolling. The Third Circuit has not yet determined whether it will accept that appeal. Ambac nonetheless finds it necessary to bring to this Court's attention the *Navient* court's view that there are "substantial grounds for difference of opinion" whether equitable tolling is available under 12 U.S.C. § 5564(g)(1), which by its terms does not bar actions "otherwise permitted by … equity." The Bureau respectfully disagrees with the *Navient* court's conclusion on that point. What matters for this Court's resolution of the motion before it, however, is that the *Navient* court held that equitable tolling is available and also held—as has every other court to consider the issue—that the Bureau's enforcement action could proceed in the wake of *Seila Law*.

    That the *Navient* court thought interlocutory appeal appropriate under the circumstances of that case sheds little light on this Court's resolution of Ambac's motion to dismiss. This is

consumerfinance.gov

particularly so given that the Court need not even reach the issue of equitable tolling unless it first concludes both: (1) that the Bureau did not satisfy the statute of limitations in 12 U.S.C. § 5564(g)(1) when it filed suit within the specified limitations period; and (2) that the former issue of the Bureau Director's removability meant that the Bureau *was not* able to satisfy the statute of limitations by filing suit timely but *was* able to "discover" a violation such that the limitations clock began to run. For the reasons the Bureau has previously explained, the Court should reject both of these premises. Should the Court disagree, it should join the *Navient* court in concluding that the limitations period was equitably tolled in this case.

Dated: March 2, 2021

               Respectfully submitted,

               *Attorneys for Plaintiff*
               *Consumer Financial Protection Bureau*

               CARA PETERSEN
               *Acting Enforcement Director*

               DEBORAH MORRIS
               *Deputy Enforcement Director*

               ALUSHEYI J. WHEELER
               *Assistant Litigation Deputy*

               /s/ Gabriel Hopkins
               Gabriel Hopkins
               gabriel.hopkins@cfpb.gov
               Phone: 202-435-7842
               Stephen Jacques
               stephen.jacques@cfpb.gov
               202-435-7368

               *Enforcement Attorneys*
               Consumer Financial Protection Bureau
               1700 G Street NW
               Washington, DC 20552
               Facsimile: (202) 435-7722

CERTIFICATE OF SERVICE

      I hereby certify that on March 2, 2021, I electronically filed Plaintiff's Response to Ambac's Notice of Supplemental Authority with the Clerk of Court using CM/ECF which will send notification of such filing to all parties to this matter registered for CM/ECF.

Dated: March 2, 2021

                                                       <u>/s/ Gabriel Hopkins</u>
                                                       Consumer Financial Protection Bureau
                                                       1700 G St. NW
                                                       Washington, DC 20552
                                                       gabriel.hopkins@cfpb.gov

                                                       *Attorney for Plaintiff Consumer Financial Protection Bureau*