**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>The National Collegiate Master Student Loan Trust, *et al.*,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 1:17-cv-01323-MN |

**<u>PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Plaintiff Consumer Financial Protection Bureau submits this Notice to inform the Court of recent authority relevant to the Court's adjudication of the pending Motion to Dismiss filed by Defendants and certain intervenors (D.I. 366)—specifically, the parties' arguments about the effect on this case of the invalid removal restriction in the Consumer Financial Protection Act.

Defendants argue that the Bureau's First Amended Complaint, which the Bureau filed while headed by an official fully accountable to the President, does not relate back to the original complaint under Rule 15 because the original complaint was not "timely and validly filed." D.I. 370 at 2. Similarly, Defendants argue that the removal restriction's invalidity meant the Bureau failed to satisfy the statute of limitations when it filed the original complaint, and thus the limitations period had expired by the time Director Kraninger ratified this suit. *See, e.g.*, D.I. 367 at 7.

Defendants' argument that the Bureau's original complaint was not "validly filed" is foreclosed by the Supreme Court's recent decision in *Collins v. Yellen*, No. 19-422, 2021 WL 2557067 (U.S. June 23, 2021). *Collins* concerned a challenge to an action taken by the Federal

Housing Finance Agency during a time when its single director was unconstitutionally insulated from removal. In assessing the appropriate remedy, the Court rejected as "neither logical nor supported by precedent" the challengers' argument that actions by such officials "are void *ab initio* and must be undone." *Id.* at *19-20 & n.24. Because the officials leading the FHFA were (just like the Bureau Director) properly appointed, the Court held that their purported insulation from removal created "no reason to regard any of the actions taken by the FHFA in relation to the [challenged agency action] as void." *Id.* at *19; *see also id.* at *19 n.23 ("Settled precedent also confirms that the unlawfulness of the removal provision does not strip the Director of the power to undertake the other responsibilities of his office . . . .").[1]

*Collins* thus makes clear there are no grounds for treating the Bureau's original complaint in this case as void for purposes of relation back under Rule 15. Nor is there any basis to conclude for ratification purposes—assuming the Court even reaches the issue of ratification—that the original complaint failed to satisfy the statute of limitations in 12 U.S.C. § 5564(g)(1). Because the Bureau had authority to file the complaint, *see id.* § 5564(a) (authorizing "the Bureau" to commence civil actions to address violations of federal consumer financial law), and validly and timely did so, it satisfied the statute of limitations at the outset. For the same reason, this case is readily distinguishable from *FEC v. NRA Political Victory Fund*, 513 U.S. 88 (1994), which involved a belated attempt to ratify a petition for certiorari that was void because the FEC lacked any authority to litigate that case in the Supreme Court. *Cf. Collins*, 2021 WL 2557067, at

[1] *Collins* left open the possibility that the challengers in that case might obtain some other form of relief, but only if they could show that the unconstitutional restriction on the President's removal power had mattered for the challenged action. 2021 WL 2557067, at *20. Here, Director Kraninger's ratification—along with the fact that the Bureau has pursued this case under the leadership of multiple at-will-removable officials appointed by different presidents—confirms that the removal restriction has no relevance to the Bureau's pursuit of this action.

*19 (distinguishing cases that "involved a Government actor's exercise of power that the actor did not lawfully possess").

Dated: June 30, 2021

Respectfully submitted,

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

CARA PETERSEN
*Acting Enforcement Director*

DEBORAH MORRIS
*Deputy Enforcement Director*

ALUSHEYI J. WHEELER
*Assistant Litigation Deputy*

/s/ Stephen C. Jacques
Stephen C. Jacques
stephen.jacques@cfpb.gov
Phone: 202-435-7368

Tiffany Hardy
tiffany.hardy@cfpb.gov
202-435-9375

Gabriel Hopkins
gabriel.hopkins@cfpb.gov
202-435-7842

*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2021, I electronically filed Plaintiff Consumer Financial Protection Bureau's Notice of Supplemental Authority with the Clerk of Court using CM/ECF, which will send notification of such filing to all parties to this matter registered for CM/ECF.

Dated: June 30, 2021

/s/ Stephen C. Jacques
Consumer Financial Protection Bureau
1700 G St. NW
Washington, DC 20552
stephen.jacques@cfpb.gov

*Attorney for Plaintiff*
*Consumer Financial Protection Bureau*