

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472 7300 • Fax: (302) 472.7320 • www.hegh.law

DD:    (302) 472-7314
Email:  mdonimirski@hegh.law

July 1, 2021

**VIA CM-ECF**
The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   *CFPB v. NCMSLT et al.*, No. 17 Civ. 1323 (D. Del.)

Dear Judge Noreika:

We write on behalf of Intervenor Ambac Assurance Corporation to respond to the Notice of Supplemental Authority filed yesterday by Plaintiff Consumer Financial Protection Bureau ("CFPB") regarding the U.S. Supreme Court's recent decision in *Collins v. Yellen*, No. 19-422, 2021 WL 2557067 (U.S. June 23, 2021). *See* D.I. 371. As explained herein, *Collins* does not erase the conceded constitutional defect at the heart of this case; does not upend the well-settled requirement that ratification must be timely to be effective; and does not rescue this action from dismissal.

The CFPB begins by characterizing *Collins* as "concern[ing] a challenge to an action taken by the Federal Housing Finance Agency during a time when its single director was unconstitutionally insulated from removal." D.I. 371 at 1–2. But in fact, the FHFA Acting Director who agreed to the "third amendment" at issue in *Collins* "was removable at will" by virtue of his acting status. *Collins*, 2021 WL 2557067, at *19. By contrast, when the CFPB filed this case against the Trusts, it was led by Richard Cordray, a (non-Acting) Director whom the Dodd-Frank Act protected from removal by the President, in violation of the Constitution's separation of powers. **The CFPB has conceded that Director Cordray's initiation of enforcement proceedings during that period was unconstitutional.** *See, e.g.*, *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2220–21 (2020) ("The CFPB's first Director, Director Cordray, issued a civil investigative demand to Seila and initiated the enforcement action [in 2017]. The CFPB has conceded that these actions were unconstitutional."). And the CFPB has also conceded *in this case* that ratification "provides the remedy for the Constitutional violation" in its actions. *See* D.I. 320 at 7. In light of these concessions, the CFPB cannot seriously contend that *Collins* suddenly renders its original complaint "timely and validly filed." D.I. 371 at 1; *see Collins*, 2021 WL 2557067, at *25 (Thomas, J. concurring) (distinguishing *Collins* from *Seila Law* due to the CFPB's concession that it had acted unconstitutionally).

The CFPB goes further astray when it suggests that *Collins* somehow abolished the timing requirements of ratification. *See* D.I. 371 at 2. *Collins* says nothing whatsoever about those timing requirements, which remain binding Supreme Court and Third Circuit precedent. *Collins* merely held that actions taken by unconstitutionally insulated officers are not necessarily void *ab initio*. *See* 2021 WL 2557067, at *19. That holding is entirely consistent with *Seila Law*, in which the Supreme Court declined to set aside the civil investigative demand altogether, but remanded for lower courts "to consider whether the civil investigative demand was validly ratified." 140 S. Ct. at 2211; *accord* D.I. 359 ("Opinion") at 9 ("Here, there is no question that the Bureau initiated this action against the Trusts at a

time when its structure violated the Constitution's separation of powers. Thus, the Court must determine whether that defect has been cured by ratification or whether dismissal is required.").

Consistent with that framework, the CFPB has repeatedly argued—both before and after *Collins* came down last week—that ratification is the "appropriate remedy" to cure the defect in actions commenced when it was unconstitutionally structured. *Compare CFPB v. Law Ofcs. of Crystal Moroney, P.C.*, No. 20-3741 (2d Cir.), D.I. 73 at 32, *and id.* at 31 (CFPB arguing that "courts have long recognized ratification as a remedy for an initial defect in government-agency action, including the filing of an enforcement suit"), *with* D.I. 80-1 at 1–2 (CFPB arguing post-*Collins* that ratification of the action meant "that the invalid removal restriction has no effect on this case"); *see also CFPB v. Navient Corp.*, No. 17 Civ. 101, 2021 WL 772238, at *5 (M.D. Pa. Feb. 26, 2021) (court noting that "the CFPB has conceded the necessity of ratification" and "that Director Kraninger's ratification came more than three years after the initiation of the lawsuit, and thus even longer after the alleged violations at issue occurred and the CFPB discovered those violations alleged in the Complaint"); *BCFP v. Citizens Bank, N.A.*, No. 20 Civ 44 (D. R.I.), D.I. 32 at 3 (CFPB arguing, "When a constitutional defect taints an enforcement action filed by an agency, the agency can cure that taint by ratifying the action once the constitutional defect has been resolved. That is what happened here." (citations omitted)). Having insisted here and elsewhere that the ratification doctrine provides the remedy for its constitutional violations, the CFPB cannot escape the settled requirements of that doctrine, including that the ratification must occur within the statute of limitations. *See* Opinion at 10 (citing *Advanced Disposal Serv. E., Inc. v. NLRB*, 820 F.3d 592, 602–04 (3d Cir. 2016)).

Finally, the CFPB claims that former Director Kraninger's ratification "confirms that the removal restriction has no relevance to the Bureau's pursuit of this action." D.I. 371 at 2 n.1. The Supreme Court squarely rejected this line of reasoning in *Seila Law*, and instead reaffirmed that a litigant challenging governmental action "on the basis of the separation of powers is **not** required to prove that the Government's course of conduct would have been different in a 'counterfactual world' in which the Government had acted with constitutional authority." 140 S. Ct. at 2196 (emphasis supplied). All that matters here is that the CFPB's attempt at ratification "came more than three years after the date of discovery" of the violations alleged in the amended complaint, and was therefore ineffectual. Opinion at 10 (quoting CFPB concession in D.I. 356 at 35:8–10), 14 (citing *Benjamin v. V.I. Port Auth.*, 684 F. App'x 207, 212 (3d Cir. 2017)). Neither *Collins* nor anything else can save the CFPB from that dispositive fact.

Respectfully submitted,

*/s/ Melissa N. Donimirski*

Melissa N. Donimirski (#4701)

MND/ram
cc: All Counsel of Record (via CM-ECF)