IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Consumer Financial Protection Bureau, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 1:17-cv-01323-MN |
| v. ) | |
| ) | |
| The National Collegiate Master Student ) | |
| Loan Trust, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU'S
SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Consumer Financial Protection Bureau submits this second Notice to inform the Court of two developments relevant to the Court's adjudication of the pending Motion to Dismiss filed by Defendants and certain intervenors (D.I. 366)—specifically, the parties' arguments about the effect of the invalid removal restriction in the Consumer Financial Protection Act (CFPA).

First, the district court in *CFPB v. Access Funding, LLC*, No. 1:16-cv-03759 (D. Md. July 12, 2021) (slip op. attached as Exh. A), held that the Bureau had validly ratified that enforcement action and rejected the argument that ratification "came too late because the statute of limitations as to the [Bureau's] claims had already expired." Slip op. at 31 (quotation marks omitted). Just like the court in *CFPB v. Navient Corp.*, No. 3:17-cv-101, 2021 WL 134618 (M.D. Pa. Jan. 13, 2021), the court in *Access Funding* held that the time for the Bureau to ratify the case was equitably tolled. Slip op. at 38-41. It concluded that, notwithstanding that "the case has been pending for a considerable period," the Bureau had "vigorously pursued its claims against defendants," including by engaging in discovery and motion practice (just as the Bureau has

1

done here). *Id.* at 38. The court further held that "[a]ny defect in the CFPB's timely pursuit of this action was caused by an obstacle 'beyond its control'"—i.e., the inclusion of an unconstitutional removal restriction in the CFPA. *Id.* at 39 (quoting *Navient Corp.*, 2021 WL 134618, at *13). The court also noted that the defendants would not be prejudiced by the Bureau's continued pursuit of its claims and that dismissal would be contrary to the Supreme Court's concern in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020), "with limiting the damage caused by its holding in order to preserve the agency's work." Slip op. at 40.

The fact that the operative pleading in this case was filed while the Bureau was unquestionably headed by a fully accountable official means the Court need no longer address ratification issues. *See* D.I. 368 at 3-7. If it does, and if it holds that the ratification here was necessary and would otherwise be untimely, the Court should follow the reasoning in *Access Funding* with respect to equitable tolling, including because the First Amended Complaint in this case identifies numerous particular facts showing that the Bureau has vigorously pursued its claims and thus is entitled to equitable tolling. *See id.* at 7-10.[1]

Second, an intervenor in this case previously argued that this Court should not follow the decision in *Navient* approving ratification of another Bureau enforcement action because the district court in that case subsequently certified its decision for interlocutory appeal. *See* D.I. 357. This week, the Third Circuit denied Navient's petition for interlocutory review, rejecting the

---

[1] For the reasons it has previously explained, the Bureau respectfully disagrees with the court's conclusion in *Access Funding* that, were it not for equitable tolling, the Bureau's ratification would be untimely. *See, e.g.*, D.I. 368 at 7 n.3; D.I. 371 at 2-3.

company's arguments why the court should review the district court's holding on ratification.

See Order, *CFPB v. Navient Corp.*, No. 21-8011 (3d Cir. July 12, 2021) (attached as Exh. B).

Dated: July 14, 2021

        Respectfully submitted,

        *Attorneys for Plaintiff*
        *Consumer Financial Protection Bureau*

        CARA PETERSEN
        *Acting Enforcement Director*

        DEBORAH MORRIS
        *Deputy Enforcement Director*

        ALUSHEYI J. WHEELER
        *Assistant Litigation Deputy*

        /s/ Stephen C. Jacques
        Stephen C. Jacques
        stephen.jacques@cfpb.gov
        Phone: 202-435-7368

        Tiffany Hardy
        tiffany.hardy@cfpb.gov
        202-435-9375

        Gabriel Hopkins
        gabriel.hopkins@cfpb.gov
        202-435-7842

        *Enforcement Attorneys*
        Consumer Financial Protection Bureau
        1700 G Street NW
        Washington, DC 20552
        Facsimile: (202) 435-7722

## CERTIFICATE OF SERVICE

    I hereby certify that on July 14, 2021, I electronically filed Plaintiff Consumer Financial Protection Bureau's Second Notice of Supplemental Authority with the Clerk of Court using CM/ECF, which will send notification of such filing to all parties to this matter registered for CM/ECF.

Dated: July 14, 2021

                                                    /s/ Stephen C. Jacques
                                                   Consumer Financial Protection Bureau
                                                   1700 G St. NW
                                                   Washington, DC 20552
                                                   stephen.jacques@cfpb.gov

                                                   *Attorney for Plaintiff*
                                                   *Consumer Financial Protection Bureau*