

**HEYMAN ENERIO GATTUSO & HIRZEL LLP**
PRACTICING THE ART OF LAW

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472 7300 • Fax: (302) 472.7320 • www.hegh.law

DD:   (302) 472-7314
Email:   mdonimirski@hegh.law

July 15, 2021

**VIA CM-ECF**

The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   <u>*CFPB v. NCMSLT et al.*</u>, No. 17 Civ. 1323 (D. Del.)

Dear Judge Noreika:

We write on behalf of Intervenor Ambac Assurance Corporation to respond briefly to the Notice of Supplemental Authority filed yesterday by Plaintiff Consumer Financial Protection Bureau ("CFPB") regarding the recent rulings in *CFPB v. Access Funding, LLC, et al.*, 16 Civ. 3759 (D. Md.), and *CFPB v. Navient Corp. et al.*, 21-8011 (3d Cir.). Neither ruling supports the CFPB's positions in this case.

***Access Funding***

Two weeks ago, the CFPB told this Court that the Supreme Court's decision in *Collins v. Yellen* meant that the CFPB should be deemed to have "satisfied the statute of limitations at the outset" of this case in 2017, when the Bureau was unconstitutionally structured. D.I. 371 at 2. But the *Access Funding* decision, which post-dates (and cites) *Collins*, reaffirms that actions initiated by the CFPB "at a time when its structure violated the Constitution's separation of powers" must either be timely ratified or dismissed. *See* D.I. 373-1 ("*Access Funding*") at 32; *see id.* at 35 ("[I]n the absence of an equitable remedy, the Ratification was ineffective and the CFPB's claims in this case would be barred by the statute of limitations."). Thus, the analysis in *Access Funding* refutes the CFPB's contention here that Your Honor does not need "to address ratification issues at all." D.I. 368 at 7.

Further, the *Access Funding* court relied extensively on *FEC v. NRA Political Victory Fund*, 513 U.S. 88 (1994), contrary to the CFPB's insistence to Your Honor that *NRA* is "readily distinguishable" from the Bureau's present predicament. *Compare* D.I. 371 at 2, *with Access Funding* at 33–35. And while the *Access Funding* court ultimately concluded on the facts before it that equitable tolling was appropriate, the CFPB's Notice elides that the court did so only after distinguishing Your Honor's decision and concluding that, "***[u]nlike in Student Loan Trust***, there are numerous facts [in *Access Funding*] that reflect the Bureau's diligent pursuit of its claims." *Access Funding* at 38 (emphasis supplied).[1]

---

[1] The CFPB also characterizes *Access Funding* as holding "that the defendants would not be prejudiced by the Bureau's continued pursuit of its claims." D.I. 373 at 2. But it leaves out the crucial fact that the movants there had *failed to argue* prejudice. *See Access Funding* at 40. Here, by contrast, Movants fully briefed why allowing the CFPB to proceed on its time-barred complaint now would be enormously prejudicial. *See* D.I. 367 at 10–11.

The Honorable Maryellen Noreika
July 15, 2021
2 | P a g e

### *Navient*

The *Navient* ruling is not probative at all here—it is simply a one-sentence denial of Navient's petition for permission to lodge an interlocutory appeal of the district court's equitable tolling ruling. *See* D.I. 373-2. The Third Circuit's determination not to hear an interlocutory appeal is not an adjudication on the merits. In any event, the *Navient* district court decided to equitably toll the statute of limitations based on fundamentally different facts that are not present here. *See* D.I. 336 at 2 (explaining the differences); *accord Navient*, 21-8011 (3d Cir.), D.I. 8 at 8 (CFPB characterizing the *Navient* district court's "decision to toll the statute of limitations" as "fact-based and discretionary"); D.I. 10 at 2 (CFPB arguing to the Third Circuit that "the difference between the decision in [*Navient*] and the decision in *Student Loan Trust* concerns a matter of fact rather than an issue that merits interlocutory review"). Particularly after having persuaded the Third Circuit that *Navient* is distinguishable on its facts from this action, the CFPB should be held to that position here.

Respectfully submitted,

*/s/ Melissa N. Donimirski*

Melissa N. Donimirski (#4701)

MND/ram
cc:  All Counsel of Record (via CM-ECF)