## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, ) ) ) | |
| Plaintiff, ) ) ) | C.A. No. 17-cv-1323-SB |
| v. ) ) ) | |
| THE NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST et al., ) ) ) | |
| Defendants. ) ) | |

### TRANSWORLD SYSTEMS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSUMER FINANCIAL PROTECTION BUREAU'S AMENDED COMPLAINT

Intervenor Transworld Systems Inc. ("TSI"), by and through its undersigned counsel, answers Plaintiff Consumer Financial Protection Bureau ("CFPB" or the "Bureau")'s First Amended Complaint For Permanent Injunction and Other Relief, dated April 30, 2021 (the "Amended Complaint") (D.I. 362), as follows:[1]

### GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(3), TSI denies each and every allegation in the Amended Complaint, unless expressly admitted herein. Further, to the extent that the section headers and titles in the Amended Complaint are construed as allegations, TSI denies them.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Amended Complaint.

## INTRODUCTION

1.    TSI admits only that the CFPB's Amended Complaint purports to commence an action against Defendants. TSI denies the allegations contained in paragraph 1 of the Amended Complaint and, further, denies that the cited CFPA sections authorize the CFPB to pursue or recover the relief requested against Defendants.

2.    TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 2 of the Amended Complaint, and on that basis TSI denies the same.

3.    TSI denies the allegations set forth in paragraph 3 of the Amended Complaint.

## JURISDICTION AND VENUE

4.    Paragraph 4 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent that a response is required, TSI denies that the Court has subject-matter jurisdiction over this action because the Defendants are not "covered persons" within the meaning of the CFPA and thus there is no federal question jurisdiction.

5.    Paragraph 5 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent an answer is required, TSI denies that Defendants "do business" in this District. TSI further answers that it does not contest venue in this judicial district solely and for the limited purposes of this action and only for claims that are properly before this Court.

## PLAINTIFF

6.    Paragraph 6 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent an answer is required, TSI admits only that the Bureau is an independent agency of the United States that regulates certain consumer financial

products or services under Federal consumer financial laws.  TSI denies the remaining allegations in paragraph 6 of the Amended Complaint.

7.      TSI admits only that the Defendants are fifteen Delaware statutory trusts referred to as the National Collegiate Student Loan Trusts. Except as expressly admitted, TSI denies the remaining allegations in paragraph 7 of the Complaint.

8.      Paragraph 8 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent that an answer is required, TSI denies that each of the Defendants are "covered person[s]" under the CFPA, 12 U.S.C. § 5481(6) and denies the remaining allegations in paragraph 8.

## PROCEEDINGS TO DATE

9.      Paragraph 9 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent an answer is required, TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 9 of the Amended Complaint, and thus denies the same.

10.     TSI admits only that seven parties moved to intervene in this action and that briefing on the motions to intervene was completed by November 20, 2017. Except as expressly admitted, TSI denies the allegations set forth in paragraph 12 of the Amended Complaint.

11.     Paragraph 11 of the Amended Complaint asserts a legal conclusion or argument to which no response is required.  To the extent an answer is required, TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 11 of the Amended Complaint, and on that basis TSI denies the same.

12.     To the extent the CFPB intends in paragraph 12 to characterize, summarize, or paraphrase the contents of court filings, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

13.     Admitted.

14.     TSI admits only that "[a]s of the date of reassignment, the initial complaint and motion to approve the proposed consent judgment had been pending for just over a year, the motions to intervene had been pending for almost a year."  TSI lacks knowledge and information sufficient to form a belief regarding the remainder of the allegations in paragraph 14 of the Amended Complaint and therefore denies the same.

15.     TSI admits that "[o]n October 19, 2018, the Court granted the motions to intervene" and that "[o]n November 1, 2018, the Court ordered the parties to propose a schedule for briefing the motion to approve the consent judgment and for any related discovery."

16.     TSI admits only that "the Court issued a scheduling order rejecting the Bureau's argument and permitting discovery on the disputed threshold legal issues" and that "the scheduling order called for discovery to close on February 22, 2019." TSI denies the remainder of the allegations in paragraph 16 of the Amended Complaint.

17.     TSI does not contest that "on December 17, 2018, Kathleen Kraninger, who had been confirmed by the Senate, became the Bureau's Director, replacing Acting Director Mick Mulvaney."

18.     TSI admits only that "the Bureau served requests for documents on certain Intervenors and served subpoenas for documents on certain third parties." TSI lacks knowledge and information sufficient to form a belief regarding the truth of the remaining allegations set forth in paragraph 18, and therefore denies them.

19.     TSI admits only that "[o]n May 31, 2020, the Court denied the motion to approve the proposed consent judgment on the ground that the counsel who had executed the settlement on Defendants' behalf did not have authority to do so."

20.     Paragraph 20 of the Amended Complaint states numerous legal conclusions to which no response is required. To the extent a response is required, TSI lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 20 of the Amended Complaint, and on that basis denies them.

21.     Paragraph 21 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI does not contest that "[o]n June 29, 2020, the Supreme Court issued its ruling in *Seila Law, LLC, v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020)."

22.     TSI admits only that "[o]n July 2, 2020, the Bureau filed an application for entry of default against Defendants," but denies the Bureau's underlying allegations and the merits of the application.

23.     TSI admits only that "[o]n July 10, 2020, certain Intervenors moved to dismiss this action under Rules 12(b)(1) and (6)," on the grounds that "the Bureau lacked authority to file its complaint in September 2017." Except as expressly admitted, TSI denies all other allegations in Paragraph 23 of the Complaint.

24.     TSI admits only that "on July 17, 2020, the Bureau filed a declaration executed by Director Kraninger."  Except as expressly admitted, TSI denies all other allegations in paragraph 24 of the Complaint.

25.     TSI admits that "[o]n February 5 and 10, 2021, counsel for Defendants appeared for the first time in the action since July 10, 2018."

26.     Paragraph 26 asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 26.

27.     To the extent the CFPB intends in paragraph 27 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

28.     To the extent the CFPB intends in paragraph 28 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

29.     Paragraph 29 asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 29.  To the extent the CFPB intends in paragraph 29 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

30.     Paragraph 30 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 30.  To the extent the CFPB intends in paragraph 30 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

31.     Paragraph 31 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 31.  To the extent the CFPB intends in paragraph 31 to characterize,

summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

32.     Paragraph 32 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 32.  To the extent the CFPB intends in paragraph 32 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

33.     Paragraph 33 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 33.  To the extent the CFPB intends in paragraph 33 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

34.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 34 of the Amended Complaint, and on that basis TSI denies the same.

35.     Paragraph 35 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 35.  To the extent the CFPB intends in paragraph 35 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

36.     Paragraph 36 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. TSI denies the allegations stated in paragraph 36 of the Amended Complaint.

37.    Paragraph 37 of the Amended Complaint asserts a legal conclusion or argument that "debt collection activities include the filing of debt collection lawsuits," to which no response is required. TSI admits that debt collection lawsuits have been filed against borrowers and that various Defendant Trusts have been the named plaintiffs in those suits. Except as expressly admitted, TSI denies all other allegations in paragraph 37 of the Amended Complaint.

38.    TSI admits that "[i]n 2009, the Trusts entered into the Special Servicing Agreement ("SSA").  To the extent the CFPB quotes from or paraphrases agreements, TSI refers the Court to such documents for the specific language therein.

39.    Paragraph 39 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent the CFPB intends in paragraph 39 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

40.    Paragraph 40 of the Amended Complaint asserts a legal conclusion or argument to which no response is required.  To the extent the CFPB intends in paragraph 40 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

41.    Paragraph 41 of the Amended Complaint asserts a legal conclusion or argument to which no response is required.  To the extent the CFPB intends in paragraph 41 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

42.    TSI admits that "[i]n 2012, upon the resignation of the Special Servicer and pursuant to the terms of the SSA, the Back-Up Special Servicer, Intervenor US Bank, assumed the role of Special Servicer."  To the extent the CFPB intends in paragraph 42 to characterize,

summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

43.     Paragraph 43 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 43.  To the extent the CFPB intends in paragraph 43 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

44.     Paragraph 44 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 44.  To the extent the CFPB intends in paragraph 44 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

45.     Paragraph 45 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. TSI admits only that the Special Servicer and the Subservicer are parties to the DPCSA.  To the extent the CFPB intends in paragraph 45 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

46.     Paragraph 46 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. TSI admits only that the Subservicer is a party to the DPCSA. To the extent the CFPB intends in paragraph 46 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

47.     TSI admits that "[a]s of March 1, 2009, the Subservicer appointed by the DCPSA was NCO Financial Systems, Inc."

48.     TSI admits that "[s]ince November 1, 2014, the Subservicer appointed by the DPCSA, as amended, has been Intervenor Transworld Systems, Inc."

49.     TSI denies each of the allegations set forth in paragraph 49 of the Amended Complaint.  To the extent the CFPB intends in paragraph 49 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

50.     TSI denies each of the allegations set forth in paragraph 50 of the Amended Complaint.  To the extent the CFPB intends in paragraph 50 to characterize, summarize, or paraphrase the contents of documents, TSI refers to the actual documents for the specific language therein, and otherwise denies the Bureau's allegations in this paragraph.

51.     TSI denies each of the allegations set forth in paragraph 51 of the Amended Complaint.

52.     TSI admits only that lawsuits named the Defendant Trust holding the subject student loan as the plaintiff. Except as expressly admitted, TSI denies the remaining allegations in paragraph 52.

53.     TSI denies each of the allegations set forth in paragraph 53 of the Amended Complaint.

54.     TSI denies each of the allegations set forth in paragraph 54 of the Amended Complaint.

55.     TSI admits only that, in certain affidavits, affiants may have attested to having personal knowledge of records.  Except as expressly admitted, TSI denies the remaining allegations in paragraph 55."

56.     Paragraph 56 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies each of the allegations set forth in paragraph 56 of the Amended Complaint.

57.     Paragraph 57 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI admits only that, in at least some affidavits, affiants may have attested to having personal knowledge of records. Except as expressly admitted, TSI denies the remaining allegations in paragraph 57.

58.     TSI denies the allegations set forth in paragraph 58 of the Amended Complaint.

59.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations regarding individual "affiants," as set forth in paragraph 59 of the Amended Complaint, and on that basis TSI denies the same.  To the extent paragraph 59 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

60.     TSI admits only that, in certain affidavits, affiants may have attested to having personal knowledge of records.  Except as expressly admitted, TSI denies the remaining allegations in paragraph 60.

61.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations, and on that basis TSI denies the same. Further, to the extent paragraph 61 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

62.    TSI admits only that, in certain affidavits, affiants may have attested to having reviewed certain business records. Except as expressly admitted, TSI denies the remaining allegations in paragraph 62.

63.    TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations regarding individual "affiants," as set forth in paragraph 63 of the Amended Complaint, and on that basis TSI denies the same.  TSI further denies the remaining allegations.  To the extent paragraph 63 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

64.    TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations regarding individual "affiants," as set forth in paragraph 64 of the Amended Complaint, and TSI furthers lacks knowledge and information sufficient to form a belief regarding allegations that concern conduct that pre-dates November 1, 2014.  On these bases, TSI denies the same.  To the extent paragraph 64 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

65.    TSI admits only that, in certain affidavits, affiants may have attested to having reviewed certain business records.  TSI denies the remaining allegations in paragraph 65 of the Amended Complaint.

66.    TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations regarding individual "affiants," as set forth in paragraph 66 of the Amended Complaint, and on that basis TSI denies the same.  To the extent paragraph 66 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

67.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations regarding individual "affiants," as set forth in paragraph 67 of the Amended Complaint, and TSI further lacks knowledge and information sufficient to form a belief regarding any allegations that concern conduct that predates November 1, 2014On these bases TSI denies the allegations in paragraph 67 of the Amended Complaint. .

68.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 68 of the Amended Complaint, and on that basis TSI denies the same.

69.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 69 of the Amended Complaint, and on that basis TSI denies the same.

70.     TSI admits only that some affiants have provided live testimony in court. TSI lacks knowledge and information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 70 of the Amended Complaint, and on that basis TSI denies the same. TSI incorporates its responses to Paragraphs 55-66.

71.     TSI admits only that there were collections lawsuits between November 1, 2012 and August 3, 2014.  TSI denies that "Defendants' Subservicers acting on behalf of Defendants filed affidavits" in collections lawsuits.  TSI lacks knowledge and information sufficient to form a belief regarding the truth of the remaining allegations set forth in paragraph 71 of the Amended Complaint, and on that basis TSI denies the same.

72.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 72 of the Amended Complaint, including for the

reason that the allegations concern conduct that pre-dates November 1, 2014, and on that basis TSI denies the same.

73.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 73 of the Amended Complaint, including for the reason that the allegations concern conduct that pre-dates November 1, 2014, and on that basis TSI denies the same.  To the extent paragraph 73 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

74.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 74 of the Amended Complaint, including for the reason that the allegations concern conduct that pre-dates November 1, 2014, and on that basis TSI denies the same.  To the extent paragraph 74 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

75.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 75 of the Amended Complaint, including for the reason that the allegations concern conduct that pre-dates November 1, 2014, and on that basis TSI denies the same.  To the extent paragraph 75 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

76.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 76 of the Amended Complaint, including for the reason that the allegations concern conduct that pre-dates November 1, 2014, and on that basis TSI denies the same.  To the extent paragraph 76 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

77. TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 77 of the Amended Complaint, including for the reason that the allegations concern conduct that pre-dates November 1, 2014, and on that basis TSI denies the same. To the extent paragraph 77 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

78. TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 78 of the Amended Complaint, including for the reason that the allegations concern conduct that pre-dates November 1, 2014, and on that basis TSI denies the same. To the extent paragraph 78 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

79. TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 79 of the Amended Complaint, including for the reason that the allegations concern conduct that pre-dates November 1, 2014, and on that basis TSI denies the same. To the extent paragraph 79 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

80. TSI admits only that some number of collections lawsuits were filed. TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 80 of the Amended Complaint to the extent the allegations concern conduct that pre-dates November 1, 2014, and on that basis TSI denies the same. Moreover, except as expressly admitted, TSI denies the remaining allegations in paragraph 80 of the Amended Complaint. To the extent paragraph 80 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

81.     TSI denies each of the allegations set forth in paragraph 81 of the Amended Complaint.

82.     TSI denies each of the allegations set forth in paragraph 82 of the Amended Complaint.  To the extent paragraph 82 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

83.     TSI denies each of the allegations set forth in paragraph 83 of the Amended Complaint.  To the extent paragraph 83 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

84.     TSI denies each of the allegations set forth in paragraph 84 of the Amended Complaint.  To the extent paragraph 84 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

85.     TSI denies each of the allegations set forth in paragraph 85 of the Amended Complaint.  To the extent paragraph 85 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

86.     TSI denies each of the allegations set forth in paragraph 86 of the Amended Complaint.  To the extent paragraph 86 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

87.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 87 of the Amended Complaint, and on that basis TSI denies the same.  To the extent paragraph 87 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

88.     Paragraph 88 of the Amended Complaint states numerous legal conclusions to which no response is required. To the extent the Bureau, in paragraph 88, seeks to quote or

paraphrase statutory provisions, TSI refers the Court to the statute for the specific language therein.

89.     Paragraph 89 of the Amended Complaint states numerous legal conclusions to which no response is required. To the extent the Bureau, in paragraph 89, seeks to quote or paraphrase statutory provisions, TSI refers the Court to the statute for the specific language therein.

90.     Paragraph 89 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent the Bureau, in paragraph 90, seeks to quote or paraphrase statutory provisions, TSI refers the Court to the statute for the specific language therein.

## COUNT I

91.     TSI incorporates its answers to paragraphs 1-90 of the Amended Complaint as if fully set forth herein.

92.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 92 of the Amended Complaint, and on that basis TSI denies the same.

93.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations regarding individual "affiants" or "witnesses," as set forth in paragraph 93 of the Amended Complaint, and on that basis TSI denies the same.  To the extent paragraph 93 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

94.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 94 of the Amended Complaint, and on that basis TSI denies the same.

95.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations regarding individual "affiants" or "witnesses," as set forth in paragraph 95 of the Amended Complaint, and on that basis TSI denies the same.  To the extent paragraph 95 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

96.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 96 of the Amended Complaint, and on that basis TSI denies the same.

97.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations regarding individual "affiants" or "witnesses," as set forth in paragraph 97 of the Amended Complaint, and on that basis TSI denies the same.  To the extent paragraph 95 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

98.     Paragraph 98 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 98 and incorporates by reference its answers to paragraphs 92-97.

99.     Paragraph 99 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 99 and incorporates by reference its answers to paragraphs 92-98.

**COUNT II**

100.     TSI incorporates its answers to paragraphs 1-99 of the Amended Complaint as if fully set forth herein.

101.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 101 of the Amended Complaint, including for the reason that the allegations concern conduct that pre-dates November 1, 2014, and on that basis TSI denies the same.

102.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 102 of the Amended Complaint, including for the reason that the allegations concern conduct that pre-dates November 1, 2014, and on that basis TSI denies the same.

103.     Paragraph 103 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 103 and incorporates by reference its answers to paragraphs 101-102.

104.     Paragraph 104 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 104 and incorporates by reference its answers to paragraphs 101-102.

**COUNT III**

105.     TSI incorporates its answers to paragraphs 1-104 of the Amended Complaint as if fully set forth herein.

106.     TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 106 of the Amended Complaint, and on that basis TSI denies the same.  To the extent paragraph 106 of the Amended Complaint implies the existence of a legal obligation or requirement, no response is required.

107.    TSI denies the allegations set forth in paragraph 107 of the Amended Complaint.

108.    TSI denies the allegations set forth in paragraph 108 of the Amended Complaint.

109.    TSI denies the allegations set forth in paragraph 109 of the Amended Complaint.

110.    Paragraph 110 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 110 and incorporates by reference its answers to paragraphs 106-109.

111.    Paragraph 111 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 111 and incorporates by reference its answers to paragraphs 106-109.

## COUNT IV

112.    TSI incorporates its answers to paragraphs 1-111 of the Amended Complaint as if fully set forth herein.

113.    TSI lacks knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 113 of the Amended Complaint, and on that basis TSI denies the same.

114.    TSI denies the allegations set forth in paragraph 114 of the Amended Complaint.

115.    Paragraph 115 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 115 and incorporates by reference its answers to paragraphs 113-114.

116.    Paragraph 116 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 116 and incorporates by reference its answers to paragraphs 113-114.

## COUNT V

117.    TSI incorporates its answers to paragraphs 1-116 of the Amended Complaint as if fully set forth herein.

118.    Paragraph 118 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent the Bureau, in paragraph 118, seeks to quote or paraphrase statutory provisions, TSI refers the Court to the statute for the specific language therein.

119.    TSI denies the allegations set forth in paragraph 119 of the Amended Complaint.

120.    Paragraph 120 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 120.

121.    Paragraph 121 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 121.

122.    Paragraph 122 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 122 and incorporates by reference its answers to paragraphs 119–121.

123.    Paragraph 123 of the Amended Complaint asserts a legal conclusion or argument to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 123.

124.    Paragraph 124 of the Amended Complaint states numerous legal conclusions to which no response is required. To the extent a response is required, TSI denies the allegations set forth in paragraph 124.  To the extent the Bureau, in paragraph 124, seeks to quote or paraphrase statutory provisions, TSI refers the Court to the statute for the specific language therein.

## DEMAND FOR RELIEF

125.    TSI denies each of the factual allegations in the Bureau's prayer for relief. TSI

further denies that the Bureau is entitled to seek or recover the relief it seeks in paragraphs A.

TSI respectfully requests that the Court deny each of the Bureau's requests for relief.

### TSI'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over this action because the Defendants are

not "covered persons" within the meaning of the CFPA and thus there is no federal question

jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted

### THIRD AFFIRMATIVE DEFENSE

The Bureau's claims are barred, in whole or in part, by the applicable statute of

limitations.

### FOURTH AFFIRMATIVE DEFENSE

The Bureau's claims are barred, in whole or in part, by laches, waiver, acquiescence,

and/or other equitable defenses.

### FIFTH AFFIRMATIVE DEFENSE

The Bureau's claims and requests for relief are barred by the doctrine of equitable

estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The Bureau's claims and requests for relief are barred by the doctrine of collateral

estoppel or issue preclusion.

## SEVENTH AFFIRMATIVE DEFENSE

The Bureau is not entitled to any award of attorneys' fees or other fees and costs.

## RESERVATION OF RIGHTS

TSI reserves the right to incorporate by reference certain affirmative defenses raised by Defendants or certain other Intervenors, as well as assert additional Affirmative Defenses following discovery and as appropriate. TSI further reserves the right to amend its Answer or Affirmative Defenses accordingly, or to delete Affirmative Defenses based on findings and determinations made during discovery.

DATED: January 26, 2022

*/s/ Daniel A. O'Brien*
Daniel A. O'Brien (No. 4897)
VENABLE  LLP
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
(302) 298-3535
daobrien@venable.com

Allyson B. Baker
Meredith L. Boylan
Sameer P. Sheikh
PAUL HASTINGS LLP
2050 M St., NW
Washington, DC 20036
(202) 551-1700
AllysonBaker@paulhastings.com
MeredithBoylan@paulhastings.com
SameerSheikh@paulhastings.com

*Attorneys for Transworld Systems Inc.*

## **CERTIFICATE OF SERVICE**

I, Daniel A. O'Brien, hereby certify that on this 26th day of January, 2022, a copy of the foregoing document was electronically filed with the court and served via CM/ECF, on parties with counsel of record identified on the Court's docket.


*/s/ Daniel A. O'Brien*
Daniel A. O'Brien (No. 4897)