IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CONSUMER FINANCIAL PROTECTION
BUREAU,

*Plaintiff*,

v.                                                                        No. 17-cv-1323-SB

THE NATIONAL COLLEGIATE MASTER
STUDENT LOAN TRUST et al.,

      *Defendant*s.

## [PROPOSED] JOINT SCHEDULING ORDER

This ____ day of February 2022, the Court having waived an initial Rule 16 scheduling conference pursuant to Local Rule 16.1(a), IT IS ORDERED that:

1. <u>Rule 26(a)(l) Initial Disclosures.</u>  Unless otherwise agreed to by the parties,[1] the parties shall make their initial disclosures within ten[2] days of the date of this Order. Fed. R. Civ. P. 26(a)(1).

2. <u>E-Discovery Default Standard.</u>  If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies

---

[1] Certain parties have moved for a stay of this matter pending disposition of their motion to certify the matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and, if granted, resolution of the appeal.  D.I. 383.  By joining this proposed scheduling order as directed by the Court, no party is waiving its position that a stay of this matter is warranted.

[2] The parties jointly propose that the Court's template order be modified to permit ten days from the issuance of this order to make initial disclosures.

& Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

3. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before <u>February 9, 2022</u>.

4. <u>Discovery.</u> Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a. *Discovery Cut Off.* All fact discovery in this case shall be initiated so that it will be completed on or before <u>September 30, 2022</u>.

b. *Document Production.* Document production by each party shall begin 45 days after service of requests for production upon that party, shall continue on a rolling basis thereafter,[3] and be substantially complete by <u>August 1, 2022</u>.

c. *Requests for Admission.* A maximum of 45 requests for admission are permitted to be served by each side.[4]

d. *Interrogatories.*

i. A maximum of 35 interrogatories, including contention interrogatories, are permitted to be served by each side. Fed. R. Civ. P. 33(a)(1).

---

[3] The parties jointly propose that the Court's template order be modified to permit document production to be made 45 days from service of a document request.

[4] As used herein, the parties agree that "each side" refers to Plaintiff, on one hand, and Defendants and Intervenors collectively, on the other. Other than as expressly set forth herein, the use of "side" in this order shall not affect the rights of the parties, nor Plaintiffs' burden to prove its allegations against each separately named Defendant.

    ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

  e. *Depositions.* Each side may conduct up to 12 depositions of fact witnesses.[5] Fed. R. Civ. P. 30(a)(2)(A)(i).

    i. <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 105 hours of taking testimony by deposition upon oral examination of fact witnesses.[6] Fed. R. Civ. P. 30(d)(1).

    ii. <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. Notwithstanding the foregoing, all depositions whether of fact or expert witnesses may be conducted remotely via video conference for the safety of all parties, witnesses and attorneys in light of the current COVID-19 pandemic.[7]

---

[5] The parties jointly propose that the Court's template order be modified to restrict the limit on the number of depositions to depositions of fact witnesses.

[6] The parties jointly propose that the Court's template order be modified to restrict the limit on the total hours of depositions to depositions of fact witnesses.

[7] The parties jointly propose that the Court's template order be modified to permit depositions to be conducted by video conference.

    f.  *Disclosure of Expert Testimony.*

        i.  <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before <u>September 1, 2022</u>.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>October 6, 2022</u>.  Reply expert reports from the party with the initial burden of proof are due on or before <u>November 3, 2022</u>.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Expert depositions shall be completed by December 8, 2022.[8]

        ii.  <u>Objections to Expert Testimony.</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    g.  *Discovery Matters and Disputes Relating to Protective Orders.*

        i.  Should counsel find, after good faith efforts—including oral communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective

---

[8] The parties jointly propose that the Court's template order be modified to include a deadline for completion of expert depositions.

order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Bibas:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference. The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on [INSERT DATES].
>
> The disputes requiring judicial attention are listed below:
>
> [A NON-ARGUMENTATIVE LIST OF DISPUTES REQUIRING JUDICIAL ATTENTION]

    ii. On that date, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. Within three business[9] days, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

    iii. In its discretion, the Court will schedule a teleconference to hear arguments on the dispute.

    5.    <u>Motions to Amend.</u>

  a. Any motion to amend (including a motion for leave to amend) a pleading shall *not* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three pages, describing the basis for the requested relief, and

---

[9] The parties jointly propose that the Court's template order be modified to calculate timing using business days.

shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b. Within seven days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five pages.

c. Within three business[10] days thereafter, the moving party may file a reply letter, not to exceed two pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

6. <u>Motions to Strike.</u>

a. Any motion to strike any pleading or other document shall *not* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b. Within seven days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five pages.

c. Within three business[11] days thereafter, the moving party may file a reply letter, not to exceed two pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

---

[10] The parties jointly propose that the Court's template order be modified to calculate timing using business days.

[11] The parties jointly propose that the Court's template order be modified to calculate timing using business days.

7. <u>Application to Court for Protective Order.</u> The parties agree to continue to operate in accordance with the protective order and its sealing procedures entered at D.I. 131.[12]

8. <u>Papers Filed Under Seal.</u> A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document. Administrative Procedures Governing Filing and Service by Electronic Means § G.

9. <u>Courtesy Copies.</u> The parties need not provide to the Court any courtesy copies of briefs, any other document filed in support of any briefs (such as appendices, exhibits, declarations, and affidavits), or papers filed under seal.

10. <u>ADR Process.</u> After the filing of case dispositive motions, this matter *may* be referred to a magistrate judge to explore the possibility of alternative dispute resolution.

11. <u>Interim Status Report.</u> On <u>July 14, 2022</u>, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Then, if the Court deems it necessary, it will schedule a status conference.

12. <u>Case Dispositive Motions.</u> All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before February 3, 2023 [a date approximately four months prior to the pretrial conference]. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive

---

[12] The parties jointly propose that the Court's template order be modified to permit the continued usage of the previously entered protective order.

motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

13. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. <u>Duplicates.</u> The parties should not submit duplicates of the same document. If a party attaches a document as an exhibit to a motion, the opposing party should cite to that exhibit, rather than attaching a new exhibit of the same document to his own motion.

15. <u>Pretrial Conference.</u> On _____, 2023, the Court will hold a pretrial Conference in Court with counsel beginning at <u>9:00 a.m</u>. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____, 2023. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

16. <u>Motions in Limine.</u> Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial

order. Each party shall be limited to three (3) in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the in limine request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. The parties should also email Word versions of each document to Chambers.

18. <u>Trial.</u> This matter is scheduled for a <u>7</u> day trial beginning at 9:30 a.m. on _____, <u>2023</u>, with the subsequent trial days beginning at 9:00 a.m. If a jury trial is held, then until the case is submitted to the jury for deliberations, the

jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES CIRCUIT JUDGE

Dated: February 2, 2022

Respectfully submitted,

                                            Eric Halperin
*Enforcement Director*

Deborah Morris
*Deputy Enforcement Director*

*/s/ Gabriel Hopkins*
Gabriel Hopkins
gabriel.hopkins@cfpb.gov
Phone: 202-435-7842
Stephen Jacques
stephen.jacques@cfpb.gov
202-435-7368
Tiffany Hardy
tiffany.hardy@cfpb.gov
202-435-9375

*Enforcement Attorneys*
CONSUMER FINANCIAL PROTECTION BUREAU
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

|  | */s/ Michael A. Weidinger* |
|---|---|
|  | Michael A. Weidinger (No. 3330) |
|  | Megan Ix Brison (No. 6721) |
|  | PINCKNEY, WEIDINGER, URBAN & |
|  | JOYCE |
|  | 2 Mill Road, Suite 204 |
|  | Wilmington, DE 19806 |
|  | (302) 504-1497 |
|  | mweidinger@pwujlaw.com |
|  | mixbrison@pwujlaw.com |
|  | |
|  | *Attorneys for Defendants* |
| | |
| | */s/ Melissa N. Donimirski* |
| OF COUNSEL: | Melissa N. Donimirski (No. 4701) |
| Joshua Kipnees | Kurt M. Heyman (No. 3054) |
| George A. LoBiondo | HEYMAN ENERIO GATTUSO & HIRZEL |
| PATTERSON BELKNAP WEBB & TYLER LLP | LLP |
| 1133 Avenue of the Americas | 300 Delaware Avenue, Suite 200 |
| New York, NY 10036 | Wilmington, DE 19801 |
| | (302) 472-7300 |
| | kheyman@hegh.law |
| | mdonimirski@hegh.law |
| | |
| | *Attorneys for Ambac Assurance Corporation* |
| | |
| | */s/ Catherine A. Gaul* |
| OF COUNSEL: | Catherine A. Gaul (No. 4310) |
| Michael A. Hanin | ASHBY & GEDDES |
| Uri Itkin | 500 Delaware Avenue, 8th Floor |
| KASOWITZ BENSON TORRES LLP | P.O. Box 1150 |
| 1633 Broadway | Wilmington, DE 19899 |
| New York, NY 10019 | (302) 654-1888 |
| | cgaul@ashby-geddes.com |
| | |
| | *Attorneys for Noteholders* |
| | |
| | */s/ Rebecca L. Butcher* |
| OF COUNSEL: | Rebecca L. Butcher (No. 3816) |
| John P. Doherty | |

11

William Hao
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016

LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(302) 467-4400
butcher@lrclaw.com

*Attorneys for GSS Data Services, LLC*

*/s/ Stacey A. Scrivani*
Stacey A. Scrivani (No. 6129)
STEVENS & LEE, P.C.
919 Market Street, Suite 1300
Wilmington, DE 19801
(302) 425-3306
sasc@stevenslee.com

Nicholas H. Pennington
STEVENS & LEE, P.C.
620 Freedom Business Center, Ste 200
King of Prussia, PA 19406
(610) 205-6352
nhp@stevenslee.com

Elizabeth A. Ware
STEVENS & LEE, P.C.
111 N. Sixth Street
Reading, PA 19603
(610) 478-2210
eaw@stevenslee.com

*Attorneys for Pennsylvania Higher Education Assistance Agency d/b/a American Education Services.*

OF COUNSEL:

/s/ *DRAFT*
Allyson B. Baker
Meredith L. Boylan
Sameer P. Sheikh
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
(202) 551-1700
allysonbaker@paulhastings.com

*/s/ Daniel A. O'Brien*
Daniel A. O'Brien (No. 4897)
VENABLE LLP
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
(302) 298-3535
DAobrien@venable.com

*Attorneys for Transworld Systems, Inc.*

12

meredithboylan@paulhastings.com
sameersheikh@paulhastings.com

*/s/ Elizabeth A. Powers*
Elizabeth A. Powers (No. 5522)
Stephen B. Brauerman (No. 4952)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, DE 19899
(302) 655-5000
sbrauerman@bayardlaw.com
epowers@bayardlaw.com

*Attorneys for Wilmington Trust Company*

OF COUNSEL:

Stephen H. Meyer
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, DC 20006
(202) 956-7605
meyerst@sullcrom.com

Matthew A. Martel
Joseph B. Sconyers
Keith M. Kollmeyer
JONES DAY
100 High Street
Boston, MA 02110-1781
(617) 960-3939
mmartel@jonesday.com
jsconyers@jonesday.com
kkollmeyer@jonesday.com

*/s/ Jeff Castellano*
Jeff Castellano (No. 4837)
John W. Shaw (No. 3362)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
jcastellano@shawkeller.com

*Attorneys for U.S. Bank National Association*