IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *Plaintiff*, v. NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST et al. *Defendants.* | No. 1:17-cv-1323-SB |

Colin T. Reardon, Gabriel S.H. Hopkins, Jane M.E. Peterson, Stephen C. Jacques, Tiffany Hardy, CONSUMER FINANCIAL PROTECTION BUREAU, Washington, D.C.

*Counsel for Plaintiff.*

Megan Ix Brison, Michael A. Weidinger, PINCKNEY, WEIDINGER, URBAN & JOYCE LLC, Wilmington, DE.

*Counsel for Defendants.*

**MEMORANDUM OPINION**

February 11, 2022

BIBAS, *Circuit Judge*, sitting by designation.

Ordinarily, parties cannot appeal until a district court enters a final judgment. But if their case raises important and dispositive legal issues, they may seek permission to appeal early. This enforcement action falls into that rare category.

The parties' dispute raises two novel questions: What is the scope of the Consumer Financial Protection Bureau's enforcement authority? And is ratification required if a federal agency files suit while it is unconstitutionally structured? I answered both questions in denying a motion to dismiss, finding that the Bureau had authority to bring this suit and that it did not need to ratify. But the stakes are high—if I am wrong about either issue, this litigation must end now. So I certify both questions for interlocutory appeal.

## I. BACKGROUND

In 2017, the Bureau sued the National Collegiate Loan Trusts for engaging in forbidden debt-collection and litigation practices. D.I. 362 ¶¶ 1–2. Late last year, I denied the Trusts' motion to dismiss that enforcement action. Mem. Op., D.I. 380.

Back then, the Trusts argued that the Bureau lacked authority to sue them under the Consumer Financial Protection Act. And even if it had that authority, the Trusts claimed, the suit was untimely: the Bureau had filed its complaint while it was unconstitutionally structured, so it needed to ratify the suit after it was restructured and before the statute-of-limitations clock ran out. Yet it failed to do so. *See* D.I. 367.

I rejected those arguments. But now the Trusts ask me to certify both issues to the Third Circuit for an interlocutory appeal. Certification is appropriate only if "exceptional circumstances justify a departure from the basic policy of postponing

2

appellate review until after entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). Thus, I may not grant the Trusts' request unless they meet three requirements:

- they seek to appeal from an order that "involves a controlling question of law"
- about which there is "substantial ground for difference of opinion," and
- their appeal would "advance the ultimate termination of the litigation."

28 U.S.C. § 1292(b). "The burden is on the [Trusts] to demonstrate that all three requirements are met." *Litgo N.J., Inc. v. Martin*, 2011 WL 1134676, at *2 (D.N.J. Mar. 25, 2011).

That is a high bar. But the Trusts meet it, so I certify two questions to the Third Circuit for an interlocutory appeal.

## II. I CERTIFY THE STATUTORY QUESTION

The first question that the Trusts ask me to certify is whether they are "covered persons" subject to the Bureau's enforcement authority. D.I. 384, at 16. In other words, were they "engage[d] in offering or providing … consumer financial product[s] or service[s]," including "servicing loans" and "collecting debt"? 12 U.S.C. § 5481(6), (15)(A)(i), (x).

In denying the Trusts' motion to dismiss, I found that they were. Mem. Op., D.I. 380, at 7–10. The Trusts own a large tranche of student debt. And to collect that debt, they "engaged in" loan servicing and debt collection through third-party servicers. True, third parties, not the Trusts, collected the debt and serviced the loans. But the

loan servicing and debt collection were crucial to the Trusts' business and could not have happened without their say-so. *Id.* at 8–9. And the statutory language is "broad enough to encompass actions taken on a person's behalf by another, at least where that action is central to his enterprise." *Id.* at 8.

But there is room for reasonable disagreement. Plus, a contrary reading of the statute would change the outcome of this lawsuit. So I find that the § 1292(b) factors favor certifying the issue for an interlocutory appeal.

*1. Controlling question of law.* "[C]ontrolling question[s] of law" are important to the case and include those issues that "if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). Here, the statutory-interpretation question is key: It determines whether this lawsuit may proceed against the Trusts. If the Trusts did not "engage in" collecting debt or servicing loans, the Bureau cannot sue them.

*2. Substantial ground for difference of opinion.* There is "substantial ground" for a difference of opinion if there is "genuine doubt … as to the correct legal standard." *N.J. Dep't of Treasury v. Fuld*, 2009 WL 2905432, at *2 (D.N.J. Sept. 8, 2009). That doubt may be caused by "the absence of controlling law on a particular issue," including where there are "statutory interpretation" questions that are "novel and complex." *Id.* (quotation marks omitted).

Here, the statutory-interpretation question is "novel" and there is no controlling precedent. I was the first judge to decide whether the Bureau may bring enforcement actions against creditors like the Trusts who contract out debt collection and loan

4

servicing. And earlier in this litigation, before the case was assigned to me, Judge Noreika expressed "some doubt" that the Trusts are covered persons "under the plain language of the statute." D.I. 359, at 6.

*3. Advancing termination of the litigation.* An appeal "materially advance[s]" the litigation if it would "eliminate the need for a trial." *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994). That is so here. If the Third Circuit reverses on appeal and the Supreme Court does not intervene, this suit would stop there.

### III. I ALSO CERTIFY THE CONSTITUTIONAL QUESTION

The Trusts ask me to certify a second question: whether the Bureau needed to ratify this suit before the statute of limitations ran out, having first filed it while the agency director was improperly insulated from presidential removal.

In denying the Trust's motion to dismiss, I held that there was no need for the Bureau to ratify its suit. D.I. 380, at 5. Though the suit was filed while the agency's director was unconstitutionally insulated, that did not mean the filing was invalid.

My holding relied on the Supreme Court's recent decision in *Collins v. Yellen*, 141 S. Ct. 1761 (2021). There, the Court held that an unconstitutional *removal* restriction does not invalidate agency action so long as the agency head was properly *appointed*. *Id.* at 1787. And if agency action is valid, it need not need be ratified. *Id.* at 1788. Thus, because the Bureau's director was properly appointed, its filing of this suit was enough to stop the limitations clock. *See* Mem. Op., D.I. 380, at 5 (applying *Collins* to this case in more detail).

Still, *Collins* is a very recent Supreme Court decision and lower courts have not yet hashed out its scope. If my reading is mistaken, I must dismiss this suit as untimely. Thus, the § 1292(b) factors support certifying the question for interlocutory appeal.

*1. Controlling question of law.* Reading *Collins* correctly is important to this case. *Katz*, 496 F.2d at 755. If I am wrong and the Bureau's initial filing of this suit was invalid, then it did not sue the Trusts before the statute of limitations ran out. *See* Mem. Op., D.I. 359, at 10–14 (holding that any ratification came too late to save this suit). That would make the Bureau's suit untimely, ending this case.

*2. Substantial ground for difference of opinion.* Plus, one can reasonably disagree about the scope of *Collins*. That case clarified the law. Before it was decided, courts saw actions brought by improperly insulated agency heads as "ultra vires" and so void. 141 S. Ct. at 1795 (Gorsuch, J., concurring in part). To give those actions legal force, agencies had to ratify them. *See, e.g., CFPB v. Navient Corp.*, 522 F. Supp. 3d 107, 111 (M.D. Pa. 2021) (requiring ratification for a suit to proceed because the Bureau had filed it while the agency was unconstitutionally structured). But *Collins* rejected that prevailing view. The Court explained that actions taken by an improperly insulated director are not "void" and do not need to be "ratified" unless a plaintiff can show that the removal provision harmed him. 141 S. Ct. at 1787–88.

The Trusts read *Collins* more narrowly. They say it is distinguishable because there the agency action was *initiated* "by an acting director" who was removable at will by the President; only later was it *implemented* by his improperly insulated

6

successors. D.I. 384, at 12. By contrast, this case was "marred by a constitutional defect from its inception." *Id.* Because *Collins* is distinguishable, they claim that the Supreme Court's decision in *Seila Law* should apply instead. *Id.* at 10 (citing *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2220 (2020)). And that case, they contend, demands ratification.

Yet the Trust's argument fails to persuade. True, in *Collins* the agency action was initiated by a constitutionally structured agency. 141 S. Ct. at 1787. But there, the harm caused by the agency action "continued … [under] a succession of [improperly insulated] Directors." So the Court considered whether their subsequent acts, implementing the initial action, should be set aside. And because all the directors "were properly appointed" it concluded there was "no reason to regard any [of their] actions … as void." So too here: all of the Bureau's directors were correctly appointed.

In any case, *Collins* was clear that *Seila Law* does *not* always demand ratification where an agency director is insulated from presidential removal. *Id.* (clarifying that the Court said "no such thing" in that case).

Still, one can reasonably disagree about the scope of *Collins*. Justice Gorsuch's concurrence said as much, noting that the Court's opinion raised an "important question" about how lower courts should resolve "the next" agency-insulation suit. *Id.* at 1799 (flagging that the Court's ruling may be a "product of its unique context").

Plus, the need for ratification after *Collins* is an issue in ongoing appeals across the country. *See* Appellant's Supp. Letter Br., *CFPB v. All Am. Check Cashing, Inc.*, No. 18-60302, (5th Cir. Dec. 17, 2021) (en banc) ("*Collins* … held that a party

7

demonstrates remediable injury whenever 'the President might have replaced the Director absent the removal restriction.'"); Appellant's Reply Br., *Integrity Advance, LLC v. CFPB*, No. 21-9521 (10th Cir. Sept. 3, 2021) (relying on Justice Gorsuch's *Collins* concurrence to limit the decision's scope). That litigation suggests that there is room for reasonable disagreement and thus supports an interlocutory appeal here.

*3. Advancing termination of the litigation.* Finally, certifying an appeal would materially advance this case by potentially "eliminat[ing] the need for a trial." *Orson, Inc.*, 867 F. Supp. at 322. If the Third Circuit disagrees with my reading of *Collins*, I must dismiss this suit as untimely, ending this case.

## IV. I STAY THIS CASE PENDING APPEAL

Having certified an appeal to the Third Circuit, I may stay this case pending that appeal. 28 U.S.C. § 1292(b). That discretion is part of my "inherent" authority to manage my docket to preserve "time and effort for [myself], for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254−55 (1936).

Here, I exercise that discretion and stay this case. A stay ensures that the parties will not waste their resources on discovery. Plus, it guards against government overreach: If the Trusts are right that the Bureau lacks authority to bring this enforcement action, it may not bring the judicial process to bear on them. That protection would be undercut if the Bureau could subject the Trusts to months of discovery while their appeal is pending.

\* \* \* \* \*

This case raises two novel, important, and dispositive issues. So I certify both for interlocutory appeal to the Third Circuit. And to avoid needless expense in the meantime, I stay this case.