IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CONSUMER FINANCIAL PROTECTION
BUREAU,

*Plaintiff*,

v.                                                                  No. 17-cv-1323-SB

THE NATIONAL COLLEGIATE MASTER
STUDENT LOAN TRUST et al.,

      *Defendant*s.

## [PROPOSED] JOINT[1] SCHEDULING ORDER

This \_\_\_\_ day of June 2024, the Court having waived an initial Rule 16 scheduling conference pursuant to Local Rule 16.1(a), IT IS ORDERED that:

1. <u>Rule 26(a)(l) Initial Disclosures.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures on or before August 15, 2024.[2] Fed. R. Civ. P. 26(a)(1).

2. <u>E-Discovery Default Standard.</u> If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies

---

[1] We understand that Intervenor Pennsylvania Higher Education Assistance Agency d/b/a American Education Services takes no position regarding this Proposed Joint Scheduling Order or the parties' request that the Court refer this matter to a magistrate judge for alternative dispute resolution, as it asserts that it has not had sufficient time to consider either.

[2] The parties have jointly requested that the Court assign this matter to a magistrate judge for alternative dispute resolution. So that the parties will have sufficient time to attempt to settle this matter with the help of a magistrate judge, the parties jointly request that the earliest deadlines in this scheduling order be set approximately two months from the date of this order.

& Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

3. <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before August 15, 2024. Intervenors' responses to the pending motion to strike, Dkt. 410, shall be filed on or before August 15, 2024.

4. <u>Discovery.</u>  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a. *Discovery Cut Off.*  All fact discovery in this case shall be initiated so that it will be completed on or before <u>April 15, 2025</u>.

b. *Document Production.*  Document production by each party shall begin 45 days after service of requests for production upon that party, shall continue on a rolling basis thereafter,[3] and be substantially complete by <u>February 14, 2025</u>.

c. *Requests for Admission.*  A maximum of <u>45</u> requests for admission are permitted to be served by each side.[4]

d. *Interrogatories.*

i. A maximum of <u>35</u> interrogatories, including contention interrogatories, are permitted to be served by each side. Fed. R. Civ. P. 33(a)(1).

---

[3] The parties jointly propose that the Court's template order be modified to permit document production to be made 45 days from service of a document request.

[4] As used herein, the parties agree that "each side" refers to Plaintiff, on one hand, and Defendants and Intervenors collectively, on the other.  Other than as expressly set forth herein, the use of "side" in this order shall not affect the rights of the parties, nor Plaintiffs' burden to prove its allegations against each separately named Defendant.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

e. *Depositions.* Each side may conduct up to 12 depositions of fact witnesses.[5] Fed. R. Civ. P. 30(a)(2)(A)(i).

i. <u>Limitation on Hours for Deposition Discovery.</u>  Each side is limited to a total of 105 hours of taking testimony by deposition upon oral examination of fact witnesses.[6] Fed. R. Civ. P. 30(d)(1).

ii. <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  Notwithstanding the foregoing, all depositions whether of fact or expert witnesses may be conducted remotely via video conference by mutual agreement of the relevant parties.[7]

---

[5] The parties jointly propose that the Court's template order be modified to restrict the limit on the number of depositions to depositions of fact witnesses.

[6] The parties jointly propose that the Court's template order be modified to restrict the limit on the total hours of depositions to depositions of fact witnesses.

[7] The parties jointly propose that the Court's template order be modified to permit depositions to be conducted by video conference.

f. *Disclosure of Expert Testimony.*

i. <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before <u>March 14, 2025</u>. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>April 15, 2025</u>. Reply expert reports from the party with the initial burden of proof are due on or before <u>May 15, 2025</u>. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert depositions shall be completed by June 13, 2025.[8]

ii. <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

g. *Discovery Matters and Disputes Relating to Protective Orders.*

i. Should counsel find, after good faith efforts—including oral communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective

---

[8] The parties jointly propose that the Court's template order be modified to include a deadline for completion of expert depositions.

4

order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Bibas:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference. The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on [INSERT DATES].
>
> The disputes requiring judicial attention are listed below:
>
> [A NON-ARGUMENTATIVE LIST OF DISPUTES REQUIRING JUDICIAL ATTENTION]

    ii. On that date, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. Within three business[9] days, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

    iii. In its discretion, the Court will schedule a teleconference to hear arguments on the dispute.

    5.    <u>Motions to Amend.</u>

  a. Any motion to amend (including a motion for leave to amend) a pleading shall *not* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three pages, describing the basis for the requested relief, and

---

[9] The parties jointly propose that the Court's template order be modified to calculate timing using business days.

shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b. Within seven days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five pages.

    c. Within three business[10] days thereafter, the moving party may file a reply letter, not to exceed two pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

    6.    <u>Motions to Strike.</u>

    a. Any motion to strike any pleading or other document shall *not* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three pages, describing the basis for the requested relief, and shall attach the document to be stricken.

    b. Within seven days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five pages.

    c. Within three business[11] days thereafter, the moving party may file a reply letter, not to exceed two pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

---

[10] The parties jointly propose that the Court's template order be modified to calculate timing using business days.

[11] The parties jointly propose that the Court's template order be modified to calculate timing using business days.

7. <u>Application to Court for Protective Order.</u>  The parties agree to continue to operate in accordance with the protective order and its sealing procedures entered at D.I. 131.[12]

8. <u>Papers Filed Under Seal.</u>  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document. Administrative Procedures Governing Filing and Service by Electronic Means § G.

9. <u>Courtesy Copies.</u> The parties need not provide to the Court any courtesy copies of briefs, any other document filed in support of any briefs (such as appendices, exhibits, declarations, and affidavits), or papers filed under seal.

10. <u>ADR Process.</u> Before or after the filing of case dispositive motions, this matter *may* be referred to a magistrate judge to explore the possibility of alternative dispute resolution.

11. <u>Interim Status Report.</u>  On <u>January 15, 2025</u>, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  Then, if the Court deems it necessary, it will schedule a status conference.

12. <u>Case Dispositive Motions.</u>  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before <u>August 15, 2025</u> [a date approximately four months prior to the pretrial conference]. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive

---

[12] The parties jointly propose that the Court's template order be modified to permit the continued usage of the previously entered protective order.

7

motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

    13.    <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    14.    <u>Duplicates.</u> The parties should not submit duplicates of the same document. If a party attaches a document as an exhibit to a motion, the opposing party should cite to that exhibit, rather than attaching a new exhibit of the same document to his own motion.

    15.    <u>Pretrial Conference.</u> On _____, 2025, the Court will hold a pretrial Conference in Court with counsel beginning at <u>9:00 a.m</u>. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____, 2025. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

    16.    <u>Motions in Limine.</u> Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial

order.  Each party shall be limited to three (3) in limine requests, unless otherwise permitted by the Court.  The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the in limine request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

      17.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u>  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference.  The parties should also email Word versions of each document to Chambers.

      18.    <u>Trial.</u>  This matter is scheduled for a <u>7</u> day trial beginning at 9:30 a.m. on _____, <u>2025</u>, with the subsequent trial days beginning at 9:00 a.m.  If a jury trial is held, then until the case is submitted to the jury for deliberations, the

jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____<br>UNITED STATES CIRCUIT JUDGE

Dated: June 17, 2024

Respectfully submitted,

Eric Halperin
*Enforcement Director*

Deborah Morris
*Deputy Enforcement Director*

| | |
|---|---|
| /s/ Stephen Jacques | /s/ Michael A. Weidinger |
| Stephen Jacques | Michael A. Weidinger (No. 3330) |
| stephen.jacques@cfpb.gov | Megan Ix Brison |
| 202-435-7368 | Pinckney, Weidinger, |
| Gabriel Hopkins | Urban & Joyce, LLC |
| gabriel.hopkins@cfpb.gov | 2 Mill Road, Suite 204 |
| 202-435-7842 | Wilmington, DE 19806 |
| Tiffany Hardy | T: (302) 504-1528 |
| tiffany.hardy@cfpb.gov | F: (302) 442-7046 |
| 202-435-9375 | mweidinger@pwujlaw.com |
| | mixbrison@pwujlaw.com |
| *Enforcement Attorneys* | |
| Consumer Financial Protection Bureau | *Attorneys for Defendants* |
| 1700 G Street NW | |
| Washington, DC 20552 | |
| Facsimile: 202-435-7722 | |

*Attorneys for Plaintiff Consumer Financial Protection Bureau*

| | |
|---|---|
| OF COUNSEL:<br>Joshua Kipnees<br>George A. LoBiondo<br>Patterson Belknap Webb & Tyler<br>1133 Avenue of the Americas<br>New York, NY 10036 | /s/ Kurt M. Heyman<br>Kurt M. Heyman (No. 3054)<br>Heyman Enerio Gattuso & Hirzel LLP<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>kheyman@hegh.law<br><br>*Attorneys for Ambac Assurance Corporation* |
| OF COUNSEL:<br>Michael A. Hanin<br>Kasowitz Benson Torres Llp<br>1633 Broadway<br>New York, NY 10019 | /s/ Catherine A. Gaul<br>Catherine A. Gaul (No. 4310)<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>cgaul@ashby-geddes.com<br><br>*Attorneys for Noteholders* |
| OF COUNSEL:<br>John P. Doherty<br>William Hao<br>Alston & Bird Llp<br>90 Park Avenue<br>New York, NY 10016 | /s/ Rebecca L. Butcher<br>Rebecca L. Butcher (No. 3816)<br>Landis Rath & Cobb LLP<br>919 Market Street, Suite 1800<br>Wilmington, DE 19801<br>(302) 467-4400<br>butcher@lrclaw.com<br><br>*Attorneys for GSS Data Services, LLC*<br><br>/s/ Stephen B. Brauerman<br>Stephen B. Brauerman (No. 4952)<br>Elizabeth A. Powers (No. 5522)<br>Bayard, P.A.<br>600 N. King Street, Suite 400<br>Wilmington, DE 19899<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>epowers@bayardlaw.com<br><br>*Attorneys for Wilmington Trust Company* |

| | |
|---|---|
| OF COUNSEL:<br>Stephen H. Meyer<br>Sullivan & Cromwell Llp<br>1700 New York Avenue, N.W.<br>Suite 700<br>Washington, DC 20006<br>(202) 956-7605<br>meyerst@sullcrom.com<br><br>Matthew A. Martel<br>Joseph B. Sconyers<br>Jones Day<br>100 High Street<br>Boston, MA 02110-1781<br>(617) 960-3939<br>mmartel@jonesday.com<br>jsconyers@jonesday.com | /s/ Nathan R. Hoeschen (No. 3362)<br>John W. Shaw (No. 3362)<br>Nathan R. Hoeschen (No. 6232)<br>Shaw Keller LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>nhoeschen@shawkeller.com<br><br>*Attorneys for U.S. Bank National Association* |
| OF COUNSEL:<br>Allyson B. Baker (pro hac vice)<br>Meredith L. Boylan (pro hac vice)<br>Paul Hastings<br>2050 M Street NW<br>Washington, DC 20036<br>(202) 551-1700<br>allysonbaker@paulhastings.com<br>meredithboylan@paulhastings.com | /s/ Daniel A. O'Brien<br>Venable LLP<br>Daniel A. O'Brien (No. 4897)<br>1201 N. Market Street, Suite 1400<br>Wilmington, DE 19801<br>(302) 298-3535<br>DAObrien@venable.com<br><br>*Attorneys for Transworld Systems, Inc.* |