# EXHIBIT 1



usbank.com

**Notice to holders of notes (the "Noteholders") issued under the indentures (the "Indentures") identified in Schedule 1 hereto**

**Please immediately forward this notice to beneficial owners.**

Dated: January 16, 2025

This informational notice (the "Notice") is given by U.S. Bank National Association ("U.S. Bank"), not in its individual capacity, but solely in its capacity as indenture trustee under each respective Indenture (solely in such capacities, the "Indenture Trustee"). The issuers (the "Issuers") under the Indentures are Delaware statutory trusts (the "Trusts") with certain contractual obligations undertaken as Issuers pursuant to the Indentures. Wilmington Trust Company serves as the owner trustee for the Trusts (solely in such capacities, the "Owner Trustee") under agreements governing the Trusts (the "Trust Agreements")[1] by and between the equity owners of the Trusts (the "Owners")[2] and the Owner Trustee. GSS Data Services, Inc., as successor to First Marblehead Data Services, Inc., serves as the administrator for the Trusts (solely in such capacities, the "Administrator") under certain administration agreements with respect to the Trusts (the "Administration Agreements")[3] by and between, among others, the Owner Trustee, the Indenture Trustee, and the Administrator. U.S. Bank also serves as successor special servicer pursuant to certain special servicing agreements and in accordance with the Indentures, which role it began performing following the resignation of the prior special servicer, First Marblehead Education Resources, Inc.[4]

The purpose of this Notice is to inform you that, following a mediation conducted by Magistrate Judge Laura D. Hatcher on November 19, 2024, the Trusts and the Consumer Financial Protection Bureau (the "CFPB") have reached an agreement to settle (the "Settlement") the case captioned *Consumer Financial Protection Bureau v. NCMSLT I, et al.*, 1:17-CV-1323-SB (D. Del. Sept. 18, 2017) (the "Action"). The terms of the Settlement are memorialized in a proposed stipulated final judgment and order filed with the Court in the Action (the "Proposed Judgment"), a copy of which is attached hereto as Exhibit A, along with certain related filings with the Court. As we previously informed you, the Action arose from efforts by the CFPB and the VCG Owners to impose on the Trusts and other deal parties the terms of a proposed consent judgment (the "PCJ") in connection with the servicing of student loans held in the Trust Estates. The Court entered an order rejecting the PCJ on May 31, 2020, and the CFPB filed an amended complaint on April 30, 2021. For further information concerning the Action, we refer you to prior notices from the Indenture Trustee and the public court docket with respect to the Action.

On January 15, the CFPB and the Trusts filed a joint motion requesting that the Court enter an order approving the Proposed Judgment (the "Motion to Approve"). The Indenture Trustee requested additional time of 30 days to afford Noteholders an opportunity to appear and express their opinions on the Proposed Judgment, and the CFPB does not object to this request. Interested Noteholders should continue to monitor the docket with respect to the Action and confer with their counsel to assess any opportunities to appear and/or participate. The Indenture Trustee can give no assurance at this time as to whether the Court will allow Noteholders the opportunity to provide their views on the Settlement and/or participate in any proceeding before the Court with respect to the Settlement or the Proposed Judgment.

The parties subject to the Proposed Judgment are the CFPB and the Trusts (collectively, the "Settlement Parties"). The Indenture Trustee understands that each of the Settlement Parties believes the claims and/or defenses they have in connection with

---

[1] The Trust Agreements are identified in Schedule 2 hereto.

[2] The Owners include, as applicable, NC Residuals Owners Trust, NC Owners LLC, Pathmark Associates LLC, and SL Resid Holdings LLC. The Indenture Trustee understands that NC Residuals Owners Trust, NC Owners LLC, and Pathmark Associates LLC are affiliated with VCG Owners Trust, VCG Special Opportunities Master Fund, Ltd., VCG Securities, LLC, CeCe & Co. Ltd., LLC, and/or Donald Uderitz (collectively, the "VCG Owners").

[3] The Administration Agreements are identified in Schedule 3 hereto.

[4] Capitalized terms not defined herein shall have the meanings given to such terms in the Indenture Trustee's prior notices or in the Proposed Judgment (as such term is defined herein).



the Action have merit, but that counsel for the Trusts believes (and the Indenture Trustee concurs) that the Settlement as memorialized in the Proposed Judgment is a reasonable resolution of the Action with the most advantageous terms reasonably available in such a resolution.  The Settlement provides substantial and immediate benefits compared to litigation, including (a) mitigating litigation expenses; (b) eliminating the potential for an adverse litigated judgment that exceeds the Settlement, and (c) reducing the Trusts' potential exposure (as to both redress and penalties).  The Indenture Trustee understands that other deal parties involved in resolving the Action also concur with these conclusions.

As described in more detail in the Proposed Judgment, the Settlement provides for the resolution of the claims asserted in the Action, including all claims for potential liability the CFPB has or might have asserted against the Trusts with respect to the practices alleged in the Amended Complaint, to the extent the CFPB knew of such practices, and to the extent such practices occurred before the Effective Date.  Pursuant to the Proposed Judgment, if it is approved by the Court, the Trusts will pay to the CFPB $2,250,000 for monetary relief, damages, and redress to Affected Consumers, allocated among the Monthly Pay Trusts and the Quarterly Pay Trusts as set forth in Exhibit B, based on each Trust's anticipated proportionate share of the redress expected to be paid to Affected Consumers.  The actual allocation among the Trusts will be determined as the remediation process is completed but is not expected to deviate in a material way from Exhibit B.  The CFPB will administer and remit this redress to Affected Consumers.  In addition, the Trusts are prohibited from certain further collection activity with respect to certain defaulted private student loans that lack documentation necessary to prove Trust ownership of the loans or involving debt that is time-barred.  Furthermore, the Trusts are required to cooperate with the CFPB and comply with certain reporting requirements as set forth in the Proposed Judgment.  The Trusts may incur additional costs as a result of complying with the Proposed Judgment.

The full terms of the settlement are set forth in the Proposed Judgment, which Noteholders should review carefully.

THE PROPOSED JUDGMENT, IF ENTERED, COULD MATERIALLY AFFECT THE INTERESTS OF NOTEHOLDERS.  NOTEHOLDERS SHOULD READ THIS NOTICE AND ANY ADDITIONAL INFORMATION THAT BECOMES AVAILABLE WITH RESPECT TO THE SETTLEMENT IN CONSULTATION WITH THEIR LEGAL AND FINANCIAL ADVISORS.

Any questions or comments concerning this Notice should be directed in writing to the Indenture Trustee at the following email address: StudentLoanTrusts@usbank.com.  Holders with other questions may contact Bondholder Services at (800) 934-6802, option #7.

*        *        *

Noteholders and other interested persons should not rely on the Indenture Trustee, its counsel or any other advisors that may be retained by the Indenture Trustee, as their sole source of information.  Although this Notice contains a summary of certain information, including information concerning the Settlement, this Notice is not a complete summary or statement of such information, of relevant law or of relevant legal procedures, and the Indenture Trustee makes no representation and accepts no responsibility or liability as to the completeness or accuracy of the information provided herein.  Noteholders should carefully consider the implications of the Proposed Settlement and the other matters described in this Notice and their rights under the Indentures, and consult with their own legal, tax, and financial advisors.

Please note that this Notice is not intended and should not be construed as investment, accounting, financial, legal, tax or other advice by or on behalf of the Indenture Trustee, or its directors, officers, affiliates, agents, attorneys or employees.  Each person or entity receiving this Notice should seek the advice of its own advisors in respect of the matters set forth herein.

Please be further advised that the Indenture Trustee reserves all of the rights, powers, claims, and remedies available to it under the Indentures and applicable law.  No delay or forbearance by the Indenture Trustee to exercise any right or remedy accruing upon the occurrence of a default, or otherwise under the terms of the Indentures, other documentation relating thereto or under applicable law, shall impair any such right or remedy or constitute a waiver thereof or acquiescence therein.

The Indenture Trustee expressly reserves all rights in respect of the Indentures including, without limitation, its right to recover in full its fees and costs (including, without limitation, fees and costs incurred or to be incurred by it in performing its duties, indemnities owing or to become owing to it, compensation for its time spent and reimbursement for fees and costs of counsel and



other agents it employs in performing its duties or to pursue remedies) and its right, prior to exercising any rights or powers in connection with the Indentures at the request or direction of any Noteholder, to receive security or indemnity satisfactory to it against all costs, expenses, and liabilities which might be incurred in compliance therewith, and all rights that may be available to it under applicable law or otherwise.

Prior to any distribution to Noteholders, to the extent permitted under the Indentures, funds held by the Indenture Trustee may be used first for payment of the fees and costs incurred or to be incurred by the Indenture Trustee in performing its duties, as well as for any indemnities owing or to become owing to the Indenture Trustee. This includes, but is not limited to, compensation for Indenture Trustee time spent and the fees and costs of counsel and other agents it employs, to pursue remedies or other actions, including the resolution of the issues described in this Notice.

Recipients of this Notice are cautioned that this Notice is not evidence that the Indenture Trustee will recognize the recipient as a Noteholder. The Indenture Trustee may also conclude that a specific response to particular inquiries from individual Noteholders is not consistent with equal and full dissemination of information to all Noteholders.

**CUSIPS[5]**

| | | | | | | |
|---|---|---|---|---|---|---|
| 63543NAN1 | NCS53A516 | 63543PAS5 | 63543PBX3 | 63543MAG8 | 63543XAF6 | 63544DAH5 |
| 63543NAP6 | NCS53A517 | 63543PAT3 | 63543TAE8 | 63543VAE3 | 63543PAR7 | 63544DAJ1 |
| 63543NAQ4 | NCS53A518 | 63543PBA3 | 63543TAF5 | 63543VAG8 | 63543XAG4 | 63544DAK8 |
| 63543NAR2 | NCS53A519 | 63543PBB1 | 63543TAJ7 | 63543VAH6 | 63543XAH2 | 63544DAL6 |
| 63543PAJ5 | NCS53A520 | 63543PBK1 | 63543TAK4 | 63543VAJ2 | 63543LAD7 | 63544CAB0 |
| 63543PAK2 | NCS53A521 | 63543ZZZ1 | 63543PCD6 | 63543WAD3 | 63543LAF2 | 63544EAG5 |
| NCS53A512 | NCS53A522 | 63543PBL9 | 63543PCF1 | 63543WAF8 | 63543LAG0 | 63544EAH3 |
| NCS53A513 | NCS53A523 | 63543PBU9 | 63543PCG9 | 63543WAG6 | 63543LAH8 | 63544EAJ9 |
| NCS53A514 | NCS53A524 | 63543PBY1 | 63543MAD5 | 63543WAH4 | 63544BAB2 | 63544EAK6 |
| NCS53A515 | 63543PAP1 | 63543PBW5 | 63543MAF0 | 63543XAD1 | 63544DAG7 | 63544EAL4 |

U.S. BANK NATIONAL ASSOCIATION,
not in its individual capacity, but solely as Indenture Trustee

---

[5] Any CUSIP numbers appearing in this Notice have been included solely for convenience. The Indenture Trustee assumes no responsibility for the selection or use of such numbers and makes no representations as to the correctness of the CUSIP numbers appearing herein.



**SCHEDULE 1**

**LIST OF INDENTURES**

- Amended and Restated General Indenture, dated November 1, 2002 by and between the National Collegiate Master Student Loan Trust I and U.S. Bank National Association, successor to State Street Bank and Trust Company, as Trustee

- Indenture, dated December 1, 2003 by and between the National Collegiate Student Loan Trust 2003-1 and U.S. Bank National Association, as Indenture Trustee

- Indenture, dated June 1, 2004 by and between the National Collegiate Student Loan Trust 2004-1 and U.S. Bank National Association, as Indenture Trustee

- Indenture, dated October 1, 2004 by and between the National Collegiate Student Loan Trust 2004-2 and U.S. Bank National Association, as Indenture Trustee

- Indenture, dated February 1, 2005 by and between the National Collegiate Student Loan Trust 2005-1 and U.S. Bank National Association, as Indenture Trustee

- Indenture, dated June 1, 2005 by and between the National Collegiate Student Loan Trust 2005-2 and U.S. Bank National Association, as Indenture Trustee

- Indenture, dated October 1, 2005 by and between the National Collegiate Student Loan Trust 2005-3 and U.S. Bank National Association, as Indenture Trustee

- Indenture, dated March 1, 2006 by and between the National Collegiate Student Loan Trust 2006-1 and U.S. Bank National Association, as Indenture Trustee

- Indenture, dated June 1, 2006 by and between the National Collegiate Student Loan Trust 2006-2 and U.S. Bank National Association, as Indenture Trustee

- Indenture, dated September 1, 2006 by and between the National Collegiate Student Loan Trust 2006-3 and U.S. Bank National Association, as Indenture Trustee

- Indenture, dated December 1, 2006 by and between the National Collegiate Student Loan Trust 2006-4 and U.S. Bank National Association, as Indenture Trustee

- Indenture, dated March 1, 2007 by and between the National Collegiate Student Loan Trust 2007-1 and U.S. Bank National Association, as Indenture Trustee

- Indenture, dated June 1, 2007 by and between the National Collegiate Student Loan Trust 2007-2 and U.S. Bank National Association, as Indenture Trustee

- Indenture, dated September 1, 2007 by and between the National Collegiate Student Loan Trust 2007-3 and U.S. Bank National Association, as Indenture Trustee

- Indenture, dated September 1, 2007 by and between the National Collegiate Student Loan Trust 2007-4 and U.S. Bank National Association, as Indenture Trustee



**SCHEDULE 2**

**LIST OF TRUST AGREEMENTS**

- Trust Agreement concerning the National Collegiate Master Student Loan Trust I, dated as of November 1, 2001

- Trust Agreement concerning the National Collegiate Student Loan Trust 2003-1, dated as of December 11, 2003

- Trust Agreement concerning the National Collegiate Student Loan Trust 2004-1, dated as of June 10, 2004

- Trust Agreement concerning the National Collegiate Student Loan Trust 2004-2, dated as of October 28, 2004

- Trust Agreement concerning the National Collegiate Student Loan Trust 2005-1, dated as of February 23, 2005

- Trust Agreement concerning the National Collegiate Student Loan Trust 2005-2, dated as of June 9, 2005

- Trust Agreement concerning the National Collegiate Student Loan Trust 2005-3, dated as of October 12, 2005

- Trust Agreement concerning the National Collegiate Student Loan Trust 2006-1, dated as of March 9, 2006

- Trust Agreement concerning the National Collegiate Student Loan Trust 2006-2, dated as of June 8, 2006

- Trust Agreement concerning the National Collegiate Student Loan Trust 2006-3, dated as of September 28, 2006

- Trust Agreement concerning the National Collegiate Student Loan Trust 2006-4, dated as of December 7, 2006

- Trust Agreement concerning the National Collegiate Student Loan Trust 2007-1, dated as of March 8, 2007

- Trust Agreement concerning the National Collegiate Student Loan Trust 2007-2, dated as of June 14, 2007

- Trust Agreement concerning the National Collegiate Student Loan Trust 2007-3, dated as of September 20, 2007

- Trust Agreement concerning the National Collegiate Student Loan Trust 2007-4, dated as of September 20, 2007



**SCHEDULE 3**

**LIST OF ADMINISTRATION AGREEMENTS**

- Administration Agreement concerning the National Collegiate Master Student Loan Trust I, dated as of November 1, 2001

- Administration Agreement concerning the National Collegiate Student Loan Trust 2003-1, dated as of December 11, 2003

- Administration Agreement concerning the National Collegiate Student Loan Trust 2004-1, dated as of June 10, 2004

- Administration Agreement concerning the National Collegiate Student Loan Trust 2004-2, dated as of October 28, 2004

- Administration Agreement concerning the National Collegiate Student Loan Trust 2005-1, dated as of February 23, 2005

- Administration Agreement concerning the National Collegiate Student Loan Trust 2005-2, dated as of June 9, 2005

- Administration Agreement concerning the National Collegiate Student Loan Trust 2005-3, dated as of October 12, 2005

- Administration Agreement concerning the National Collegiate Student Loan Trust 2006-1, dated as of March 9, 2006

- Administration Agreement concerning the National Collegiate Student Loan Trust 2006-2, dated as of June 8, 2006

- Administration Agreement concerning the National Collegiate Student Loan Trust 2006-3, dated as of September 28, 2006

- Administration Agreement concerning the National Collegiate Student Loan Trust 2006-4, dated as of December 7, 2006

- Administration Agreement concerning the National Collegiate Student Loan Trust 2007-1, dated as of March 8, 2007

- Administration Agreement concerning the National Collegiate Student Loan Trust 2007-2, dated as of June 14, 2007

- Administration Agreement concerning the National Collegiate Student Loan Trust 2007-3, dated as of September 20, 2007

- Administration Agreement concerning the National Collegiate Student Loan Trust 2007-4, dated as of September 20, 2007



**Exhibit A**

**[Omitted from Court filing but as-filed copies will be included in notice distributed by the Indenture Trustee]**

**[A-1 Amended Complaint]**

**[A-2 Motion to Approve and Proposed Judgment]**

**[A-3 Trusts' Response to Motion to Approve]**

**[A-4 Trusts' Proposed Scheduling Order]**



**Exhibit B**

**[Omitted from Court filing but will be included in notice distributed by the Indenture Trustee]**